E-filing

FILED

08 JUL 11 AM 10: 52

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: QUOC XUONG LUU, | **CV 08 Case Number: 3350 JSW (PR)** |
| Quoc Xuong Luu,<br>        Petitioner/Appellant, | Alien No.: **A-07-838-616** |
| vs. | FBI Warrant No.:<br>**581212FB6** |
| IMMIGRATION AND NATURALIZATION<br>SERVICES (INS), et al.,<br>        Respondent(s)/Appellee(s), | 42 U.S.C. § 1983 Case<br>No.: **C-07-2704-JSW (PR)** |
| UNITED STATES OF AMERICA,<br>DEPARTMENT OF HOMELAND SECURITY,<br>STATE OF CALIFORNIA,<br>        Real Party in Interest. | Related Case No.:<br>**C-02-01980-JF (PR)** |

## PETITION FOR WRIT OF HABEAS CORPUS

## PURSUANT TO 28 U.S.C. § 2241

NAME : QUOC XUONG LUU (In Pro. Per.)
CDC #: (P-22522)
Bld.#: (02-125U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

TABLE  OF  CONTENTS

**Page[s]**

INTRODUCTION    ........................................   1

PROCEDURAL BACKGROUND   ..............................   3

STATEMENT OF FACTS   .................................   11

JURISDICTION    ......................................   15

ARGUMENT[S]    .......................................   16

     WHETHER THE SIXTH AMENDMENT   .........   16
     LIBERTY GUARANTEE ITS
     INTERPRETATION OF PROTECTION
     TO FOREIGN ENTITY THE BEAUTY
     TO UTILIZE RESPONDENT'S
     CONSTITUTIONAL PRINCIPLES.

PRAYING FOR RELIEF    ................................   24

CONCLUSION    .......................................   26

/////
////
///
//
/

(i.)

## TABLE OF AUTHORITIES

| **Case[s]:** | **Page[s]** |
|---|---|
| Bauman v. united States Dist. Court, 557 F.2d 650 (9th Cir. 1977) | 5 |
| Garcia v. Taylor (9th Cir. 1994) 40 F.3d 299 | 7 |
| London v. Coopers & Lybrand (9th Cir. 1981) 644 F.2d 811, 814 | 8 |
| Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), **cert. denied,** 506 U.S. 915 (1992) | 8 |
| Hill v. McDonough, 126 S.Ct. 2096, 2101 (2006) | 9-10 |
| Barapind v. Reno (E.D.Cal. 1999) 72 F.Supp.2d 1131 | 15 |
| INS v. St. Cyr., (2001) 121 S.Ct. 2271, 2282-2283 | 15 |
| Giarrantano v. Murray, 668 F.Supp. at p. 514 | 21-22 |
| State v. Almeida, 54 Haw. 443, 509 P.2d 549, 551 | 21 |
| Sawyer v. Whitley, 505 U.S. 333 [120 L.Ed.2d 269, 112 S.Ct. 2541 (1992)] | 23 |
| In re Windship, 397 U.S. 358 [90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)] | 23 |
| O'Brien v. National Gypsum, Co., (2nd Cir. 1991) 944 F.2d 69, 72 | 23 |

**United States & Federal Statutory Citation[s]:**

| | |
|---|---|
| Title 28, of the United States Code ["U.S.C."], § 2241 | 1,10,14 15,18 |
| Sixth Constitution Amendment, of the United States Code Annotated ["U.S.C.A."] | 2,7,10 14-16 18-26 |
| Title 8, of the United States Code ["U.S.C."], § 1101 | 2,13,15 |
| Title 8, of the United States Code ["U.S.C."], § 1157 | 2 |
| Title 42, of the United States Code ["U.S.C."], § 1983 | 2,7,9 10,12-14 18,22 |
| Title 28, of the United States Code ["U.S.C."], § 1651 | 2,7,10 |

TABLE  OF  AUTHORITIES,  (continues)

## United States & Federal Statutory Citation[s]:               Page[s]

Title 28, of the United States Code ["U.S.C."], § 1291     2,7,10
Title 28, of the United States Code ["U.S.C."], § 1292     2,7,10
Title 28, of the United States Code ["U.S.C."], § 1361     7

Federal Rule of Civil Procedure ["Fed.R.Civ.Proc."],      8
Rule 41(b)
Federal Rule of Civil Procedure ["Fed.R.Civ.Proc."],      9
Rule 56

Title 28, of the United States Code ["U.S.C."], § 2254     9
Title 8, of the United States Code ["U.S.C."], § 1227      13
Title 8, of the United States Code ["U.S.C."], § 1228      13,19
Title 28, of the United States Code ["U.S.C."], § 1331     15
Title 8, of the United States Code ["U.S.C."], § 1101(a)   17
(42)

Fourteenth Constitution Amendment, of the United States   19
Code Annotated ["U.S.C.A."]


## State Statutory Citation[s]:

California Penal Code ["Cal.Pen.Code"], § 1389            3-5,12
                                                         17

West's Annotated California Penal Code                    3
["West's Ann.Cal.Pen.Code"], § 1389, art. I
West's Annotated California Penal Code                    4
["West's Ann.Cal.Pen.Code"], § 1389, art. III(a)
West's Annotated California Penal Code                    5
["West's Ann.Cal.Pen.Code"], § 1389, art. IV(c)

California Penal Code ["Cal.Pen.Code"], § 211            11,16
California Penal Code ["Cal.Pen.Code"], § 212            11,16
California Penal Code ["Cal.Pen.Code"], § 213            11,16
California Penal Code ["Cal.Pen.Code"], § 245            11,16
California Penal Code ["Cal.Pen.Code"], § 12022(a)      11,16
California Penal Code ["Cal.Pen.Code"], § 667           11
California Penal Code ["Cal.Pen.Code"], § 1192          11
California Penal Code ["Cal.Pen.Code"], § 2900          11
California Penal Code ["Cal.Pen.Code"], § 2933          11

TABLE  OF  AUTHORITIES,  (continues)

| Other[s]: | Page[s] |
|-----------|---------|
| Civil Right Act of 1871, Rev. Stat. § 1979 | 9 |
| Refugee Act of 1980, 94 Stat. 102 | 17 |
| Immigration and Nationality Act ("INA") | 17,20 |
| Illegal Immigration Reform and Immigration Responsibility Act ("IIRIA") | 17,20 |
| Title 8, of the United States Code ["U.S.C."] of Annotated or Supplemental | 17-18,20 21 |
| Black's Law Dictionary 6th Edition | 21 |
| Federal Habeas Corpus Act of 1867 | 22 |

/////
////
///
//
/

(iv.)

NAME : QUOC XUONG LUU
CDC #: (P-22522)
Bld.#: (02-125U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

In Propria Persona

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: QUOC XUONG LUU, ) | |
| _____ ) | Case Number: |
| Quoc Xuong Luu, ) | |
|     Petitioner/Appellant, ) | |
| ) | Alien No.: A-07-838-996 |
| ) | |
| ) | FBI Warrant No.: |
| vs. ) | 581212FB6 |
| ) | |
| ) | 42 U.S.C. § 1983 Case No.: |
| ) | C-07-2704-JSW (PR) |
| IMMIGRATION AND **NATURALIZATION** ) | |
| SERVICES (INS), et al., ) | Related Case No.: |
|     Respondent/Appellee, ) | C-02-01980-JF (PR) |
| ) | |
| UNITED STATES OF AMERICA, ) | **PETITION FOR WRIT OF** |
| DEPARTMENT OF HOMELAND SECURITY, ) | **HABEAS CORPUS PURSUANT** |
| STATE OF CALIFORNIA, ) | **TO 28 U.S.C. § 2241** |
|     Real Party in Interest. ) | |

INTRODUCTION

    Petitioner/Appellant, QUOC XUONG LUU, is currently

institutionalized or incarcerated at the California State Prison

(CSP) - Solano, P.O. Box 4000, Vacaville, California 95696-

(1.)

1   4000, had numerous times sought judicial court(s) to relief

2   his claim or merit under Sixth Amendment Constitutional right

3   that been deprived or violated by Respondent's authorities.

4   Petitioner had sought numerous remedies to entertain his Sixth

5   Amendment claim or merit through aforementioned case nos.:

6   C-02-01980-JF (PR) and C-07-2704-JSW (PR), however, judicial

7   regime refused, ignored, and even reject the validity

8   constitutionality did exist to foreign entity whom resident

9   within the United States [America] Country.

10

11   Petitioner will demonstrate or showing that

12   Respondent does not have govern. statutory laws to barricade

13   him from challenged the validity of Sixth Amendment's

14   claim and language context. (Citing, U.S.C.A Const. Amend.

15   6, et seq.)  Whether the Sixth Amendment spirit of language

16   could leverage Petitioner to face Respondent's hold, indictment,

17   warrant, or detainer allegation[s] alleged him violated the

18   United States of America's sovereign statutory laws under the

19   Title 8, of the United States Code ("U.S.C."), Sections 1101

20   and 1157, et seq, for deportation proceeding. (See, EXHIBIT A.,

21   e.g.)

22

23   Petitioner remedies his claim of Sixth Amendment

24   through 42 U.S.C. § 1983 complaint and other procedures under

25   28 U.S.C. § 1651, 1291-1292, et seq, statutory provisions.

26   Without success through judiciary for relief, that left mockery

27   faith whether the Sixth Amendment does bias foreign entity

28   the title to exercise Respondent's sovereign laws.

(2.)

1          PROCEDURAL BACKGROUND

2

3          On April 17, 2002, Petitioner lodged an alleged

4    **Cal.Pen.Code § 1389**, et seq, "motion" [1] challenged the

5    Immigration & Naturalization Services ("INS"), to determined

6    whether the "hold, detaining, warrant, or indictment" was

7    validity filed against him. (See, EXHIBIT A.)  The United States

8    District Court for the Northern District of California logged

9    or docketed the motion for aforementioned case no.: **C-02-01980-**

10   **JF (PR)**, which the district court entered an order a transferred

11   the docket (cf., EXHIBIT B., e.g.) to the Eastern District

12   Court on July 31, 2002.

13

14         On March 19, 2003, Petitioner sought the Eastern

15   District Court for "requesting for final judgment" the petition

16   or motion. (See, EXHIBIT C.)  On April 15, 2003, the United

17   States Magistrate Judge, Gregory H. Hollows entered an "order"

18   that: "It is unclear whether petitioner intended to file this

19   document in this action, in which case it will be disregarded,

20   _____

21   [1]  Citing, Cal.Pen.Code § 1389, clearly held that:

22                    "It is purpose of this agreement
                      to encourage the [expedition] and
23                    [orderly] disposition of such
                      charge[] determined of the proper
24                    statutes of any all detainers
                      base on untried indictment, hold,
25                    or warrants. (West's Ann.Cal.Pen.Code
                      § 1389, art. I.; emphasis added.)
26
                         ....whenever during the
27                    continuance of the term of
                      imprisonment there is pending in
28                    any other party [state] any

1  The Supreme Court refused to entertained petitioner's petition

2  to enforce the Court of Appeal's jurisdiction pursuant to

3  28 U.S.C. §§ 1291-1292 and 1651, et seq, statutory inquires.

4  (Quote, **Garcia v. Taylor** (9th Cir. 1994) 40 F.3d 299,

5  ("Prisoner aliens have standing to seek mandamus to force INS

6  to start deportation proceeding"); also see, 28 U.S.C. § 1361,

7  et seq, ("Action to compel an officer of the United States to

8  perform his duty"); emphasis added in part.)  Therefore, the

9  United States Supreme Court denied petitioner's petition "without

10  prejudice" to the claim[].

11

12              On May 16, 2007, Petitioner then filed an pro

13  se 42 U.S.C. § 1983 civil complaint alleged that his Sixth

14  Amendment right were violated, and the Northern District Court

15  of California docket the case for aforementioned case no.:

16  C-07-2704-JSW (PR). (See, APPENDIX A., e.g.)  Petitioner also

17  submitted "in forma pauperis" application pursuant to 28 U.S.C.

18  § 1915, et seq, statutory provision.

19

20              On October 15, 2007, the honorable Jeffrey S.

21  White of the United States District Judge imposed an "order

22  of dismissal with leave to amended and instruction to the clerk"

23  and "order granting leave to proceed in forma pauperis."

24  (Referred to the court's record of docket no. 4's order for

25  aforementioned case no.: C-07-2704-JSW (PR); also compare,

26  APPENDIX B.)  The court has ordered that: "(1) Plaintiff's

27  complaint is dismissed with leave to amend, (2) Plaintiff is

28  advised that an amended complaint supersedes the original

1  complaint. (**London v. Coopers & Lybrand**, 644 F.2d 811, 814

2  (9th Cir. 1981).)  Defendants not named in an amended complaint

3  are no longer defendants, (See, **Ferdik v. Bonzalet**, 963 F.2d

4  1258, 1262 (9th Cir.), **cert. denied**, 506 U.S. 915 (1992)), and

5  (3) It is Plaintiff's responsibility to prosecute this

6  **case...**  Failure to do so may result in the dismissal of this

7  action under Federal Rule of Civil Procedure 41(b)." (Cf.,

8  APPENDIX B., e.g.)

9

10  On November 12, 2007, Petitioner submitted an

11  "Court Ordered Amended Complaint" from the Court's order docket

12  no. 4 (cf., APPENDIX B.), which the amended convert his original

13  complaint. (Also see, APPENDIX C., et seq.)

14

15  On February 06, 2008, Petitioner had submitted

16  an "motion for consolidate the cases under similarly status

17  & litigation of prosecution" with aforementioned case no.:

18  **SFRO708001141** of his mother indictment by the Immigration Court

19  of tribunal in San Francisco district.  However, the Court of

20  aforementioned case no.: C-07-2704-JSW (PR) did not render any

21  decision[] of Petitioner's motion[]. (See, EVIDENCE 3., e.g.)

22

23  Petitioner did not received any responses from

24  the Court on previous motions.  Petitioner then submitted an

25  informal letter requested the Court for summary status of the

26  case, which were on March 11, 2008. (EVIDENCE 4., e.g.)

27  The Court still not relief any responses of petitioner's requested.

28

(8.)

1  (See, EVIDENCE 4., e.g.)

2

3         On April 10, 2008, Petitioner filed an "motion

4  for summary judgment of amended complaint."  Petitioner remove

5  the Northern District Court for summary judgment base upon

6  "**genuine** issues and material facts within the 42 U.S.C. § 1983

7  civil complaint. (Citing, Fed.R.Civ.Pro. Rule 56, et seq;

8  also see, APPENDIX D., e.g.)

9

10        On May 19, 2008, Defendant(s) of aforementioned

11 case no.: C-07-2704-JSW (PR) filed "notice of appearance"

12 to the Court.  Defendant(s) "notice" the Court whom represent

13 the Defendants in aforementioned case no.: C-07-2704-JSW (PR)'s

14 complaint. (APPENDIX E., cf.)

15

16        On June 09, 2008, the Court render an "order

17 of dismissal; denying pending motions and judgment." (Referred

18 to the court's record docket nos. 8 and 10's order.)  The

19 Court have ruled that: "....Plaintiff has filed an amended

20 complaint in which he challenges the constitutionality of

21 an order by the ICE to detain Plaintiff following his release

22 from state prison, pending deportation proceedings.  'Federal

23 law opens two main avenues to relief on complaints related

24 to imprisonment: a petition for habeas corpus, 28 U.S.C. §

25 2254, and a complaint under the Civil Right Act of 1871, Rev.

26 Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to

27 the lawfulness of confinement or to particulars affecting

28 its duration are the province of habeas corpus.' **Hill v.**

(9.)

1    **McDonough**, 126 S.Ct. 2096, 2101 (2006).  As Plaintiff challenges

2    the fact and duration of his custody pursuant to a detainer

3    by the I.C.E., it must be brought in a habeas action pursuant

4    to 28 U.S.C. § 2241, not in a civil right complaint under

5    42 U.S.C. § 1983." (Compare, APPENDIX E., e.g.; opinion in

6    part.)  Therefore, the Court dismissed the aforementioned

7    case no.: C-07-2704-JSW (PR) "without prejudice to refiling

8    as a habeas petition."

9

10            That bring Petitioner to this current petition

11   for writ of habeas corpus pursuant to 28 U.S.C. § 2241

12   complaint.  Petitioner has tried numerous avenue from 28 U.S.C.

13   §§ 1651, 1291-1292, and 42 U.S.C. § 1983 [remedies]

14   proceedings to challenges the validity of the Sixth Amendment's

15   principles or interpretations.  However, judiciary regime

16   mockery petitioner with "stone-wall" every [remedies]

17   proceedings of Respondent's alleged allegation.  When

18   Respondent imposed the "hold, warrant, indictment, or detainers"

19   upon petitioner have trigger validity of the Sixth Amendment

20   interpretation to "confront his accuser."  Therefore, this

21   petition are the last avenue to scrutinize the validity of

22   [this] Respondent's Sixth Amendment principles or

23   interpretation apply to non-citizen[ship].

24

25

26   /////
     ////
27   ///
     //
28   /

(10.)

1      STATEMENT  OF  FACTS

2

3              Petitioner was born in Siagon City of the South

4  Vietnam Country during the occupation of 1979 by the Vietcong

5  communist party --- and after the "Fall of Siagon" in 1975.

6  Petitioner and his family (mother and an older brother) members

7  flee Vietnam in 1985, and arrived to the United States [America]

8  Country under refugee status on November of 1986.

9

10             On December 11, 1998, Petitioner were indicted,

11  information[s], and convicted by the Superior Court of the

12  Santa Clara County and for the State of California by entered

13  a plead of "nolo contest" to **Cal.Pen.Code** §§§ 211, 212, 213,

14  245, and 12022(a) statutory [provisions] violations.  The

15  Superior Court of the **Santa** Clara County then imposed twelve

16  (12) years sentence to the California Department of Corrections

17  (CDC) institution ---- and with an calculation release date of

18  March 27, 2008.[2/] However, duration of petitioner confinement

19  that he been received [administrative] disciplinary infraction,

20  that his release date extension to [currently stand] November

21  30, 2008.

22

23             On February 01, 1999, Respondent's agency issued

24  an "hold, warrant, or detainer" document alleged Petitioner for

25  "unspecific [statutory] violation(s)" that supporting by the

26  _____

27    [2/] Citing, **Cal.Pen.Code** § 667, § 1192, and §§ 2900-2933,
   et seq, statutory interpretation that supporting trial court
28  for determination sentencing guideline (1998 ed. verision).

(11.)

1  Title 8, of the United States Code [supplemental] statutory

2  languages.  Respondent's hold, warrant, or detainer document

3  have stated: "Immigration has been initialized to determine

4  whether this person is subject to removal from the United States."

5  (Compare, EXHIBIT A., e.g.)

6

7            On April 17, 2002, Petitioner lodged an alleged

8  "motion for Interstate Agreement on Detainer Act pursuant to

9  Cal.Pen.Code § 1389" against Respondent's hold, warrant, or

10  detainer document to the United States District Court for the

11  Northern District of California, which the Court docket the

12  action under habeas corpus remedies for aforementioned case

13  no.: **C-02-01980-JF (PR)**.  The Northern District Court then ordered

14  transferred the aforementioned case no.: C-02-01980-JF (PR)'s

15  action to the Eastern District Court's jurisdiction. (See, EXHIBIT

16  B., cf.)  However, the aforementioned case no.: C-02-01980-JF

17  (PR)'s allegation[] did not survive judiciary tribunal for

18  litigation and been "sweep under the rug." (Compare, EXHIBIT

19  C. through M., et seq.)

20

21            Petitioner then filed an pro se 42 U.S.C. § 1983

22  [civil right] complaint alleged Respondent had violated his

23  Sixth Amendment right to "confront his accuser" of the hold,

24  warrant, or detainer document (see, EXHIBIT A., e.g.).  The

25  Court then docket petitioner's 42 U.S.C. § 1983 complaint for

26  aforementioned case no.: **C-07-2704-JSW (PR)**. (See, APPENDIX

27  A., e.g.)  However, the Court dismissed with leave to filed

28  first amended complaint.  the Court had claimed that: "Plaintiff

(12.)

1   has failed to set forth sufficiently clear facts for the Court

2   to discren the nature of his complaint.  The complaint fails

3   to state a claim for relief." (Also see, APPENDIX B., e.g.)

4   Petitioner then filed the amended complaint alleged that Respondent

5   accused [--by the hold, warrant, or detainer document--] him

6   of violated, citing, 8 U.S.C. §§ 1101, 1227-1228, et seq, statutory

7   language that leverage Respondent for seeking "deportation

8   proceedings."  However, the 42 U.S.C. § 1983 complaint allow

9   Petitioner to confront Respondent's untried accusation hold,

10  warrant, or detainer document that were issued on February of

11  1999.

12

13          Petitioner then submitted motion(s) and letter(s)

14  requesting the Court to entertain aforementioned case no.: C-

15  07-2704-JSW (PR)'s action status and prosecution. (Cf., APPENDIX

16  D.; and EVIDENCES 3 through 4, et seq.)  In return the Court

17  render an "order of dismissal; denying pending motions and

18  judgment" on June 09, 2008. (Referred to the court's record

19  of docket nos. 8 and 10's orders; compare, APPENDIX E., e.g.)

20  The Court have ordered that: "After reviewing the complaint,

21  the Court found that it appeared to be complain about an

22  immigration detainer hold placed on him by the Immigration

23  Customs Enforcement ('ICE')...  Plaintiff has filed an amended

24  complaint in which he challenges the constitutionality of an

25  order by the ICE to detain Plaintiff following his release from

26  state prison, pending deportation proceedings...  As Plaintiff

27  challenges the fact and duration of his custody pursuant to

28  a detainer by the ICE., it must be brought in a habeas action

(13.)

1   pursuant to 28 U.S.C. § 2241, not in a civil rights complaint

2   under 42 U.S.C. § 1983.  Accordingly, the instant matter is

3   hereby dismissed without prejudice to refiling as a habeas

4   petition." (See, APPENDIX E., et seq.)  The Court also denied

5   other motion(s) that Petitioner have submitted prior to the

6   judgment were imposed.

7

8                With that conclude Petitioner to submit this

9   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241

10  statutory complaint within the United States District Court

11  of the State of California.  Petitioner have tried in numerous

12  [remedies] proceedings to challenged Respondent's hold, warrant,

13  or detainer document issued on February of 1999. (Cf., EXHIBIT

14  A., e.g.)  Respondent does not have statutory provision that

15  govern immunity from petitioner from challenged the "hold, warrant,

16  or detainer" document duration of imprisonment or confinement

17  with State custody jurisdiction.  Whether the Sixth Amendment

18  leverage Petitioner to "confront his accuser" of Respondent's

19  hold, warrant, or detainer document.  Therefore, the petition

20  for writ of habeas corpus under 28 U.S.C. § 2241 statutory

21  complaint have integrity for relief the validity of the Sixth

22  Amendment principle[] or interpretation[] claims.

23

24

25

26  /////
    ////
27  ///
    //
28  /

(14.)

<u>JURISDICTION</u>

1.) The complaint or petition's issue[] dealt with immigration statutory laws (<u>see</u> **Barapind v. Reno**, (E.D. Cal. 1999) 72 F.Supp.2d 1131);

2.) Treaties [tied] and foreign territory [Vietnam] statutory provision that only cognizable by the United States District Court to United States Supreme Court highest judiciary court(s) of the United States America;

3.) 28 U.S.C. § 1331, et seq, statutory;

4.) 28 U.S.C. § 2241, et seq, statutory;

5.) Constitutional question of the Sixth Amendment's integrity or interpretation; and

6.) The issue(s) raising anewly prospective question[] that controversy integrity of the United States of America's policy, statutory, and regulation [of <u>constitutional</u>] of immigration law[s]. (<u>Also see</u>, INS v. St. Cyr., (2001) 121 S.Ct. 2271, 2282-2283; <u>compare</u>, U.S.C.A. Const. Amend. 6, et seq.)

Therefore, jurisdiction have been establish under 8 U.S.C. § 1101 statutory provision that bar <u>any</u> State [judiciary] court(s) from entertain such petition or complaint.

(15.)

1      A R G U M E N T [S]

2

3              **WHETHER THE SIXTH AMENDMENT**

4              **LIBERTY GUARANTEE ITS**

5              **INTERPRETATION OF PROTECTION**

6              **TO FOREIGN ENTITY THE BEAUTY**

7              **TO UTILIZE RESPONDENT'S**

8              **CONSTITUTIONAL PRINCIPLES.**

9

10

11             Petitioner was born in Siagon City of South

12     Vietnam Country during the occupation of 1979 by the Vietnamese

13     communist party [vietcong] --- and after the "Fall of Siagon"

14     of 1975.  Petitioner and his family members flee Vietnam in

15     1985, and arrived to the United States of America under refugee[3/]

16     status on November of 1986.

17

18             On December 11, 1998, Petitioner were indicted

19     or information by the Superior Court of the Santa Clara County

20     and for the State of California, and he was convicted by entered

21     a plead of "nolo contest" to **Cal.Pen.Code** §§§ 211 (robbery),

22     212 (second degree robbery), 213 (home invasion), 245 (assault

23     with deadly weapon), and 12022(a) (possession of firearm)

24     statutory [provisions] violations.  The trial court then

25     _____

26        [3/] The term "refugee" means: "**(A)** any person who is outside
           any country of such person's nationality or, in the case of
27        a person having no nationality, is outside any country in which
           such person last habitually resided, and who is unable or
28        unwilling to return to, and is unable or unwilling to avail

                           (16.)

1  sentenced petitioner to twelve (12) years of imprisonment to

2  the California Department of Corrections [institution] -- and

3  with proper calculation release date of March 27, 2008. However,

4  duration serving his sentence of confinement that petitioner

5  received several [administrative] disciplinary infraction, which

6  extension his release to [currently status] November 30, 2008.

7

8          On February 01, 1999, Respondent's agency issued

9  or lodged an "hold, warrant, or detainer" document alleged

10  Petitioner for "unspecific [statutory] violation(s)" that did

11  not support by the Title 8, of the United States Code, Immigration

12  and Nationality Act ("INA"), and Illegal Immigration Reform

13  and Immigration Responsibility Act ("IIRIA") statutory languages.

14  Respondent's hold, warrant, or detainer document have stated:

15  "Immigration has been initialized to determine whether this

16  person is subject to removal from the United States." (Compare,

17  EXHIBIT A., e.g., at pp. 6-7, et seq.)

18

19          On April 17, 2002, Petitioner then lodged an

20  alleged "motion for Interstate Agreement on Detainer Act pursuant

21  to Cal.Pen.Code § 1389" challenged Respondent's hold, warrant,

22  or detainer document to the United States District Court for

23  the Northern District of California, which the Court docket

24  the action under writ of habeas corpus remedies for aforementioned

25  _____

26  himself or herself of the protection of, that country because
   persecution or well-founded fear of persecution on account of
27  race, religion, nationality, membership in a particular social
   group, or political opinion..." (Opinion in part, 8 U.S.C. §
28  1101(a)(42); also see, Refugee Act of 1980, 94 Stat. 102.)

1  case no.: C-02-01980-JF (PR).  The Northern District Court then
2  transferred the action to the Eastern District Court's
3  jurisdiction. (See, EXHIBIT B., cf.)  However, the aforementioned
4  case no.: C-02-01980-JF (PR)'s action did not sustain judiciary
5  regime of litigation and been "sweep under the rug." (Compare,
6  EXHIBITS C. through M., et seq, e.g.)

7

8          Petitioner then filed an pro se 42 U.S.C. § 1983
9  complaint alleged Respondent [had] violated his Sixth Amendment
10  right to "confront" the hold, warrant, or detainer document.
11  The 42 U.S.C. § 1983 were filed to the United States District
12  Court for the Northern District of California, and for
13  aforementioned case no.: C-07-2704-JSW (PR). (See, APPENDIX
14  A., e.g.)  The United States District Judge, Jeffrey S. White
15  imposed an "order of dismissal; deny  pending motions" which
16  stated: "...As Plaintiff challenges the fact and duration of
17  his custody pursuant to a detainer by the I.C.E., it must be
18  brought in habeas action pursuant to 28 U.S.C. § 2241, not in
19  a civil right complaint under 42 U.S.C. § 1983." (Compare,
20  APPENDIX E., at pp.3 through 4, et seq.)

21

22          Pursuant to Title 8, of the United States Code
23  [of Annotated or Supplemental], sections of statutory provision
24  could not bar Petitioner from challenged Respondent's hold,
25  warrant, or detainer documents which were label during his
26  imprisonment under the CDC's custody of care. (See, EXHIBIT
27  A., e.g.)  Respondent also failed states statutory laws for
28  supporting the validity of the hold, warrant, or detainer

(18.)

1   document.   Within Respondent's hold, warrant, or detainer document

2   claim that: "Investigation has been initialized to determine

3   whether this person is subject to removal from the United States."

4   (Quote/Citing, 8 U.S.C. § 1228, et seq, "is the statutory laws

5   that Respondent should stated.")   However, Respondent's document

6   surface did not or even never cite and statement any statutory

7   provision to support the hold, warrant, or detainer document.

8

9        The validity of this argument is determine whether

10  a foreign entity have the liberty to utilize, perform, or even

11  practice the real party in interest's constitutionality principles.

12  Whether a person other then the United States of Americans

13  citizen[ship] have the liberty of Constitutionality protection,

14  that guarantee individual[s] the freedom to interpretation[?].

15  With those question(s) in mind, that Petitioner would

16  demonstrate or showing before judiciary [regime] there was an

17  "grey line" within the constitutionality doctrine of performance.

18  Whether the Sixth Amendment (citing, U.S.C.A. Const. Amend.

19  6, et seq) allow individual the liberty to confront their

20  accuser in any jurisdiction of confinement[?].   Finally, does

21  the Sixth Amendment right bias (quote, U.S.C.A. Const. Amend.

22  14, et seq), or segregation foreign entity from citizen of the

23  United States of Americans[?].

24

25        Under the modern day Sixth Amendment right have

26  defined that:

27

28        "In all [criminal] prosecution,

(19.)

1     the accused shall enjoy the right
      to a speedy and public trial, by
2     an impartial jury of the State
      and <u>district wherein the crime</u>
3     <u>shall have been committed</u>, which
      <u>district shall have been previously</u>
4     <u>ascertained by law</u>, and to be
      informed of the nature and cause
5     of the accusational to be confronted
      with the witnesses against him; <u>to</u>
6     <u>have complusory process for obtaining</u>
      <u>witnesses in his favor</u>, and to have
7     the Assistance of Counsel for his
      defense." (<u>Emphasis added in part</u>.)

8

9     Therefore, speak clearly the language of interpretation that

10    "accusation to be confronted" of their warrant, hold, detainer,

11    indictment, or even information.

12

13         First factor, Respondent lodged or issued

14    Petitioner an "hold, warrant, or detainer" document <u>accuse</u> him

15    violated <u>any</u> government statutory laws of the United States

16    of America. (<u>See</u>, Title 8, of the United States Code, et seq;

17    INA; and IIRIA statutory provision.)  Respondent also claim

18    that: "investigation has been initialized to determine whether

19    this person is subject to <u>**removal**</u> from the United States."

20    (<u>Compare</u>, U.S.C.A. Const. Amend. 6, et seq, "a right to confront

21    [individual] accuser.")

22

23         Second factors, Respondent's hold, warrant, or

24    detainer document claim that: "investigation has been initialized

25    ..."  When Petitioner filed aforementioned case no.: C-02-01980-

26    JF (PR)'s action challenged Respondent's validity <u>hold, warrant,</u>

27    <u>or detainer document</u>, however, judicial court(s) and Respondent

28    <u>"sweep the case under the rug"</u> without proven it's litigation.

(20.)

1  How long does Respondent take to finish investigation the warrant,

2  hold, or detainer document's allegation[]?  --- before been

3  brought to <u>confront the accuse allegation</u> of violation[?].

4

5          Third factors, Respondent's hold, warrant, or

6  detainer document did not support sufficient statutory provision

7  to indict or information of violation[].  Respondent could

8  <u>accuse</u><u>4/</u> Petitioner violated <u>any</u> statutory laws of immigrations

9  status, and <u>when the time for confrontation</u>.

10

11          Fourth factors, Respondent does not have <u>any</u>

12  statutory laws (<u>citing</u>, Title 8, of the United States Code,

13  et seq) could barricade Petitioner from challenge the "hold,

14  warrant, or detainer" document.  And, there not <u>any</u> statutory

15  provision could govern the Sixth Amendment liberty interest.

16

17          Final **factor,** Respondent could not barricade

18  Petitioner from <u>confront the accuse</u> hold, warrant, or detainer

19  document from the judicial court(s) for entertainment. (<u>Also</u>

20  <u>see</u>, **Giarrantano v. Murray,** 668 F.Supp. at p. 514.)<u>5/</u>

21  _____

22      <u>4/</u> **Accuse:** "To bring a formal charge against a person,
   to the <u>effect that is guilty of a crime or punishable offense,</u>

23  <u>before a court or magistrate having jurisdiction to inquire</u>
   <u>into the alleged crime</u>." (<u>see</u>, **State v. Almeida,** 54 Haw. 443,

24  509 P.2d 549, 551; <u>also compare</u>, **Black's Law Dictionary 6th**

25  **ed.;** <u>in part</u>.)

       <u>5/</u> held that:

26

27                  "Prisoner[s] have a **due process**
                    right to '<u>[m] eaningful access</u>'
                    to the courts which includes

28                  the requirement that States

                        (21.)

1  Petitioner have tried through numerous remedies include 42 U.S.C.

2  § 1983 status of complaint to challenged Respondent's hold,

3  warrant, or detainer document without success.

4

5      With those factors that Petitioner demonstrate

6  have provide reasonable [or probable] facts that Respondent

7  deprived or violated the fundamental constitutional right of

8  the Sixth Amendment [doctrine].  Respondent does not have any

9  statutory provision that barricade Petitioner from challenged

10 the hold, warrant, or detainer document were lodged upon him

11 duration of his confinement under the CDC's custody. (Compare,

12 EXHIBIT A., e.g.)

13

14      The main subject is whether Petitioner have the

15 Sixth Amendment right to "confront his accuser[?]."  That

16 question have never been answer through judicial system.

17 Petitioner have tried numerous [remedies] of times to exercise

18 his Sixth Amendment right, however, been reject, ignore, or

19 even mockery without justice     body of this land's language

20 govern "freedom."  Respondent does not have statutory that bar

21 petitioner to wait after his State [conviction] of confinement

22 been completed before entertain the "hold, warrant, or detainer"

23 document.  Therefore, the Sixth Amendment allow, guarantee,

24

25                which do not make legal services
                  attorney available to indigent
26                prisoner[s] adequate... (emphasis
                  added in part)." (Also compare,
27                Federal Habeas Corpus Act of 1867,
                  "federal courts have has authority
28                and responsibility to 'hear and
                  determine the facts, and dispose of
                  the matter as law and justice.'")

(22.)

1 | or [leverage] liberty to <u>confront</u> Respondent's <u>accused</u> hold,
2 | warrant, or detainer document.  De novo review the <u>exhibits,</u>
3 | <u>evidences, or appendixs</u> within this petition have showing validity
4 | Petitioner have tried numerous [remedies] of times to relief
5 | the Sixth Amendment [statutory] interpretation. (<u>Citing</u>, **Sawyer**
6 | **v. Whitley**, 505 U.S. 333 [120 L.Ed.2d 269, 112 S.Ct. 2514 (1992)],
7 | ("<u>clear and convincing evidence</u>"); <u>also compare</u>, **In re Windship**,
8 | 397 U.S. 358 [90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)], ("In a
9 | judicial proceeding, all <u>fact finder acquire</u> is belief of what
10 | <u>probably</u> happened."); <u>see</u>, **O'Brien v. National Gypsum, Co.**,
11 | 944 F.2d 69, 72 (2nd Cir. 1991), ("[I]t is beyond <u>any doubt</u>
12 | <u>that circumstantial evidence alone may sufficient</u>.").)

25 | /////
26 | ////
/// 
27 | //
/

1        <u>PRAYING  FOR  RELIEF</u>

2

3              For above reason [or probable] of cause that

4    have justify praying for relief that above entitle court to

5    <u>grant</u> this petition.  Petitioner have demonstrate or showing

6    sufficient facts and laws that Respondent's hold, warrant, or

7    detainer document did not support by statutory provision that

8    could barricade him to utilized or perform the doctrine of Sixth

9    Amendment principles. (<u>Quote</u>, U.S.C.A. Const. Amend. 6, et seq,

10   "accusation to be confronted.")  Petitioner praying for relief

11   of the above entitle court for the following[s]:

12

13              1.) <u>Demand</u> Respondent within meaningful time

14   frame of 90 days to be brought before judicial court(s) of

15   Respondent's jurisdiction to be tried or confront the hold,

16   warrant, or detainer document,

17              2.) <u>Dismiss</u> Respondent's hold, warrant,

18   or detainer document were issued or lodged on February 01, 1999,

19   and allow petitioner to be free from Respondent future

20   prosecution,

21              3.) <u>Injunction</u> Respondent to establish

22   statutory provisions that allow <u>detainee[] or inmate[]</u> to utilize

23   their Sixth Amendment right to <u>confront</u> Respondent's <u>accuse</u>

24   hold, warrant, or detainer document in every jurisdiction of

25   avenue,

26              4.) <u>Injunction</u> Respondent to establish

27   rules, regulations, or policies that allow detainee[] or inmate[]

28   the <u>judicial gateway</u> to the court(s) system to confront Respondent's

1  untried hold, warrant, or detainer document, and

2                    5.) <u>Injunction</u> Respondent to establish

3  grievance remedies to allow State detainee[] or inmate[] the

4  enjoyment of Sixth Amendment's structure of Respondent's

5  accusation.

6

7           Upon above entitle court's ruling or ordering

8  would establish landmark whether the  validity of Sixth Amendment

9  apply to detainee[] or inmate[] suffer from Respondent's hold,

10 warrant, or detainer document of indictment.  Whether validity

11 of the Sixth Amendment's interpretation allow, leverage, or

12 guarantee Petitioner the liberty to "confronted" Respondent's

13 <u>accusation</u> of hold, warrant, or detainer document.  Allow

14 Petitioner's petition as a base for <u>rectroactive</u> for others

15 that will follow.

16

17

18

19

20

21

22

23

24

25

26 /////
   ////
27 ///
   //
28 /

1

## CONCLUSION

2

3            For above reasons [or probable] of causes that

4   above entitle court for relief this petition by <u>granting</u> it's

5   claims, merits, or allegations.  The validity of the Sixth

6   Amendment allow or leverage this petition to be heard before

7   judicial **panel** to determined the faith of constitutionality

8   principles.

9

10

11

12

13

14

15

16

17

18

19   **DATED:** July 06, 2008

20

21

22                              /S/ _____
                                    Respectfully Submitted
23
                          NAME : QUOC XUONG LUU
24                        CDC #: (P-22522)
                          Bld.#: (02-125U)
25                        California State Prison - Solano
                          P.O. Box 4000
26                        Vacaville, California 95696-4000

27   ///
     //
28   /

                              (26.)



LEGAL MAIL

PRIORITY
MAIL
UNITED STATES POSTAL SERVICE ™
www.usps.gov
LABEL107R, OCT 1997

RECEIVED
JUL - 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Qiao Yung Luu
Dec: (a2583)
Cld #:
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

United States District Court
Northern District of California
Office of the Clerk
450 Golden Gate Avenue
San Francisco, California 94102

