E-filing

FILED

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV  08     3350

JSW   (PR)

| | |
|---|---|
| In re: QUOC XUONG LUU, | Case Number: |
| Quoc Xuong Luu, Petitioner/Appellant, | Alien No.: **A-07-838-996** |
| vs. | FBI Warrant No.: **581212FB6** |
| IMMIGRATION AND NATURALIZATION SERVICES (INS), et al., Respondent(s)/Appellee(s), | 42 U.S.C. § 1983 Case No.: **C-07-2704-JSW (PR)** |
| UNITED STATES OF AMERICA, DEPARTMENT OF HOMELAND SECURITY, STATE OF CALIFORNIA, Real Party in Iinterest. | Related Case No.: **C-02-01980-JF (PR)** |

**EXHIBITS, APPENDIXS, AND EVIDENCES SUPPORTING**

**PETITION FOR WRIT OF HABEAS CORPUS**

**PURSUANT TO 28 U.S.C. § 2241, PART II.**

NAME : QUOC XUONG LUU
CDC #: (P-22522)
Bld.#: (02-125U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

# EXHIBIT

# [A.]

CDC# : (P-225 )
Dorm#: (11-24 J)
California State Prison (C.S.P.) - Solano
P.O. Box 4000
Vacaville, California 95696-4000

**IN PROPRIA PERSONA**

## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE/WARRANT NUMBER:** |
|         Plaintiff, | **(A27838996), (58121 2FB6)** |
| vs. | **MOTION FOR INTERSTATE** |
| | **AGREEMENT ON DETAINERS** |
| | **ACT (I.A.D.) AND** |
| | **PURSUANT TO PENAL CODE** |
| QUOC XUONG LUU | **§ 1389** |
|         Defendant, | |

**TO THE HONORABLE JUDGE OF UNITED STATES DISTRICT**

**COURT FOR THE DISTRICT OF CALIFORNIA AND TO THE**

**ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA**

Defendant/Petitioner QUOC XUONG LUU, SSN#: (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), CII#: (A11826463), CDC#: (P-22522), is currently incarcerated and/or imprisoned in the California Department of Corrections (C.D.C.) at the California State Prison (C.S.P.), P.O. Box 4000, Vacaville, California 95696-4000, in the State of California.

1    Petitioner has been advised by the (C.D.C.) here
2  in California that a "DETAINER/HOLD" has been lodged against
3  petitioner by United States Immigration and Naturalization
4  Service (I.N.S.), in Case/Warrant#: (A27838996) and FBI#:
5  (581212FB6).

6

7    Pursuant to Penal Code Section 1389 et seq.
8  codifies an agreement between the State of California, Forty-
9  Seven (47) other States and Federal Government for disposing of
10  charges lodged against persons already incarcerated in this and
11  other jurisdictions. In enacting the statute the Legislature
12  Stated;

13    "It is the purpose of this agreement to encourage
14    the [expeditious] and [orderly] disposition of
15    such charge and determination of the proper
16    statutes of any and all detainers based on untried
17    indictments, informations or complaints." (West's
18    Ann.Cal.Penal Code § 1389, Art. IX); emphasis
19    added)).

20

21    (1) The Legislature further required that;
22    "This agreement shall be liberally construed so as
23    to effectuate its purposes." (West's Ann.Cal.Penal
24    Code § 1389, Art. IX).

25

26    (2) The Interstate Agreement on Detainers provides
27  in pertinent parts to this motion that;

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

(02 of 05)

1    "....Whenever a person has entered upon a term of
2    impriosnment in a penal or correctional
3    institution of a party state, and whenever during
4    the continuance of the term of imprisonment there
5    is pending in any other party state any untried
6    indictment, information or complaint on the basis
7    of which a detainer has been lodged against the
8    prisoner, he shall be brought to trial within one
9    hundred-eighty (180) days after he shall have
10   caused to be delivered to the prosecuting officer
11   and the appropriate court of the prosecuting
12   officer's jurisdiction written notice of the place
13   of his imprisonment and his request for a final
14   disposition to be made of the indictment,
15   information or complaint." (West's Ann.Cal.Penal
16   Code § 1389, Art. III(a)).

17

18        (3) The request of the prisoner shall be
19   accompanied by a certificate of the appropriate official having
20   custody of the prisoner, (See Exhibit (A) Attached), stating the
21   term of commitment under which the prisoner is being held, the
22   time already served, the time remaining to served on the
23   sentence, the amount of good time earned, the time of parole
24   eligibility of the prisoner, and any decisions of the state
25   parole agency relating to the prisoner. (People v. Garner,
26   (1990), 224 Cal.App.3d at p.1367, [274 Cal.Rptr. 298]).

27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

(03 of 05)

 1              (4) Prisoner hereby request (Warden, R.A. CASTRO)
 2    to send by certified mail this petition to the detaining party
 3    Immigration and Naturalization Service (I.N.S.) as stated in
 4    pertinent parts;

 5              "The written notice and request for final
 6              disposition referred to in paragraph (a) hereof
 7              shall be given or sent by the prisoner to the
 8              warden, commissioner of corrections or other
 9              official having custody of him, who shall promptly
10              forward it together with the certificate to the
11              appropriate prosecuting official and court by
12              registered or certified mail, return receipt
13              requested.

14

15              (5) Prisoner also request immediate dismissal of
16    information, Indictment and/or Hold. Pursuant to (West's
17    Ann.Cal.Penal Code § 1389, Art. V(c)) which reads in part;
18              "Article V(c)......in the event that an action on
19              the indictment, information or complaint on the
20              basis of which the detainer has been lodged is not
21              brought to trial within the period provided in
22              Article III or Article IV hereof, the appropriate
23              court of the jurisdiction where the indictment,
24              information or complaint has been pending shall
25              enter an order dismissing the same with prejudice,
26              and any detainer based thereon shall cease to be
27              of any force or effect." (West's Ann.Cal.Penal

1          Code § 1389, Art. V(c); (People v. Superior Court,

2          (1986), 183 Cal.App.3d 662, [228 Cal.Rptr. 364];

3          (People v. Brooks, (1987), 189 Cal.App.3d 866,

4          872, [234 Cal.Rptr. 573]).

5

6

7    DATED: April 17, 2002

8

9

10

11

12                                    /S/ Respectfully/Submitted
                                           In Pro Per
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

(05 of 05)

U.S. Department of Justice
Immigration and Naturalization Service

**Immigration Detainer - Notice of Action**

| | |
|---|---|
| File No. | A 27 838 996 |
| Date: | 2/1/99 |

Date Of Interview  1/5/99          Inmate Number  P27522          CII#  A11826463

| To: | From: |
|---|---|
| CUSTODIAN OF RECORDS, HOLDS/WARRANTS/DETAINER COUNTY JAIL/CALIFORNIA DEPARTMENT OF CORRECTION AND OR ANY SUBSEQUENT LAW ENFORCEMENT AGENCY | U.S. Immigration and Naturalization Service 630 Sansome Street San Francisco. CA 94111 |

INS Name:    LUU, Quoc Xuong                    Institution Name: LUU, Quoc Xuong

Date of birth:         1/1/79         Nationality  Vietnam         Sex:    MALE

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

☒ Investigation has been initialized to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on

_____
(Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____.
(Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☐ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling (415) 705-4532 during business hours or _____ after hours in an emergency.

☐ Please complete and sign the bottom block of the duplicate of this form and return it to this office.    A self-addressed stamped envelope is enclosed for your convenience.    Please return a signed copy via facsimile to. _____
(Area code and facsimile number)

Return fax to the attention of _____, at _____.
                    (Name of INS officer handling case)          (Area code and phone number)

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.
☒ Notify this office in the event of the inmate's death or transfer to another institution.
☐ Please cancel the detainer previously placed by this Service on _____.

_____                              Mario Canton, Immigration Agent
(Signature of INS official)                              (Title of INS official)

**Receipt acknowledged:**

Date of latest conviction: _____ Latest conviction charge: _____
Estimated release date: _____

Signature and title of official: _____

Form I-247 (Rev. 4-1-97)N

STATE OF CALIFORNIA

**INMATE NOTIFICATION AND AGENCY ACKNOWLEDGEMENT OF**
**DETAINER RECEIPT**

CDC 661 (5/90)

DEPARTMENT OF CORRECTIONS
DISTRIBUTION:
ORIGINAL - CENTRAL FILE
COPY - INMATE
COPY - AGENCY
COPY - PENDING

**INMATE NOTIFICATION OF DETAINER RECEIPT**

| INMATE'S NAME | AKA | CDC NUMBER | TODAY'S DATE |
|---|---|---|---|
| LUU, QUOC XUONG | | P22522 | 02-02-99 |

INSTITUTION NAME AND ADDRESS

SAN QUENTIN RECEPTION CENTER

On __02-01-99__ a detainer was filed against you. This detainer indicates that you are

wanted by __USINS__

on a charge of __IMM./VIOL.__ based on Warrant Number __A27838996__

YOU ARE HEREBY NOTIFIED (refer only to item(s) marked):

[ ] You may request disposition of untried charges in accordance with Section 1381 P.C.

[ ] You may request disposition of probation in accordance with Section 1203.2a P.C. (for California Counties only.)

[ ] You may request disposition of untried charges in accordance with Section 1389 P.C. (See Agreement on Detainer Form I , CDC 1664 attached.)

[ ] You may request to be returned to this jurisdiction for concurrent service of terms In re Stoliker.

If you are wanted by those authorities to complete service of an unexpired commitment in that jurisdiction and if your present California commitment has been ordered to run concurrently with that previous commitment, you may be eligible for transfer to that jurisdiction under In re Stoliker, 49 Cal. 2d 75.

If you believe that you meet the above criteria, you may make a request to the Director, in writing and through the institution records office, asking that you be made available to those authorities so that your terms may run concurrent. If the Director grants your request, a letter will be sent to those authorities notifying them of your present status and of the fact that you are available to them.

Those authorities may then either: (1) request that you be transferred to them in which case you will be transferred, your sentence will run concurrently, and a detainer will be placed against you by California for your return should you complete their sentence first; (2) designate this institution as the place for service of your commitment to them in which case you will get the benefit of concurrent terms; or (3) deny your request in which case your only recourse will be in the courts of that jurisdiction.

[X] None of the above are applicable in this case.

**If the subject inmate wishes to exercise any of the above marked alternatives, he/she should direct a written request to his/her institution records office.**

| RECEIPT ACKNOWLEDGED (INMATE'S SIGNATURE) | CDC NUMBER | DATE | AUTHORIZED STAFF'S SIGNATURE |
|---|---|---|---|
| | P-22522 | 2-2-97 | |

**ACKNOWLEDGEMENT TO AGENCY**

TO (AGENCY'S NAME AND ADDRESS):  USINS
630 SANSOME STREET RM. 115 A
SAN FRANCISCO, CA. 94111

This is to acknowledge receipt of your detainer on the above identified subject. Notations have been entered into our records that the subject is Wanted by your agency. Should this detainer not be recalled, we will notify your office in advance of the subject's scheduled release date of: _____
Please note: the scheduled release date is subject to change.
Questions regarding this notification and acknowledgement may be directed to:

| INSTITUTION NAME | SAN QUENTIN RECEPTION CENTER |
|---|---|
| ADDRESS | SAN QUENTIN, CA. 94964 |
| CONTACT PERSON | HWD DESK |
| TELEPHONE NUMBER | (415) 454-1460 EXT. 5402 |

# EXHIBIT

# [B.]

1    NOT FOR CITATION

2

3    Filed
4

5    JUL 3 1 2002

6    RICHARD W. WIEKING
     CLERK, U.S. DISTRICT COURT
     NORTHERN DISTRICT OF CALIFORNIA
7                   SAN JOSE

8

9    IN THE UNITED STATES DISTRICT COURT

     FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11
     QUOC XUONG LUU,                    )        No. C 02-01980 JF (PR)
12
                     Petitioner,        )        ORDER OF TRANSFER
13
          vs.                           )
14
     USA                                )
15
                     Respondent.        )        (Doc # 3)
16                                      )

17        Petitioner, a detainee at the California State Prison in Vacaville, has filed a petition

18   for a writ of habeas corpus challenging her detention at that prison under 28 U.S.C. §

19   2241. Petitioner is being detained on behalf of the Immigration and Naturalization

20   Service. Vacaville is in Solano County, which is in the Eastern District of California.

21   See 28 U.S.C. § 84(b).

22        Venue for a habeas action is proper in either the district of confinement or the

23   district of conviction. See 28 U.S.C. § 2241(d). Federal courts generally take the

24   position that for petitions brought under § 2241, the district of confinement "is normally

25   the forum most convenient to the parties," McCoy v. United States Bd. of Parole, 537

26   F.2d 962, 966 (8th Cir. 1976), and therefore exercise discretion in transferring petitions to

27   the district of confinement "in the interests of justice" pursuant 28 U.S.C. § 1404(a). See

28   id.; see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 499 n.15 (1973)

Order of Transfer COPIES MAILED TO
P:\pro-se\BARBIE\02 01980 Luu-transfer   ENTERED IN CIVIL DOCKET ON: 7/31/02

1   ("venue considerations may, and frequently will, argue in favor of adjudication of the

2   habeas claim in the jurisdiction where the habeas petitioner is confined."); Dunne v.

3   Henman, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that preferred forum is district

4   where petitioner is confined). This practice is supported by the fact that a prisoner's

5   records follow him to the place of incarceration and that it promotes uniformity in the

6   filing of § 2241 petitions. A transfer to the district of confinement, in this case the

7   Eastern District of California, on convenient forum grounds is therefore preferable as

8   long as no undue delay is created. See Chatman-Bey v. v. Thornburgh, 864 F.2d 804,

9   814 (D.C. Cir. 1988).

10      Because petitioner is currently confined in Solano County, this case is hereby

11   TRANSFERRED to the United States District Court for the Eastern District of California.

12   See 28 U.S.C. § 1404(a). In view of the transfer, the Court will leave Petitioner's request

13   for leave to proceed in forma pauperis (doc # 3) to the Eastern District.

14      IT IS SO ORDERED.

15   DATED: 7-3-02

16

17                                      JEREMY FOGEL
                                        United States District Judge

18

19

20

21

22

23

24

25

26

27

28

```
Content-Type: text/html
MIME-Version: 1.0
From: ECF-CAND@cand.uscourts.gov
Bcc:
Message-Id: <374118@cand.uscourts.gov>
Subject: Activity in Case 5:02-cv-01980 Luu v
```

. USA "Order on Motion to Transfer Case"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

Notice of Electronic Filing

The following transaction was received from gm, on 7/31/2002 at 11:43 AM

| | |
|---|---|
| **Case Name:** | Luu v. USA |
| **Case Number:** | 5:02-cv-01980 |
| **WARNING: CASE CLOSED on 07/31/2002** | |
| **Document Number:** | 4 |

**Docket Text:**
ORDER TRANSFERRING CASE to Eastern District of California.. Signed by Judge Jeremy Fogel on 7/30/2002. (gm, )

The following document(s) are associated with this transaction:

**5:02-cv-01980 Notice will be electronically mailed to:**

**5:02-cv-01980 Notice will not be electronically mailed to:**

Quoc Xuong Luu
P-22522
Dorm# 11-249U
California State Prison-Solano
PO Box 4000
Vacaville, CA 95696-4000

# EXHIBIT

# [C.]

NAME : QUOC XUONG LUU
CDC #: (P-22522)
Dorm#: (22-W-3U)
California State Prison (C.S.P.) - Solano
P.O. Box 4000
Vacaville, California 95696-4000


IN PROPRIA PERSONA


### IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| In re QUOC XUONG LUU,   ) <br>     Plaintiff/Petitioner, ) <br>                 ) <br>                 ) <br>                 ) <br> vs.                 ) <br>                 ) <br>                 ) <br> UNITED STATES OF AMERICA, ) <br>     Defendant/Respondent. ) | No. [C 02-01980 JF (PR)] <br><br> MOTION REQUESTING FOR FINIAL <br> JUDGMENT DUE TO THE LACK OF <br> [TIME-LIMITATION], AND PETITIONER <br> REQUESTING FOR HEARING AND <br> DISPOSITION OF THE CURRENT <br> AFOREMENTIONED CASE UNDER THE <br> STATUTE OF [FED. CIV.R. 50(b)-59]; <br> AND SUPPORTING BY MEMORANDUM AND <br> POINT OF AUTHORITIES. |


### I N T R O D U C T I O N


### [I.]


Petitioner/Plaintiff, **QUOC XUONG LUU**, is currently incarcerated and/or institutionalized at the California State Prison (C.S.P.) - Solano, P.O. Box 4000, Vacaville, California 95696-4000. Petitioner is seeking through the validity of

justice whether plaintiff's [warrant, detainer, or hold] in aforementioned case No.[C 02-01980 JF (PR)], was not answer in proper manner, and determine the faith outcome solution by the Judicial Court System whether does petitioner current case qualify default. The United States Immigration Naturalization Service [hereinafter (U.S.I.N.S.)] legally serving petitioner with an [warrant, hold, or detaining] when plaintiff was enter the California Department of Corrections [hereinafter (C.D.C.)] system, and the indictment are still pending or stand until the completion of petitioner's institution time[s] was imposed by the Superior Trial Judge. (Also see [West's Ann.Cal.Penal Code § 1389, Art. IX, (i.d.)])

On April 17, 2002, petitioner lodged an [In Pro Per/In re; MOTION FOR INTERSTATE AGREEMENT ON DETAINERS ACT (I.A.D.) AND PURSUANT TO PENAL CODE § 1389], to plead, pray, and challenging the U.S.I.N.S. and Judicial Court System determine whether [Detain/Hold], or indictment was lodged against petitioner were justify with in proper authorities of justice. When the U.S.I.N.S. lodged it's unfaithful warrant or indictment to detaining petitioner to determine whether he was enter the United States of America legally/illegally. If petitioner was enter the United States of America illegally then it's upon the mercy of the U.S.I.N.S.'s duties or authorities to deportation petitioner. The reality are appellant doesn't violated any United States Treaty with other country under the United States Code of Annotated [U.S.C.A.] laws,

(02)

and base upon petitioner acknowledgment the Treaty (deportation) between Vietnam nation and United States of America nation were doesn't occur. The of said motion was lodged by petitioner clearly stated the time-limitation [have/had] set within proper determination answer by the U.S.I.N.S. and Judicial Court System.

On July 30, 2002, United States District Magistrate JEREMY FOGEL, Judge entered an ORDER to transfer petitioner aforementioned case No.[C 02-01980 JF (PR)] to another district court. Plaintiff petition for writ of habeas corpus to Northern District Court and which upon the Magistrate Judge transfer petitioner case to the Eastern District Court, and because due the Northern District Court venue for a habeas corpus action to it's proper jurisdiction in either the district of confinement or the district of conviction. [See (28 U.S.C. § 2241(d)]; and (McCoy v. United States Building of Parole, (8th Cir. 1976) 537 F.2d 962, 966) In view of the transfer, the Court will leave petitioner's request for leave to proceed in forma pauperis (doc #3) to the Eastern District Court. [See (28 U.S.C. § 1404(a)]

## M E M O R A N D U M   A N D   P O I N T
## O F   A U T H O R I T I E S

[II.]

(03)

[A.] Determine the time-limitation statute [have/has] set within (Cal.Penal Code § 1389, et seq.), and allow petitioner to have an solution or answer breaking the barrier of the (Hold/Warrant) was lodged or issue by the U.S.I.N.S.. [Fed. Civ.R. 50(b)-59]

Petitioner [have/has] lodged or issued the [In Pro Per. or In re; Motion], to the U.S.I.N.S. and Judicial Court System to determine whether the [warrant, detaining, or hold] are answer in proper manner and dismissal or demurrer with prejudice from plaintiff's Justice Central File, Federal Bureau Investigation (F.B.I.)'s File, and Institution C-File.

[(I.d.), Fed. Civ.R. 50(b)-59], allow petitioner requesting and demand this honorable judge and the above title parties to answer plaintiff's [In re; Motion challenging U.S.I.N.S. is warrant/hold] with an authorities, or dismissal in the interest of justice. Petitioner lodged the motion on April 17, 2002, challenging the warrant, [hold], or indictment, and allow all the party[s] (Eastern District Court, U.S.I.N.S. Department, and United States Attorney General] to answer petitioner petition within the mean-full time of 180 days from the time it was served.

In whether [(i.d.), West's Ann.Cal.Penal Code § 1389, et seq.], statute clearly stated; ["....Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during

(04)

the continuance of the term of imprisonment there is pleading in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, and he **shall** be brought to trial within one hundred-eighty (180) after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for final disposition to be made of the indictment information, or complaint."], and which the Court and Prosecuting Officer fail to complied the declaration of petitioner's motion. Its almost [12 **months**] or one year since petitioner lodged or issued [**In re; Motion**] to the Court and it's over the time-limitation statute that has been set within the agreement of California Penal Code § 1389. The court could not justify determination of "no just reason for delay," from a final judgment upon plaintiff challenging the warrant, hold, or indictment lodged by the U.S.I.N.S. Department. [Reeves **v. Beardall**, (1942) 316 U.S. 283]; (Sears, Reobuck & Co. **v. Mackey**, (1956) 351 U.S. 427); and [**Fed. Civ.R. 12(d), and Rule 78, (i.d)**]


## C O N C L U S I O N


### [III.]


Petitioner seeking through validity of justice

to justify whether can he brought the indictment or hold lodged by the U.S.I.N.S. have any foundation under the peer of Judicial Court System. Petitioner is qualify requesting and praying for submission of default or dismissal the U.S.I.N.S.'s [warrant, hold, detaining, or indictment] lodged against plaintiff record(s) [Justice Central File, F.B.I. File, and California Department of Corrections Central File], and the Magistrate Judge reside in Eastern District Court have the power to determine liability solution outcome of petitioner's aforementioned case No.[C 02-01980 JF (PR)], whether the time-limitation statute was violated. If sufficient of evidence show cause to all parties does violate petitioner is time-limitation statute [have/had] been set within the context of (i.d.) West's Annotated California Penal Code § 1389.

DATED: March 17, 2003

/S/ Respectfully/Submitted

NAME : QUOC XUONG LUU
CDC #: (P-22522)
Dorm#: (22-W-3U)
California State Prison (C.S.P.) - Solano
P.O. Box 4000
Vacaville, California 95696-4000

# EXHIBIT

# [D]

1

2

**FILED**

3

APR 1 5 2003

4

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

5

BY _____
        DEPUTY CLERK

6

7              IN THE UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9    QUOC XUONG LUU,

10            Petitioner,              No. CIV S-02-0895 GEB GGH P

11        vs.

12   ROY A. CASTRO, Warden, et al.,

13            Respondents.             ORDER

14   _____/

15            This petition for writ of habeas corpus was dismissed on January 22, 2003 and

16   judgment entered accordingly. Petitioner's filing, entitled motion requesting final judgment,

17   filed on March 19, 2003, does not appear to be one contemplated by the Federal Rules of Civil

18   Procedure or the Federal Rules Governing § 2254 Cases. This document refers to a "motion for

19   interstate agreement on detainers act," which petitioner claims he lodged on April 17, 2002, but

20   which is not part of this court record. It is unclear whether petitioner intended to file this

21   document in this action, in which case it will be disregarded, whether he filed it with the

22   intention of opening a new action in this court, or whether he intended his document to be filed

23   in another case.

24            Accordingly, IT IS ORDERED that petitioner notify this court within twenty days

25   whether he intends his "motion requesting for finial judgment," filed March 19, 2003, to be filed

26   /////

     /////                            15

     /////

United States District Court
for the
Eastern District of California
April 15, 2003


* * CERTIFICATE OF SERVICE * *


2:02-cv-00895


Luu

    v.

Castro

---

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  April 15, 2003, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
 uthorization by counsel, via facsimile.


        Quoc Xuong Luu                    VC/GGH
        P-22522
        CSP-S
        California State Prison Solano
        2100 Peabody Road
        P O Box 4000
        Vacaville, CA   95696-4000

        Daniel Joseph Kossick
        Attorney General's Office
        PO Box 944255
        1300 I Street
        Suite 125
        Sacramento, CA   94244-2550


                              Jack L. Wagner, Clerk

                        BY: _____
                              Deputy Clerk

# EXHIBIT E

NAME : QUOC XUONG LUU
CDC# : (P-22522)
Dorm#: (22-W-3U)
California State Prison (C.S.P.) - Solano
Post Office Box 4000
Vacaville, California 95696-4000


IN PRO. PER.


## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| QUOC XUONG LUU ) | Case No. [C 02-01980 JF (PR)] |
| ) | |
| Petitioner, ) | PETITIONER'S SOUGHT TO ADDRESS |
| ) | THE JUDICIAL COURT SYSTEM |
| vs. ) | SITUATION ON [MOTION |
| ) | REQUESTING FOR FINIAL |
| UNITED STATES OF AMERICA ) | JUDGMENT], REGARDING TO |
| ) | (Doc #3). |
| Respondent. ) | |


TO THE MAGISTRATE GREGORY G. HOLLOWS, JUDGE IN THE UNITED STATES
DISTRICT COURT AND FOR THE EASTERN DISTRICT OF CALIFORNIA,
AND TO THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA.


                    Petitioner/Plaintiff, QUOC XUONG LUU, [have/had]
lodged documentation refers to a [motion for Interstate
Agreement on Dentainers Act (I.A.D.A.)], to Northern District
Court for the State of California on April 17, 2002. On July

31, 2002, **JEREMY FOGEL** United States District Judge for the Northern District Court (have/had) **"order of TRANSFER (Doc #3)"** of petitioner's aforementioned case No.[C 02-O1980 JF (PR)] to this instant United States District Court for the Eastern District of the State of California to entertain petitioner's petition of I.A.D.A.. [**Also see** supporting documentations petitioner have send attach to this motion to clear his claim of relief why plaintiff lodged "motion requesting finial judgment."]

On March 19, 2003, petitioner had filing [entitled motion requesting for finial judgment], and the United States Magistrate Judge **GREGORY G. HOLLOWS** for the Eastern District Court respond with an unclear though whether; [1]. does not appear to be one contemplated by the Federal Rules of Civil Procedure or the Federal Rules Governing § 2254 Cases; and [2]. whether petitioner intended to re-file this document regarding aforementioned case No.[CIV S-02-0895 GEB GGH P], and for which was disregard/dismissal with prejudice. Petitioner intending are regarding to the petition of I.A.D.A. and which petitioner was lodged on April 17, 2002. The Northern District Court acknowledge the transferring petitioner's case to this Eastern District Court, and now this Eastern District Court respond to petitioner with no acknowledge alleged allegation of I.A.D.A. motion was lodged by plaintiff.

## LEGAL CLAIM[S]:

(02)

[1]. Petitioner lodged an "Motion for interstate agreement of detainers act" pursuant under [**California Penal Code § 1389**], and challenging the United States Immigration Department on April 17, 2002. [**(I.d.), California Penal Code § 1389**], clearly stated; "petitioner have the right of hundred-eighty (180) for Judicial Court System and the Officer [Attorney General] of the court shall brought petitioner to court within that time frame". In violated the statute of time-limitation (have/has) within that agreement would cause Judicial Court System in default dismissal of petitioner aforementioned case No.[C 02-01980 JF (PR)].

[2]. Petitioner doesn't interesting or no shall he re-open aforementioned case No.[CIV S-02-0895 GEB GGH P], because the case was disregard from the Judicial Court System.

Petitioner pray or sought this United States Eastern District Court for the State of California look into the matter of aforementioned case No.[C 02-01980 JF (PR)], and whether does this court acknowledge the transfer action was done by the Northern District Court. Petitioner doesn't have any intention of opening a new action in this court because this action was already open by the Northern District Court. Seeking through validity of justice whether does petitioner's aforementioned case No.[C 02-01980 JF (PR)], are qualify default from the Judicial Court System.

DATE: April 25, 2003

/S/ _____
NAME: QUOC XUONG LUU
CDC #: (P-22522)
Dorm#: (22-W-3U)
California State Prison (C.S.P.) - Solano
Post Office Box 4000
Vacaville, California 95696-4000

# EXHIBIT F

**FILED**

FEB - 3 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

      Petitioner,              No. CIV S-02-0895 GEB GGH P

      vs.

ROY A. CASTRO, Warden, et al.,

      Respondents.     ORDER

_____/

This petition for writ of habeas corpus was dismissed on January 22, 2003 and judgment entered accordingly. On April 29, 2003, petitioner filed a document entitled "petitioner's sought to address the judicial court system situation on [motion requesting for final judgment], regarding to (Doc #3)." This filing does not appear to be one contemplated by the Federal Rules of Civil Procedure or the Federal Rules Governing § 2254 Cases. This document refers to a "motion for interstate agreement on detainers act," which petitioner claims he filed on April 17, 2002, but which is not part of this court record. Petitioner's filing includes a transfer order from the Northern District of California, filed July 31, 2002, which transferred a habeas petition to the Eastern District of California. That case was not received by this court.

Petitioner is advised that his filings after judgment in this action do not relate to this action and should not have been filed in this action. He must file a new action and will be assigned a new case number. If petitioner seeks to inquire as to the whereabouts of his Northern

/////

/////               17

1   District action that was intended to be transferred here in July, 2002, he must address those

2   inquiries to the Northern District. This court has never received that transfer order.

3   Therefore, this document will be placed in the file and disregarded.

4           IT IS SO ORDERED.

5   DATED: December 2, 2008.

7                                    GREGORY G. HOLLOWS
                                     UNITED STATES MAGISTRATE JUDGE

8

   GGH:076
9   Luu0895.mtn.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                    2

United States District Court
for the
Eastern District of California
February 3, 2004


* * CERTIFICATE OF SERVICE * *


2:02-cv-00895


Luu

    v.

Castro

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  February 3, 2004, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

        Quoc Xuong Luu                              VC/GGH
        P-22522
        CSP-S
        California State Prison Solano
        2100 Peabody Road
        P O Box 4000
        Vacaville, CA  95696-4000

        Daniel Joseph Kossick
        Attorney General's Office
        PO Box 944255
        1300 I Street
        Suite 125
        Sacramento, CA  94244-2550


                                    Jack L. Wagner, Clerk

                                    BY: _____
                                        Deputy Clerk

# EXHIBIT G

NAME:
CDC# : (P-22522,
Dorm#: (23-C-3U)
California State Prison (C.S.P.) - Solano
P.O. Box 4000
Vacaville, California 95696-4000


**IN PROPRIA PERSONA**


## UNITED STATES DISTRICT COURT FOR

## THE NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| In re:   QUOC XUONG LUU, )<br>          Petitioner/Appellant,   )<br>                                 )<br>                                 )<br> vs.                             )<br>                                 )<br>                                 )<br> UNITED STATES OF AMERICA'S,     )<br> IMMIGRATION NATURALIZATION      )<br> SERVICE (I.N.S.), et al.,       )<br>          Respondent/Appellee.   ) | Case No. [C 02-01980 JF (PR)]<br><br>MOTION CLARIFICATION. |


TO THE HONORABLE NEWSOME, RANDALL, CHIEF

JUDGE OF THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA.


### I N T R O D U C T I O N


        Petitioner removing the above title Court to

clarify the aforementioned case No.[C 02-01980 JF (PR)], and


(01.)

justify its proper venue jurisdiction of Court. The following alleged allegation is delcaration this motion.

[1.] Petitioner had lodged the **pro se; MOTION FOR INTERSTATE AGREEMENT ON DETAINERS ACT (I.A.D.), PURSUANT TO Cal.Penal Code § 1389,** challenged Immigration Naturalization Service (I.N.S)'s unfaithful "hold, warrant, or indictment [--on April 17, 2002--]."

[2.] The Magistrate **JEREMY FOGEL,** Judge of the United States District Court for the Northern District of California has entered an **"ORDER TO TRANSFER"** petitioner's aforementioned case No.[C 02-01980 JF (PR)], to another United States District Court of California, and was oder on July 30, 2002 [Also see attach Exhibit (A.)].

[3.] On April 15, 2003, the Magistrate **GREGORY G. HOLLOWS,** Judge of the United States District Court for the Eastern District of California responded petitioner's alleged I.A.D. allegation. The Eastern District of California responded petitioner's requested, and clearly stated: "it is unclear whether petitioner intended to file this document in this action, in which case it will disregarded, whether he filed it with the intention of opening a new action in this court, or whether he intended his document to be filed in another case." [See **Exhibit (B.)**]

(02.)

[4.] On April 25, 2003. petitioner has filed the "PETITIONER'S SOUGHT TO ADDRESS THE JUDICIAL COURT SYSTEM SITUATION ON [ MOTION REQUESTING FOR FINAL JUDGMENT], REGARDING TO (Doc. #3)," response the Eastern District of California imposed on April 15, 2003. The Eastern District of California responded petitioner's "Writ of Mandate for Final Judgment," which was on February 03, 2004. The Eastern District Court response petitioner's Writ of Mandate by filed an "ordered," and clearly stated that "the Eastern District Court does not have any documents regarding the I.A.D. motion that the Northern District of California have had ordered on July 30, 2002." [Also see attach Exhibit (C.)].

[5.] On April 22, 2004, the Petitioner has served a letter to the Northern District of California --- the Court's Clerk, and which the letter petitioner have clearly requesting the Northern District of California straight the records or documents. The Clerk nor the Court has never response petitioner's letter.

PETITIONER'S PRAYING RELIEF;

FOR THE ABOVE REASON(S) OF CAUSE; Petitioner requesting this Chief Judge for the Northern District of California to clarification the Court(s) documents. The Northern District of California has transfer petitioner's documents

(aforementioned case No.[C 02-01980 JF (PR)], to the Eastern
District of California, and which the Eastern District of
California does not have any regulations about such an "Order
of Transfer" imposed on July 30, 2002.


C O N C L U S I O N


THEREFORE; Petitioner removing the Chief
Judge for the Northern District of California "uniform" the
Court's legal proceeding or procedure. It's been almost three
(03) years since petitioner lodged the I.A.D. motion, which
the Court mislead petitioner too another court penal. So, the
statute lied upon Cal.Penal Code § 1389, et seq., up-hold in
the Court chamber [Id.].


Dated: July 18, 2004


/S/ Respectfully Submitted
NAME : QUOC XUONG LUU
CDC #: (P-22522)
Dorm#: (23-C-3U)
California State Prison (C.S.P.) - Solano
P.O. Box 4000
Vacaville, California 95696-4000


(04.)

# EXHIBIT H

NAME : QUOC XUONG LUU
CDC #: (P-22522)
Dorm#: (19-226L)
California State Prison (C.S.P.) - Solano
Post Office Box 4000
Vacaville, California 95696-4000

IN PROPRIA PERSONA

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: QUOC XUONG LUU,                    )
        Petitioner/Appellant,            )        CASE NUMBER:
                                          )
vs.                                       )        Appeal from the United
                                          )        States District Court
                                          )        for aforementioned
UNITED STATES OF AMERICA'S IMMIGRATION )        case No.: [C O2-01980
AND CUSTOMS ENFORCEMENT, (I.C.E.),       )        JF (PR)]
et al.,                                   )
UNITED STATES DISTRICT COURT OF THE       )
STATE OF CALIFORNIA,                      )
        Respondent/Appelle.              )

# PETITION FOR MANDATE

# [ & ]

# EN BANC STATUTORY

I N T R O D U C T I O N

[I.]

(01.)

COPY

1    Petitioner/Appellant, **QUOC XUONG LUU**, is currently

2  in custody of the State of California, and incarcerated and/or

3  institutionalized at the California State Prison (C.S.P.) – Solano

4  facility. Petitioner are seeking the above entitle United States

5  Court of Appeals for the Ninth Circuit of California for

6  extraordinary proceeding (<u>also see</u>: **n.1, e.g.**), and which to

7  determining this unfaithful **"warrant, hold, detaining, or**

8  **indictment"** [through the validity power of judiciary court(s)],

9  that has lodged against appellant within the authority(s) of

10  Immigration and Customs Enforcement (**"I.C.E."**, Cf., **n.2**).

11

12    The United States District Court for the Northern

13  District of California and I.C.E. has not properly answer

14  petitioner's aforementioned case No.: **[C 02–01980 JF (PR)]**, under

15  the federalism statutory manner. The United States District Court

16  for the Northern [transfer the aforementioned case No.: **[C 02–**

17  **01980 JF (PR)]**, to the Eastern District Court of California ~~and~~

18  docket no. 3, which was on July 31, 2002], has failed to

19  proceeding this matter with great respect under **"local rule of**

20  **court,"** and pursuant to the idol of federal' statutory guideline

21  or constitutionality. The United States and Federal Constitutions

22  n.1) Pursuant to Federal Rule of Appellate Procedure (**"FRAP"**),
    3(a), **44, et seq.**, allow petitioner sought or requesting the
23  Court of Appeals to hearing or rehearing case(s) **en banc** that
    dealt: "with citation to the conflicting case or cases ....
24  consideration by the ful court is therefore neccessary to secure
    and maintain uniformity to the court's decision."
25
    n.2) After September 11, 2001, the Immigration and Naturalizing
26  Service (**I.N.S.**)'s agency rename into Immigration and Customs
    Enforcement (**I.C.E.**)'s agency. This was enacted via the United
27  States President, and which are secure under **"Homeland"** security
    agency.
28  /

1  cannot forbidden a person from challenge, requesting, and/or

2  grievance any policy [quote/citing/omitted: **U.S.C.A. Const. Amend.**

3  **6**; ("a person have a right to confront his accuser and brought

4  any unfaithful indictment before the court(s)."); ("aperson also

5  have a <u>due process</u> right under the liberty of this forefather's

6  nation to process his hold, deatining, indictment, grievance,

7  or complaint which brought against him (**U.S.C.A. Const. Amend.**,

8  **14, et seq.).**") ], and in any jurisdiction of the United States

9  Government[s]: "Federal, States, and State[s] local County [**Cf.**,

10 **n.3],**" to answer any unfaithful warrant, hold, detaining, or

11 indictment had lodged against him.

13      Petitioner are praying through the validity of

14 justice and constitutionality to relief his ground(s) for default:

_5  "[**1.**] Respondent had been violated the '**statute of time-**

16 **limitation**' to response petitioner's alleged allegation for the

17 aforementioned case No.: [**C 02-01980 JF (PR)**], [**2.**] The California

18 [Penal Code § 1389 statute] statutory can jurisdiction petitioner

19 tò seeking [&] demanding the United States [<u>territory</u>] Government

20 **n.3)** In the State of California litigation: "when a person(s)
   have a <u>hold, warrant, or indictment</u> against him, which he have
21 a right to confront that warrant, hold, or indictment within the
   time frame of ninty (90) days from serving (<u>pursuant to</u> **Cal.Penal**
22 **Code § 1381**, statute)." The **Cal.Penal Code § 1381, et seq.**,
   statute only apply within the territory of the State of
23 California jurisdiction.

24      Under the **Cal.Penal Code § 1389, et seq.**, have
   clearly stated: "It is purpose of this agreement to encourage
25 the [<u>expenditious</u>] and [<u>orderly</u>] disposition of such charge(s)
   determination of the proper statutes of any all detainers based
26 on untried indictment, hold, warrant, or detaining. (<u>Also see</u>:
   **Ann.Cal.Penal Code § 1389, Article IX.**, <u>emphasis added</u>).
27
      ....whenever during the continuance of the term
28

1    for confrontation their indictment **(n.4, e.g.)** and **[3.]** The

2    judiciary court(s) undermine petitioner's rights under the United

3    States Constitutions."

4

5

6                **S T A T E M E N T    O F    F A C T [S]**

7        **AFOREMENTIONED  CASE  NUMBER: [C 02-01980 JF (PR)]**

8

9                The I.C.E. has lodged an "<u>hold, warrant, detaining,</u>

10   <u>or indictment</u>" against petitioner [approximately between December

11   or January 12th of 1998], to determine whether appellant has been

12   legally and/or illegally entry the United States of America

13   (nation), and which pursuant to Immigration and Nationality Act

14   (**"I.N.A."**), and under the **Title 8** of **U.S.C.S., Section 1101, et**

.5   **seq.**,  regulation(s).

16

17               On April 17, 2002, Petitioner had lodged **"In Pro.**

18   **Per. or pro se: 'MOTION FOR INTERSTATE AGREEMENT ON DETAINER ACT**

19   **(I.A.D.), AND PURSUANT TO Cal.Penal Code § 1389,'"** challenge

20   I.C.E.'s unfaithful "<u>hold, warrant, or indictment</u>." The hold,

21   _____
     of imprisonment there is pending in any other party state any
22   untried indictment, information, or complaint on the basis of
     which a detainer has been lodged against the prisoner, he <u>shall</u>
23   be brought to trial within one hundred-eighty **(180)** days after
     he shall have caused to be delivered to the prosecutor officer
24   and the appropriate court of the prosecuting officer's
     jurisdiction.." **(Cf., West's Ann.Cal.Penal Code § 1389, Article**
25   **III(a),** <u>quote</u>: **9th Cir. Rule 17-1.2 and 17-1.3).**

26   **n.4)** The United States' judiciary historicism event has shown
     validity color jurisdictional venue. In moderate time, Judiciary
27   Court(s) has eastblished layer of coherent system, which built
     upon **"Admiralty [&] Maritime"** law. The Admiralty and Maritime
₂8   law(s) were enlightment of define words of **"Sovereignty,**
     **Sovereign Right or States (Cf., Black's Law Dictionary 6th**

                            **(04.)**

1    warrant, or detainer document(s) has been issued against

2    petitioner within the authority of the United States and Federal

3    statutory (also see: **West's Ann.Cal.Penal Code § 1389, Article**

4    **III, et seq., [citation added]**).

5

6         The Magistrate **JEREMY FOGEL,** Judge of the United

7    States District Court for the Northern District of California,

8    and which has entered an **"ORDER TO TRANSFER** (docket no.3)**"**

9    petitioner's aforementioned case No.: **[C 02–01980 JF (PR)]**, to

10   another United States District Court of California, which on July

11   30, 2002 [the Northern District Court had entered the **order** on

12   July 31, 2002]. The "order of transfer (docket no. 3)" were

13   transfer to the United States District Court for the Eastern

14   District of California, and clearly stated: "..due the Northern

15   District Court venue for a habeas corpus action to it's proper

16   jurisdiction in either the district of confinement or the district

17   of conviction [see, **28 U.S.C. § 2241(d), McCoy v. United States**

18   **Building of Parole,** (8th Cir. 1976) 537 F.2d 962, 966]. In view

19   of the transfer, the Court will leave petitioner's request for

20   leave to proceed **In Forma Pauperis** (docket no. 3) to the Eastern

21   District Court." (see, **28 U.S.C. § 1404(a), Cf., EXHIBIT [A.]**).

22

23        On March 17, 2003, Petitioner has lodged **"MOTION**

24   **REQUESTING FOR FINAL JUDGMENT DUE TO THE LACK OF [TIME-**

25   **LIMITATION], AND PETITIONER REQUESTING FOR HEARING AND**

26   **DISPOSITION OF THE CURRENT AFOREMENTIONED CASE UNDER THE STATUTE**

27   **OF [Fed.Civ.R.Proc. 50(b)-59]; AND SUPPORTING BY MEMORANDUM AND**

28   **Edition)."** Therefore, the current case qualify the attention of
     federal jurisdiction for entertainment such indictment or hold.

**(05.)**

1   **POINT OF AUTHORITIES,"** requesting the Magistrate Judge for the

2   Eastern District Court of California to remove authority answering

3   the aforementioned case No.: **[C 02-01980 JF (PR)]**, under the mercy

4   of federal statutory of law[s]. Petitioner have shown proof of

5   sufficient of evidences for the Eastern District Court and

6   Respondent to response of the said case, which had been abuse

7   their authority(s) [violated the liberty of judiciary and under

8   the peer of the United States Constitutions] on the "<u>black-wave-</u>

9   <u>of-mud</u>."

11       The Appellant has filed the motion "<u>requesting for</u>

12   <u>final judgment</u>," to relief judgment from the Eastern District

13   Court, which on March 17, 2003 [the Court has docket on March

14   19, 2003]. On April 14, 2003, the Magistrate **GREGORY G. HOLLOWS,**

15   Judge for the Eastern District Court of California has filed

16   the **"order"** response petitioner's motion "requesting for final

17   judgment," which the Court has filed the "ordered" on April 15,

18   2003.

20       The Magistrate **GREGORY G. HOLLOWS,** Judge filed the

21   "ordered" on April 15, 2003, which stated that the Court had

22   no acknowledge of petitioner's document [Northern District

23   Court's order of transfer (docket no.3)], referring to a "motion

24   interstate agreement on detainer act (<u>see</u>, **EXHIBIT [B.]).**" The

25   magistrate judge's "ordered" have clearly stated: "..it is

26   unclear whether petitioner intended to file this document in

27   this action, in which case it will disregarded, whether he filed

28   it with the intention of opening a new action in this court,

1  or whether he intended his document to be <u>file in another case</u>,"

2  and the Court has also **ORDERED** petitioner "notify this court

3  within twenty **(20)** days whether he intends his 'motion requesting

4  for final judgment,' filed on March 19, 2003, to be filed in this

5  action, another action, or a new action. **(Cf., EXHIBIT [B.]).**"

6

7  On April 25, 2003, Petitioner has filed the

8  **"PETITIONER'S SOUGHT TO ADDRESS THE JUDICIAL COURT SYSTEM**

9  **SITUATION ON [MOTION REQUESTING FOR FINAL JUDGMENT], REGARDING**

10  **TO (Docket no.3),"** response the **"ORDERED"** that had been imposed

11  upon the Magistrate **GREGORY G. HOLLOWS**, Judge for the Eastern

12  District Court --- on April 15, 2003. Petitioner's motion "sought

13  to address the judicial court system," and which stated the

14  following ground[s]: "[1.] Petitioner have the right of hundred-

15  eighty **(180)** days for Judicial Court System and Officer [Attorney

16  General] of the court <u>shall</u> brought appellant to court within

17  the time frame, and [2.] Petitioner does not interesting (or shall

18  not) to reopening aforementioned case No.: [**CIV S-02-0895 GEB**

19  **GGH (PR)**], because the case was disregard from the Judicial

20  Court System (<u>see</u>: **EXHIBIT [C.]**)."

21

22  On December 11, 2003, Petitioner lodged a "<u>writ

23  od mandate (petitioner's writ of mandate; the final disposition

24  of judgment pursuant under the statute of time-limitation.

25  [Fedeal Civil Procedure, Rule 50(b)-59, et seq.])</u>," which clearly

26  requesting the Eastern District Court to render authority to

27  the aforementioned case No.: [**C 02-01980 JF (PR)**]. The context

28  within petitioner's writ of mandate had clearly demand the

**(07.)**

1  following: "[1.] California Penal Code §§ 1381, 1389, et seq.,
2  (Shepardized), can allow prisoner[s] challenging any warrant,
3  hold, or indictment has been issued by State and United States
4  Government jurisdiction, and demand the party(s) to render their
5  authority(s) to entertainment such action within the time frame.
6  [2.] Federal Legal Claim[s], the United States District [Northern
7  and Eastern] Court of the State of California should dismissal
8  all the hold, warrant, detaining, or indictment, which the case
9  was in proper jurisdiction pursuant to **Allen v. Perini,** (6th
10 Cir. 1970) 424 F.2d 134, 141, <u>frivolous</u>: **Developments in the**
11 **Law Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1178, (1970).**
12 [3.] Federal Civil Procedure, Rule 50(b)-59, et seq., (citation),
13 allow petitioner to remove or authority to demand the Judicial
14 Court System of any United States and Federal Government(s)
15 jurisdiction to answer of any document(s) of the said proceeding
16 under **28 U.S.C. § 2254, § 2255, § 2253, § 2241, et seq.;**
17 ("challenge his criminal conviction, civil, warrant, hold,
18 indictment, (etc...)...")."
19
20      On February 03, 2004, the Eastern District Court
21 response petitioner's writ of mandate, and clearly stated:
22 "petitioner's sought to address the judicial court system situa
23 situation on [motion requesting for final judgment], regarding
24 to (Doc.#3). Petitioner is advised that this filing after
25 judgment in this action do not relate to this action and should
26 not have been filed in this action. He must file a new action
27 and will be assigned a new case number. If petitioner seeks to
28 inquire as to the whereabouts of his Northern District action

that was intended to be transfer here in July of 2002, he must
address those inquires to the Northern District. This court has
never received that transfer order." The Eastern District filed
the <u>ordered</u> on February 02, 2004 (<u>also see</u>: **EXHIBIT [D.]**).

On July 18, 2004, Petitioner filed a "motion of
clarification" to the Northern District Court (**Cf., EXHIBIT [E.]**).
Petitioner seeking the Chief Judge(s) of the Northern District to
clarification the aforementioned case No.: [**C 02-01980 JF (PR)**]'s
statistic situation in judiciary court, and straight documents of
petitioner's current case. The Northern District Court has never
response [or answer since] Petitioner's request for clarification.


# J U R I S D I C T I O N

## [III.]


Petitioner are seeking this United States Court
of Appeals to entertain the matter is present in this case, and
which for the following reason(s):


[1.] The matter presentation in this case are dealt
with immigration (<u>quote/citation</u>: **Barapind v. Reno,** (E.D. Cal.
1999) 72 F.Supp.2d 1132**)**, treaties, foreign [**"Vietnam"**] territory
issue(s) that only cognizable by the Circuit and United States
Supreme Court(s) jurisdiction (<u>quote</u>: **Robinson v. Anderson,**
(1887) 121 U.S. 522 [30 L.ed. 1021, 7 S.Ct. 1011]; ("the core
foundation for **'direct or collateral'** review"), **Cf., n.5, e.g.**).

[2.] The issue(s) raising new "<u>federal question</u>" pursuant to 28 U.S.C. § 1331, et seq., which State Court(s) cannot have proper authority(s) to hear  or entertainment the matter.

[3.] The issue(s) rasing new [<u>prospective</u>] question(s) of this [nation] United States of America (<u>also see</u>: **I.N.S. v. St. Cyr.,** (2001) 121 S.Ct. 2271, 2282-2283, **Cf. Pub. L. 104-208, 110 Stat. 3009-3546, (1996);** ("Congress' enacted of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 **('IIRIRA')")**, is policy, regulation, and statutory laws.

[4.] It's petitioner' constitutionality right(s) to challenge any <u>warrant, hold, detainer, or indictment</u> that has brought against him duration of his imprisonment, and in any form of jurisdiction avenue.

## A R G U M E N T [S]

### [IV.]

[A.] <u>The United States District Court(s) error, misleading, and violated petitioner's ["BINAH"] legal icon or idol of judiciary proceeding (Cf., n.6, e.g.):</u>

---

n.5) Petitioner did seek lower court [United States District Court for the Northern [&] Eastern District of California] to relief his claim, but the court itself "rail-road" appellant's case around judiciary system. Petitioner also did exhaust lower court remedy, and it's took almost over three **(03)** years since appellant lodged the complaint or challenge. The attach

**(10.)**

1   On April 17, 2002, Petitioner lodged an "**In Pro.**

2   **Per./In re: "Motion for Interstate Argeement on Detainers Act**

3   **[I.A.D.], and Pursuant to Penal Code § 1389,'**" pleading, praying,

4   and challenging the I.C.E.'s agency and Judicial Court System to

5   determine whether the "detain, hold, or indictment" was against

6   petitioner were justify within proper authority(s) under the

7   "Immigration and Nationality Act ['**INA**'], (also see: **8 U.S.C. §**

8   **1101-1252, et seq.**); ("IIRIRA precluded exercise of **Article III.**,

9   jurisdiction in habeas proceeding...")), which allow the United

10  States is judiciary court(s) to determine whether the hold,

11  detainer, or indictment are proper under the validity of justice.

12

13  On July 31, 2002, the United States District Court

14  for the Northern District of California has entered an "**order**

15  **to transfer (Doc. #3)**" to another district court. The transfer

16  was done by electronically mail (quote: **Civil Local Rule ("Civ.L.**

17  **R.")**, **Rule 3-14, 5-4, et seq.**), to the United States District

18  Court for the Eastern District of California (citing: **28 U.S.C.**

19  **§ 1404(a), Cf., EXHIBIT [A.], e.g.**), and which leave Petitioner's

20  requestfor leave to proceed "**in forma pauperis.**"

21  _____

22  "**exhibit(s)**" will clearly demonstrate or showing the district
    court(s) has undermined and failed to proceed the aforementioned
23  case No.: [**C 02-01980 JF (PR)**], in proper manner, and which also
    violated petitioner's United States [&] Federal constitutionality
24  by not respectful or careful with the content of petitioner's
    alleged allegation (quote: Federal Civil Rule Procedure [**"Fed.Civ.**
25  **R.Proc.**"], **Rule 36, et seq.**].

26  **n.6)** The word "**BINAH, OKHMAH, TUSHYYAH,**" which are quote:
    "[**BINAH**]: 'understanding,' which is used to discern between truth
27  and error, and is that which is listing and makes foe one's
    success in life, Liberty and the pursuit of happiness. [**OKHMAH**]:
    'wisdom,' which points to practical acknowledge in discerning
28  between good and evil in the ordinary affairs of life. [**TUSYYAH**]:

(11.)

1    On March 17, 2003, Petitioner filed a "motion

2  requesting for final judgment" for the aforementioned case No.:

3  [C 02-01980 JF (PR)], which the magistrate judge of the Eastern

4  District Court has clearly stated: "Accordingly, **IT IS ORDERED**

5  that petitioner notify this court within twenty days whether

6  he intends his 'motion requesting for final judgment,' filed

7  on March 19, 2003, to be filed in this action, another action, or

8  a new action." The Court has imposed the  ordered on April 14,

9  2003.

10

11    On February 03, 2004, the Eastern District Court

12  has also imposed an **order**: "Petitioner is advised that his filing

13  after judgment in this action do not relate this action and should

14  not have been filed in this action. He must file a new action and

15  will be assigned a new case number. If petitioner seeks to inquire

16  as the whereabout of his Northern District action that was

17  intended to be transferred her in July, 2002, he must address

18  those inquiries to the Northern District." After petitioner have

19  has plead through motion(s) to the Eastern District Court, which

20  concern the whereabout of the aforementiioned case No.: [C 02-

21  01980 JF (PR), also see, EXHIBIT [D.], e.g.].

22

23    The district court have clearly demonstrated that

24  they obliging, contradicting, and violated petitioner's

25  _____

26  'sound wisdom,' connotes the insight of man beyond the human
to the divine realities discerned and deduced from that which
god has revealed." That brought back to historical event via
27  the United States of American (quote/compaire in part: **Article
IV., Section 3** of the Constitution for the United States (1787),
28  **United States, November 9, 1943, 57 Stat. 1164**).

**(12.)**

1   [constitutionality] right(s) to challenge his hold, detainer,

2   or indictment that has lodged against him during the course of his

3   incarceration (quote/citing/omitted: **West's Ann.Cal.Penal Code**

4   **§ 1389, Art. III., et seq.**). Petitioner has sought through

5   judiciary relief of his claim, which the district court have

6   demonstrated or act-in-an-manner of "**foul-play** or **miscarriage**

7   **of justice**" the continuously abuse legal proceeding or the

8   foundation of constitutionality the peer of the judiciary system.

9   Petitioner have provide burden of proof that the district court

10  had undermining legal process and violate petitioner's United

11  States [&] Federal Constitution  [**U.S.C.A. Const. Amend., 6.,**

12  **14., et seq.,** ("petitioner have a right to confront his accuser

13  [**Id., U.S.C.A. Const. Amend., 6.**], and challenge any hold,

14  detainer, or indictment has lodged against him duration of his

15  incarceration [**Id., U.S.C.A. Const. Amend., 14.**].")] rights.

16

17

18  [B.] **Respondent has violated  the "STATUTE OF [TIME] LIMITATION"**

19  **period to response Petitioner's aforementioned case No.: [C 02-**

20  **01980 JF (PR)]:**

21

22          Petitioner had lodged a I.A.D. motion on April

23  17, 2002, and within context of the motion has clearly stated:

24  ".....Whenver a person has entered upon a term of imprisonment

25  in a penal of correctional institution of a party state, and

26  whenever during the continuances of the of imprisonment there

27  is pending in any other party state any untried indictment,

28  information or complaint on the basis of which a detainer has

(13.)

1    been lodged against the prisoner, he **shall** be <u>brought to trial</u>

2    <u>within one-hundred-eighty (180) days</u> after he shall have caused

3    to be delivered to the <u>prosecuting officer</u> and the <u>appropriate</u>

4    <u>court</u> of the prosecuting officer's jurisdiction written notice

5    of the place of his imprisonment and his request for <u>final</u>

6    <u>disposition</u> to be made of the indictment, information, or

7    complaint (<u>quote in part</u>: **West's Ann.Cal.Penal Code § 1389, Art.**

8    **III(a), Cf., Fed.Civ.R.Proc., Rules 36,** ("allow 30 days for the

9    party(s) to response [<u>plus under local rule included 3 days</u>]

10   the alleged allegation."), <u>also compaire</u>; **83 F.Supp.2d 651).**"

11

12          Pursuant to **28 U.S.C. § 1331** are clearly stated:

13   "The district court(s) shall have original jurisdiction of all

14   civil actions arising under the <u>Constitution, laws, or treaties</u>

15   of the United States. (<u>quote/supporting case(s)</u>: **Collyard v.**

16   **Washington,** (1979, DC Minn) 477 F.Supp. 1247, **Diaz v. Haig,** (1981,

17   DC Wyo) 549 F.Supp. 1, **Yang v. Reno,** (1994, MD Pa) 852 F.Supp.

18   316; ("Controversies involving custody and detention of aliens

19   by officials of Immigration and Naturalization Service are

20   reviewable by Federal District Court..."), **Robinson, supra,** 121

21   U.S. 522, 30 L.ed. 1021; ("If averments making case arising under

22   <u>Constitution, laws, or treaties</u> of the United States appear to

23   be immaterial, espectially if they were evidently made for

24   purpose of creating case cognizable by circuit court..")). Also

25   **West's Ann.Cal.Penal Code § 1389, et seq.,** allowing petitioner

26   seeking district court(s) and demand the party(s) for an answer

27   or facing default of the said statute, which the party(s) has

28   failed to show good faith of response.

1          Therefore, petitioner requesting for default of

2    the aforementioned case No.: [C 02-01980 JF (PR)]. Respondent

3    have clearly shown, demonstrated, and deliberately delay or

4    stall petitioner's aforementioned case No.: [C 02-01980 JF (PR)],

5    and the content within the case. ["No"]; party(s) shall delay

6    or stall criminal or civil action were presented in court, and

7    which delay or stalling shall be clarification within proper

8    manner of the laws. It's been almost over three (03) years since

9    petitioner lodged the petition to the court and served all

10   party(s).

11

12

13       **P E T I T I O N E R'S   P R A Y I N G   R E L I E F**

14                     **[v.]**

15

16         Petitioner have **"show good cause"** to remove this

17   United States Court of Appeals for the Ninth Circuit of

18   California authority to grant and demand all party(s) **"default"**

19   of the aforementioned case No.: [C 02-01980 JF (PR)], for the

20   above view reason[s] that qualify for demurrer or default

21   decision --- the United States [&] Federal Government

22   jurisdiction cannot forbidden petitioner from challenging his

23   hold, warrant, detaining, or indictment duration the course

24   of his confinement. Petitioner praying under the United States

25   and Federlism Constitutionality that his right to challenging

26   any unfaithful warrant, hold, detaining, or indictment were

27   violated in the secure of judiciary system. Petitioner's I.A.D.

28   petition was not properly legal-proceeding and the party(s)

                                    **(15.)**

1   deliberately undermine, delay, or stalling the aforementioned

2   case No.: [C 02-01980 JF (PR)], without proper response. The

3   exhibit(s) have clearly demonstrate that district court wobble

4   the aforementioned case No.: [C 02-01980 JF (PR)], back and forth

5   through judiciary system, which in the future the case never

6   exist[?].

7

8          Therefore, Petitioner requesting or praying under

9   the mercy of validity of justice and United States Constitution

10   liberty rights, that his aforementioned case No.: [C 02-01980

11   JF (PR)], shall be heard within proper authorities of justice.

12   The party(s) shall waive the right to dismissal all I.N.S.'s

13   hold, warrant, detaining, or indictment that has lodged against

14   petitioner, and this court shall impose such order to grant

15   alleged allegation within this **<u>petition for mandate [&] en</u>**

16   **<u>banc statutory.</u>**"

17

18

19                    C O N C L U S I O N

20                         [VI.]

21

22          **THEREFORE;** for the above reason[s] of cause that

23   petitioner requesting this United States Court of Appeals for

24   the Ninth Circuit of California and Attorney General

25   ("Respondent") for the United States [and for State of

26   California] to **"<u>order of dismiss, demurrer:</u>** or brought all the

27   warrant, hold, detaining, and indictment action that has lodged

28   against appellant by the authority of I.C.E. (or I.N.S.), action

                              (16.)

1   shall delete from California Department of Corrections ("CDC")'s

2   system ---- and all document(s) of hold, warrant, detaining,

3   or indictment shall be destroy [for future term]. Let the

4   exhibit(s) demonstrate itself and show the court the validity

5   of justice (quote: **Hutchison v. Bell,** (6th Cir. 2002) 303 F.3d

6   720, **McCleskey v. Zant,** 499 U.S. 467 [113 L.Ed.2d 517, 111 S.Ct.

7   1454]; (compaire: **"Act of 1789, ch. 20, § 14"**), **Schlup v. Delo,**

8   (1995) 513 U.S. 298 [130 L.Ed.2d 808, 115 S.Ct. 851])."

9

10

11  **DATED:** December 24, 2004

12

13

14  _____

               /S/ Respectfully Submitted

15

16       NAME : QUOC XUONG LUU
     CDC #: (P-22522)

17       Dorm#: (19-226L)
     California State Prison **(C.S.P.)**-Solano

18       Post Office Box 4000
     Vacaville, California 95696-4000

19

20

21

22

23

24

25

26

27

28

(17.)

# EXHIBIT I

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**JAN 2 0 2005**

CATHY A. CATTERSON CLERK
U.S COURT OF APPEALS

| | |
|---|---|
| In re: QUOC XUONG LUU. | No. 04-76772 |
| QUOC XUONG LUU, | D.C. No. CV-02-01980-JF(PR)<br>Northern District of California,<br>San Francisco |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF<br>CALIFORNIA, | |
| Respondent, | |
| UNITED STATES OF AMERICA, | |
| Real Party in Interest. | |

**FILED**

JAN 2 1 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Before: BEEZER, HALL and SILVERMAN, Circuit Judges

Petitioner has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus. *See Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir. 1977). Accordingly, the petition is denied.

S:\MOATT\Panelord\01.10.05\orders\id3\04-76772.wpd

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 2 0 2005

by: *Bradley Ybarra*
Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
04-76772 Luu, et al v. USDC-CAN

⌐ re: QUOC XUONG LUU


-------------------------

QUOC XUONG LUU                    Quoc Xuong Luu
        Petitioner               P-22522
                                 [COR LD NTC prs]
                                 CSPSOL - CALIFORNIA STATE
                                 PRISON (SOLANO)
                                 P.O. Box 4000
                                 Vacaville, CA 95696-4000


     v.

UNITED STATES DISTRICT COURT     No appearance
FOR THE NORTHERN DISTRICT OF     [COR LD]
CALIFORNIA
        Respondent

UNITED STATES OF AMERICA         No appearance
        Real Party in Interest   (See above)
                                 [COR LD]

**FILED**

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**280 South First Street**
**San Jose, California 95113**

www.cand.uscourts.gov

**JAN 2 5 2005**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Richard W. Wieking
Clerk

General Court Number
408.535.5364

January 25, 2005

CASE NUMBER:    **CV 02-01980 JF**
CASE TITLE:    **QUOC X. LUU-v- USA**
DATE MANDATE FILED:  1/21/05

TO COUNSEL OF RECORD:

The mandate of the United States Court of Appeals for the Ninth Circuit has been filed in

the above captioned case.

Sincerely,

RICHARD W. WIEKING, Clerk

by: Gordana Macic
Case Systems Administrator

Distribution:  CIVIL    -    Counsel of Record

CRIMINAL  -    Counsel of Record
U.S. Marshal (Copy of Mandate)
U.S. Probation Office

NDC App-16

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# F I L E D

FEB 0 4 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: QUOC XUONG LUU, | No. 04-76772 |
| QUOC XUONG LUU, | D.C. No. CV-02-01980-JF(PR)<br>Northern District of California,<br>San Francisco |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF<br>CALIFORNIA, | |
| Respondent, | |
| UNITED STATES OF AMERICA, | |
| Real Party in Interest. | |

Petitioner's request for an extension of time to move for reconsideration of the court's January 20, 2005 order is granted. Petitioner has until February 28, 2005, to move for reconsideration. *See* 9th Cir. R. 27-10.

For the Court

Ila Deiss
Motions Attorney/Deputy Clerk
9th Cir. R. 27-7
General Orders/Appendix A

S:\MOATT\Clrkords\02.05\id\04-76772.wpd

# EXHIBIT J

NAME:
CDC #: (P-2252 )
Dorm#: (19-226L)
California State Prison (C.S.P.) - Solano
P.O. Box 4000
Vacaville, California 95696-4000


IN PROPRIS PERSONA




UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT




| | |
|---|---|
| In re: QUOC XUONG LUU,<br>　　　Petitioner/Plaintiff,<br><br>vs.<br><br>IMMIGRATION & CUSTOMS ENFORCEMENT,<br>(I.C.E.), et al.,<br>UNITED STATES DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA,<br>　　　Respondent/Defendant,<br>UNITED STATES OF AMERICA,<br>　　　Real Party in Interest. | United States Court of<br>Appeals Docket Number:<br>[04-76772]<br><br>United States District<br>Court Docket Number:<br>[C 02-01980 JF (PR)]<br><br>**PETITIONER'S MOTION<br>FOR RECONSIDERATION,<br>AND SUPPORTING BY<br>MEMORANDUM AND POINTS<br>OF AUTHORITIES.** |




I N T R O D U C T I O N

[I.]


On December 24, 2004, Petitioner filed **"Petition for Mandate [&] En Banc Statutory,"** which this court recognized as "extraordinary remedy of mandamus" proceeding --- and the Court deleting petitioner's requesting "en banc" procedure and filed on December 30, 2004. On January 20, 2005, the Court has

1    "order" of denied of petitioner's writ of mandamus. (See,

2    **Bauman v. United States Dist. Court,** (9th Cir. 1977) 557 F.2d

3    650). The Court also stated: "Petitioner has not demonstrated

4    that this case warrants the intervention of this court by means

5    of the extraordinary remedy of mandamus." The Court also issued

6    a copy[s] to the party[s] on January 25, 2005.

7            On January 28, 2005, Petitioner lodged a **"motion**

8    **for extension of time to preparing En Banc,"** which the Court

9    acknowledgment that plaintiff seeking for **"motion for**

10   **reconsideration."** On February 09, 2005, Petitioner received an

11   **"order"** that the Court has granted his motion for extension of

12   time.

13

14

5                S T A T E M E N T   O F   F A C T [S]

16       FOR  AFOREMENTIONED  DOCKET  NUMBER:  [CV-02-01980 JF (PR)]

17                              [II.]

18

19            On April 17, 2002, Petitioner challenge the

20   Immigration & Naturalizing Service ["I.N.S."], to determined

21   whether the hold, detaining, warrant, or indictment that lodged

22   against him. (Also see, **Cal.Penal Code § 1389,** statute, **cf.**).

23   The United States District Court for the Northern District of

24   California log the aforementioned case No.: [CV-02-01980 JF

25   (PR)], and which the district court has "ordered" a transfer

26   of the case (See, Docket no. 3). to the Eastern District Court

27   on July 31, 2002. The Eastern District Court did not

ɔ    acknowledged the transfer existence (also, **cf.,** EXHIBIT [A.]-

                              (02.)

[E.], of "Petition for Mandate" which dated on December 24,
2004, e.g.).

Petitioner has challenge the I.N.S. [--which
after September 11, 2001, the I.N.S. had rename their agency
into Immigration and Customs Enforcement ("I.C.E."), agency--]
to determined that the hold, warrant, detaining, or indictment
were properly issued, and deem the party[s] to brought plaintiff
to justice for facing those alleged allegation against him.
Plaintiff also challenge the Respondent that under the United
States and Federal Constitutionality which allow him to confront
(quote/citation/omitted: U.S.C.A. Const. Amend. 6, et seq.)
accuser before judicial system (also, cf., U.S.C.A. Const. Amend.
14, et seq., "Due Process" rights), and allow that person to
have a "fair trial" of his/her indictment, warrant, or
unfaithful allegation brought before him.


**M E M O R A N D U M   A N D**

**P O I N T S   O F   A U T H O R I T I E S**

**[III.]**


**[A.] Petition  for Mandate [--mandamus--] proceeding are proper
and with denial could lead prejudice:**


On December 24, 2004, petitioner sought this
Court for relief of aforementioned docket No.: [CV-02-01980 JF
(PR)], and which the court denied his allegation (quote/citing:

(03.)

1    **Bauman v. United States,** (9th Cir. 1977) 557 F.2d 650), without

2    properly supporting by the statutory reasonable cause. This Court

3    have misinterpretation petitioner's allegation or claim[s] within

4    the mandamus. Petitioner has clearly demonstrated the allegation

5    in the mandamus, and seeking this court to injunction district

6    court for aforementioned case No.: **[CV-02-01980 JF (PR)],** which

7    determined the case were vanish through judicial system.  The

8    district court also violated petitioner's **Fourteenth Amendment**

9    **[cf., U.S.C.A. Const. Amend. 14, et seq.,** "<u>Due Process</u>"] right,

10   when the Northern District transfer (docket no. 3) to Eastern

11   District Court --- and the core of that action deliberately

12   underlying the **Sixth Amendment** [<u>also</u>, **cf., U.S.C.A. Const. Amend.**

13   **6, et seq.,** "<u>rights to confront his/her accuser [&] have fair</u>

14   <u>proceeding</u>"].

5

16   This Court [<u>citing</u>] has relied on **Bauman v. United**

17   **States, supra,** 557 F.2d 650, and which had held that: "...the

18   challenge to the federal appellate courts has been to formulate

19   objective principles to guide the exercise of their section 1651

20   power."  Which petitioner clearly sought the court of appeals

21   for similarly injunction the district court to honor the

22   allegation that he has submitted on April 17, 2002. **(Cf.,**

23   **Cal.Penal Code § 1389, Article III,** <u>also see</u>, **e.g.,** 28 U.S.C.S.

24   **§ 1291, § 1292,** et seq., <u>quote</u>: **United States v. Yeager,** (6th

25   Cir. 2002) 303 F.3d 661, (Section 1291 cloaks appellate courts

26   with appellate jurisdiction over "final decisions of the

27   district courts of the United States."), **[Ibid,** at 665 **n.6-8]).**

J

1    [B.] <u>Scope into 28 U.S.C.S. §§1651, § 1291, § 1292, statutes</u>

2    <u>to determining proper function to merit the allegation</u>:

3

4             Petitioner has challenge the district courts of

5    the United States or federal judicial system that his I.N.S.

6    warrant, detaining, hold, or indictment against him were

7    unfaithful under the **Title 8,** of the **United States Code**

8    **Supplemental ["U.S.C.S."], Section 1-Index.** Petitioner provoke

9    this proceeding under the statute of **Cal.Penal Code § 1389,**

10    **Article I-IX, et seq.,** and which allow the courts of that

11    jurisdiction venue to proceed the matter within a time frame

12    of 180 days to brought plaintiff before the court or facing

13    demurrer and/or default. (<u>Also</u>, **cf., Cal.Penal Code § 1389, Art.**

14    **III, et seq.**) There are not any barricade forbidden petitioner

15    from challenge his I.N.S.'s warrant, hold, detaining, or

16    indictment duration of his confinement under the State of

17    California' jurisdiction.

18

19             Petitioner had entered the United States of

20    America under refugee status which the I.N.S could not

21    deportation him under 8 U.S.C.S. § 1253(h), § 1101(a)(42)(A),

22    <u>also see</u>, **I.N.S. v. Stevic,** (1984) 467 U.S. 407 [81 L.Ed.2d 321,

23    104 S.Ct. 2489]. How could the I.N.S. put a hold, warrant,

24    detaining, or indictment against petitioner without proper

25    authority[s] to determined that he illgeally entry this nation/

26    country["?"]. (<u>Citing</u>: 8 U.S.C.S. § 101(a)(42)(A), ("<u>Sufficiency</u>

27    <u>of Evidence to Establish Alien's</u> **Well-Founded Fear** <u>of</u>

   <u>Persecution Entitling Alien to Status of Requee</u>.").

1    The district courts of the United States refused
2    to acknowledged petitioner's allegation and tried to **"sweep"**
3    the allegation under the rug. Under the **28 U.S.C.S. § 1651,** had
4    clearly stated: "**(a)** The Supreme Court and all courts established
5    by Act of Congress may issue all writs necessary or appropriate
6    in aid of their respective jurisdictions and agreeable to the
7    usages and principles of law. **(b)** An alternative writ or rule
8    **nisi** may be issued by justice or judge of a court which has
9    jurisdiction." (Also, cf., **28 U.S.C.S. § 1292,** "Interlocutory
10   Decision"). [A]s the court in **Los Angeles Brush Mfg. Co. v.**
11   **James,** (1927) 272 U.S. 701, 706 [71 L.ed. 481, 483, 47 S.Ct.
12   286], has pointed out that: "....[W]here the subject concerns
13   the enforcement of the . . . [r]ules which by law it is the
14   duty if this Court to formulate and put in force," mandamus
5    should issue to prevent such action thereunder so palpably
16   improper as to place it beyond the scope of the rule  invoked."
17   The two key [function] sections of the United States Code
18   address those issues directly: **28 U.S.C.S. § 1651** (the All Writs
19   Act) and **28 U.S.C.S. § 2283** (the Anti-Injunction Act).
20
21   The prejudice have clearly shown and/or
22   demonstrated by the Respondent, which has refused to acknowledge
23   the allegation existence. The Supreme Court in **Parr v. United**
24   **States,** 351 U.S. 513 [76 S.Ct. 638, 100 L.ed. 1377 (1956)], has
25   explained that: "[i]n general, a 'judgment' or 'decision' is
26   final for purposes of appeal only 'when it terminates the
27   litigation between the parties on the merits of the case, and
3    leaves nothing to be done but to enforce by execution what

**(06.)**

1   has been determined.' [**Ibid.,** 351 U.S. at 518] (<u>Also governing</u>
2   <u>factual view</u>: **Domino Suger Corp. v. Suger Workers Local Union**
3   **392,** 10 F.3d 1064, 1067 (4th Cir. 1993) (holding that "a
4   plaintiff may not appeal the dismissal of his complaint without
5   prejudice..."), **Camp, Inc.,** 273 F.3d 1271, 1275 (10th Cir. 2001)
6   ("The critical determination [as to whether an order if final]
7   is whether plaintiff has been effectively excluded from federal
8   court under the present circumstances.")."

9

10  Therefore, this court have prompt authority to
11  performance under the <u>colorable of law</u> that the district court
12  deliberately violated his constitutionality. Accordingly, this
13  court should injunction the district court and/or Respondent
14  to entertained [---aforementioned case No.: [CV-02-01980 JF
15  (PR)]---] without prejudice .... which has been over three (03)
16  years since action was lodged. Petitioner requesting the court
17  to conclusion this allegation with honorarium demurrer the
18  hold, detaining, warrant, or indictment was lodged against him
19  by the Respondent --- due to the time-limitation that Respondent
20  took or delay the time frame within the **Cal.Penal Code § 1389,**
21  **Art. III,** statute.

22

23

24       **P E T I T I O N E R'S   P R A Y I N G   R E L I E F**
25                          **[IV.]**

26

27       Petitioner could invervention this Court for
ɟ   extraordinary proceeding, and provoking this Court such

                          **(07.)**

1   proceeding pursuant to **28 U.S.C.S. § 1651, § 1292,** that could

2   act and/or exercise the authorities to injunction district court

3   or Respondent to performance his allegation that was issued on

4   April 17, 2002. (<u>Governing case[s] view factual</u>: **Bollotin v.**

5   **Workman Service Co.,** 128 Cal.App.2d 339, 275 P.2d 599 (1945)

6   (Purpose of writ of mandate is to enforce performance of acts

7   which the law specially enjoins as a duty resulting from office,

8   trust or station, etc....), **Forest Lawn Co. v. City Council of**

9   **West Covina,** 244 Cal.App.2d 343, 53 Cal.Rptr. 452 (1966, 2nd

10  Dist.) (The function of the writ of mandate is to compel the

11  performance of a duty which the law specifically requires and

12  which existed at the time of the alleged failure to act.), **Moody**

13  **v. United States,** 874 F.2d 1575 (1989, CA11 Ga.) (Claim of

14  newly discovered <u>relevant only to guilt or innocence of</u>

15  <u>petitioner is not cognizable in **coram nobis** proceeding.).)

16  Could this court **coram nobis** the validity of nature that the

17  evidence[s] or material[s] petitioner has submitted clearly

18  demonstrated his **Sixth [&] Fourteenth Amendments** Constitution

19  of the United States and Federalism["?"]. Petitioner just

20  seeking this court to evaluated the evidence[s] or material[s]

21  has presentation before the Court that the Respondent had

22  deliberately underlying the fundamental principles of criminal

23  [&] civil proceeding. Therefore, Petitioner requesting the

24  Respondent to demurrer the dentaining, hold, warrant, or

25  indictment that has lodged against him from the I.N.S. agency,

26  and it's shall served the "order" to the California Department

27  of Corrections ["**C.D.C.**"], which deleting any kind of hold,

28  warrant, detaining, or indictment from the Respondent's agency.

(08.)

# C O N C L U S I O N

## [v.]

In every criminal proceeding, a defendant have a right to confront his/her accuser before grand jury or have a fair proceeding. Its' also apply in civil matter, and that application could not bar with "due process" violation. In Civil matter and/or proceeding, petitioner could challenge or requesting the Courts to upheld litigation or statutory manner of the authority[s] to allow the courts performance the duty that require (cf., U.S.C.A. Const Amend. 14, et seq.). Therefore, the Fourteenth Amendment allow petitioner[s] of criminal terminology challenging the core of **Cal.Penal Code § 1389, et seq.,** and utilize the statute to provoking the judicial system proceed any hold, warrant, detaining, or indictment has lodged against him by the I.N.S. agency.

**DATED: February 17, 2005**

/S/ Respectfully Submitted

NAME : QUOC XUONG LUU
CDC #: (P-22522)
Dorm#: (19-226L)
California State Prison (C.S.P.) –
                              Solano
P.O. Box 4000
Vacaville, California 95696-4000

**(09.)**

# EXHIBIT K

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



F I L E D

MAR 1 1 2005

CATHY A. CATTERSON, CLERK
U.S COURT OF APPEALS

| | |
|---|---|
| In re: QUOC XUONG LUU. | No. 04-76772 |
| QUOC XUONG LUU, | D.C. No. CV-02-01980-JF(PR)<br>Northern District of California,<br>San Francisco |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF<br>CALIFORNIA, | |
| Respondent, | |
| UNITED STATES OF AMERICA, | |
| Real Party in Interest. | |

Before: BEEZER, HALL and SILVERMAN, Circuit Judges

The motion for reconsideration is denied. *See* 9th Cir. R. 27-10.

No further motions for reconsideration, rehearing, clarification, stay of the

mandate, or any other submissions shall be filed or entertained in this closed

docket.

S:\MOATT\Panelord\02.05\id\04-76772.wpd

# EXHIBIT L



## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| **In re:** QUOC XUONG LUU. | ) | United States Court of Appeals Docket Number: **[04-76772]** |
| | ) | |
| | ) | |
| QUOC XUONG LUU, | ) | |
| Petitioner/Plaintiff, | ) | United States District Docket Number: **[C-02-01980 JF (PR)]**, Northern District of California, San Francisco. |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| IMMIGRATION & NATURALIZING SERVICE, **(I.N.S.), et al.,** UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, Respondent/Defendant, | ) ) ) ) ) | |
| | ) | |
| UNITED STATES OF AMERICA, Real Party in Interest. | ) ) | |

## PETITION FOR REHEARING "EN BANC"

```
NAME : QUOC XUONG LUU
CDC #: (P-22522)
Dorm#: (19-226L)
California State Prison (C.S.P.)-Solano
Post Office Box 4000
Vacaville, California 95696-4000
```

# T A B L E   O F   C O N T E N T

Page[s]

INTRODUCTION  [I.] ..................................... .2

STATEMENT OF FACT[S] FOR AFOREMENTIONED DOCKET ...........2,3
NUMBER: [CV-02-01980 JF (PR)]  [II.]

JURISDICTION  [III.] ...................................4

ISSUE[S] AND/OR ARGUMENT[S]  [IV.] .....................6

            [A.] Determined whether "Cal.Penal .........6
                 Code § 1389" qualify to
                 challenge INS's hold, warrant,
                 detainer, or indictment.

            [B.] The United States District ............8
                 Court(s) erroneous, misleading,
                 or "rail-road" petitioner's
                 legal icon or idol prinsiples
                 of judiciary proceeding.

            [C.] Respondent has shown violation .......12
                 the "STATUTE OF [TIME]
                 LIMITATION" period to responded
                 Petitioner's allegation[s].

PETITIONER'S PRAYING FOR RELIEF   [V.] ....................14

CONCLUSION   [VI.] ..................................... 15

## T A B L E   O F   A U T H O R I T I E S

### Case[s]                                                            Page[s]

Bauman v. United States Dist. Court, (9th Cir. 1977)      4
557 F.2d 650

Robinson v. Anderson, 121 U.S. 522 [30 L.ed. 1021, 7     4, 13
S.Ct. 1011 (1887)]

Barapind v. Reno, (E.D. Cal. 1999) 72 F.Supp.2d 1132     4

INS v. St. Cyr., (2001) 121 S.Ct. 2271, 2282-2283        4

Giarratano v. Murrary, 668 F.Supp. at 514                10

Collyard v. Washington, (1979, DC Minn.) 477 F.Supp. 1247   13

Diaz v. Haig, (1981, DC Wyo) 549 F.Supp. 3               13

Yang v. Reno, 852 F.Supp. 316 (1994, MD Pa.)             13


### United States, Federal, State of California Statutory and/or Code[s]

Federal Rule of Appellate Procedure ["FRAP"], Rule 3(a)    1
Federal Rule of Appellate Procedure ["FRAP"], Rule 35      1
Federal Rule of Appellate Procedure ["FRAP"], Rule 44      1


California Penal Code ["Cal.Penal Code or West's          3,6,7
Ann.Cal.Pena Code"], Section 1389                         8,12,13
                                                          14,15

Ninth Circuit ["9th Cir. R."], Rule 27-10                4


United States Code ["U.S.C."], 28 U.S.C. § 1651          5
United States Code ["U.S.C."], 28 U.S.C. § 1291          5
United States Code ["U.S.C."], 28 U.S.C. § 1292          5
United States Code ["U.S.C."], 28 U.S.C. § 1331          5,13


United States Code Annotated ["U.S.C.A."], Fourteenth    5,10,14
Amendment (U.S.C.A. Const. Amend. 14)

## T A B L E   O F   A U T H O R I T I E S, (continues)

| United States, Federal, State of California Statutory and/or Code [s] | Page[s] |
| --- | --- |
| Public Law ["Pub. L."], 104-208, 110 Stat. 3009-3546 (1996) | 5 |
| United States Code Annotated ["U.S.C.A."], Sixth Amendment (U.S.C.A. Const. Amend. 6) | 5,8,14 |
| Ninth Circuit ["9th Cir. R."], Rule 17-1.2 | 6 |
| Ninth Circuit ["9th Cir. R."], Rule 17-1.3 | 6 |
| California Penal Code ["Cal.Penal Code"], Section 1381 | 7,8 |
| United States Code Supplemental ["U.S.C.S."], 8 U.S.C.S. § 1101-1252 | 8 |
| Civil Local Rule ("Civ.L.R."), Rule 3-14 | 9 |
| Civil Local Rule ("Civ.L.R."), Rule 5-4 | 9 |
| United States Code ["U.S.C."],  28 U.S.C. § 1404(a) | 9 |
| Act of February 5, 1867, ch. 28, § 1, 14 Stat. 385-386 | 10 |
| United States Code ["U.S.C."], 28 U.S.C. § 2243 (1994) | 10 |
| Federal Rule of Civil Procedure, Rule 6 | 12 |

NAME : QUOC XU
CDC #: (P-22522)
Dorm#: (19-226L)
California State Prison (C.S.P.) - Solano
Post Office Box 4000
Vacaville, California 95696-4000


**IN PROPRIS PERSONA**


## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT


| | |
|---|---|
| **In re:** QUOC XUONG LUU. | ) |
| | ) United States Court of |
| | ) Appeals Docket Number: |
| QUOC XUONG LUU, | ) [04-76772] |
| | ) |
|     Petitioner/Plaintiff, | ) United States District |
| | ) Docket Number: [C-02- |
| | ) 01980 JF (PR)], Northern |
| vs. | ) District of California, |
| | ) San Francisco. |
| | ) |
| IMMIGRATION & NATURALIZING SERVICE, | ) |
| (I.N.S.), et al., | ) |
| UNITED STATES DISTRICT COURT FOR THE | ) |
| NORTHERN DISTRICT OF CALIFORNIA, | ) |
| | ) |
|     Respondent/Defendant, | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Real Party in Interest. | ) |


### PETITION  FOR  REHEARING  "EN  BANC*"

*) Pursuant to Federal Rule of Appellate Procedure ("FRAP"), 3(a),
35, 44, et seq., allow petitioner provoking and/or requesting
the Court of Appeals to hearing or rehearing case(s) **en banc** that

## I N T R O D U C T I O N

[I.]

Petitioner/Plaintiff, **QUOC XUONG LUU,** is current in custody of the State of California and/or incarcerated or imprisonment at the California State Prison (C.S.P.) – Solano's facility. Petitioner are challenge the United States and Federal Constitutional [rights] whether he could face his indictment that the Immigration & Naturalizing Service ("INS")'s hold, warrant, detainer, or indictment against plaintiff duration of his confinement at the State of California's custody. There are not in any formal constitutionality bar and/or disbarment him from challenging the United States and Federal's authorities to entertain of said allegation[s]. The Federal Judicial Courts deliberately undermining the idol of the constitutionality that bar plaintiff's allegations with prejudice. [B]ecause this issue has never brought before the court(s) ---- and let the history of litigation reflect that this route does not challenge properly, therefore, could the constitutionality allow such allegations to be served as in honor of this nation's liberty interest.

## S T A T E M E N T   O F   F A C T [S]

### FOR AFOREMENTIONED DOCKET NUMBER: [CV-02-01980 JF (PR)]

dealt: "...with citation to the conflicting case or cases . . . . consideration by the ful court is therefore necessary to secure and maintain uniformity to the court's decision."
//
/

[II.]

On April 17, 2002, Petitioner lodged an alleged allegations challenge the INS to determined whether the "hold, detaining, warrant, or indictment" that has filed against him. (Also, cf, Cal.Penal Code § 1389, statutory of the State of California, see also attach, EXHIBITS [A.].) The United States District Court for the Northern District of California loged the aforementioned docket No.: [CV-02-01980 JF (PR)], and which the district court has "ordered" a transfered of the case (also see attach, EXHIBITS [B.]) to the Eastern District Court, which dated July 31, 2002. After petitioner have filed a motion entitled "requesting for final judgment (dated March 19, 2003)," which the Eastern District Court did not acknowledged such transfered [existence] occur from the Northern District Court (also see, EXHIBITS [C.]). On April 25, 2003, Petitioner has filed, entitled motion "sought to address the judicial court system" regarding to the motion for final judgment, which the Eastern District Court responded with great [deal] respect and recommend petitioner seeking for clarification back to Northern District Court (see attach, EXHIBITS [D.] - [G.], et seq). On December 11, 2003, Petitioner filed a "writ of mandate" to the Eastern District Court which clearly requesting the district court to render authority to the aforementioned docket No.: [CV-02-01980 JF (PR)]. (See attach, EXHIBITS [F.].) The "Motion for Clarification" was filed on July 18, 2004 (also, cf, EXHIBITS [G.]).

(03.)

On December 24, 2004, Petitioner filed **"petition for mandate"** to this Court of Appeals, which "ordered" for denial of petitioner's writ of mandamus (citing, **Bauman v. United States Dist. Court,** (9th Cir. 1977) 557 F.2d 650, also see attach, **EXHIBITS [H.] - [I.], cf.**). On Janaury 28, 2005, Petitioner lodged a motion entitled **"extension of time"** which the Court have granted and allow him to prepare a motion for reconsideration. **(Cf., EVIDENCES [1.].)** On March 17, 2005, Petitioner received an "ordered" which dated March 11, 2005, that this Court of Appeals denied his motion for reconsideration (see, **9th Cir. R. 27-10**). (Also, **cf, EXHIBITS [I.].)**

# J U R I S D I C T I O N

## [III.]

Petitioner provoking federal judicial court[s] remedy(s) to entertain such allegations within the aforementioned docket No.: **[04-76772]**, for the following reason[s]:

[1.] The allegations are presentation within this case are dealt with immigration (quote/citing, **Barapind v. Reno,** (E.D. Cal. 1999) 72 F.Supp.2d 1132), treaties tied, foreign territory ["Vietnam" Country] issue(s) that only cognizable by the Court of Appeals and United States Supreme Court jurisdiction (see, **Robinson v. Anderson,** 121 U.S. 522 [30 L.ed. 1021, 7 S.Ct. 1011 (1887)]; ("the core foundation and/or

(04.)

governing factual for 'direct or collateral' review"), also,
cf, n.1, e.g.).

[2.] The allegation(s) have raising with the
questions of principles of the constitutionality or liberty when
the judicial system have been abuse and/or provoking such right
of a person[s] --- and newly federal question[s] pursuant to
28 U.S.C. §§ 1651, 1291, 1292, 1331, et seq., which State court(s)
cannot have  proper authorities to hear or entertain such matter.

[3.] The issue(s) raising are newly prospective
question(s) of the United States of Americas policy, regulation,
and statutory [constitutional] laws. (See, INS v. St. Cyr., (2001)
121 S.Ct. 2271, 2282-2283, also, cf, Pub. L. 104-208, 110 Stat.
3009-3546, (1996); ("Congress' enacted of the Illegal Immirgation
Reform and Immirgation Responsibility Act of 1996 ('IIRIRA').")

[4.] Under the Fourteenth Amendment [U.S.C.A.
Const. Amend. 14, et seq., "Due Process, Liberty, or Rights to
Grievance his/her's indictment"], and the Sixth Amendment
[U.S.C.A. Const. Amend. 6, et seq., "Right to Jury Trial, Confront
his/her's accuser, Fair Trial, and/or facing his/her's indictment")
Constitutional Right[s] allow petitioner challenging his "warrant,
hold, detainer, or indictment" that was lodged against him by
the INS's agency.

n.1) Petitioner did seek lower federal court(s) remedies to relief
his claim and/or allegations, but which the district court(s)
"rail-road" his case around judicial's penal system for almost

## I S S U E [S]   A N D / O R   A R G U M E N T [S]

### [IV.]

### [A.] Determination whether "Cal.Penal Code § 1389" qualify to challenge the INS's hold, warrant, detainer, or indictment.

Pursuant to **Cal.Penal Code § 1389** statute have clearly stated: "It is purpose of this agreement to encourage the [**expenditions**] and [**orderly**] disposition of such charge(s) determination of the proper statutes of any all detainers based on untires indictment, hold, warrant, or indictment (also, cf, **West's Ann.Cal.Penal Code § 1389, art. I.,** emphasis added).

......whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, or complaint on the basis of which detainer has been lodged against prisoner, he **shall** be brought to trial within one-hundred-eighty (180) days after he shall have caused to be delivered to the prosecutor officer and the appropriate court of the prosecuting officer's jurisdiction... (also see, **West's Ann.Cal.Penal Code § 1389, art. III(a),** original opinion, cf, e.g., **9th Cir. R. 17-1.2 and 17-1.3,** for governing opinion)

....in the event that an action on the indictment or information and/or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided

over three (3) years since petitioner have lodged the complaint and/or challenge. The attach **"exhibit(s)"** will demonstrated or showing it's true color that the district court(s) has undermined the case.

(06.)

in **Article III** or **Article IV** hereof, the appropiate court of
the jurisdiction where the indictment, information, or complaint
has been pending shall enter an order dismissing the same with
prejudice, and any detainer based thereon shall cease to be of
any force or effect. **(West's Ann.Cal.Penal Code § 1389, art.
IV(c).)**"


        The State of California    Legislature has passed
**Cal.Penal Code § 1381**, to allow prisoner[s] challenging his
warrant, detainer, hold, or indictment has been issued by other
local county jurisdiction within the State of California. The
statute of **Cal.Penal Code § 1381, et seq.,** clearly stated: "...a
prisoner[s] while incarcerated under the supervision of the
California Department of Corrections ["CDC"], can demand the
Officer[s] of the Court [--District Attorney or Defense Counsel--]
or Superior Court of that local county jurisdiction. The trial
court shall within the time-frame of ninty (90) days to relief
any hold, warrant, detaining, or indictment that has been lodged
against that prisoner[s]." Any party(s) --- Trial Court or
Prosecutor --- violated that statute of 90 days time-frame will
be facing default and demurrer the indictment[s] in the further
of justice.


        The **Cal.Penal Code § 1381** statute could not
provoke the challenge within the Federal or United States Supreme
Court's jurisdiction when the statute was built within State's
jurisdiction only --- and the statute does not dealt with federal

law[s]. [B]ut the **Cal.Penal Code** § 1389 have the same definition
as the **Cal.Penal Code** § 1381, which the different are the time-
frame and jurisdiction venue. Pursuant to **Cal.Penal Code** § 1389
allow prisoner[s] to challenge any warrant, hold, detainer, or
indictment within other State[s] and/or United States's angecy or
government jurisdiction. (<u>Also</u>, cf., **West's Ann.Cal.Penal Code**
§ 1389, arts. I through II., et seq.) Therefore, both statutes
have the same idol that relief a prisoner[s] from suffering any
hold, warrant, detaining, or indictment during the time of his
incarceration --- principles. The different between both statutes
is the jurisdiction boundary from State[s] and Federal Government
territory. (<u>Also</u>, cf, **U.S.C.A. Const. Amend. 6, et seq.**, "<u>Rights</u>
<u>to confront his accuser, fiar trial, or facing his indictment</u>".)


       Whether the **Cal.Penal Code** § 1389 statute have
qualification to challenge federal judicial court[s] to entertain
the INS's warratn, hold, detainer, or indictment was lodged
against petitioner[?]. --- and what [<u>kind or formal</u>] under the
United States and/or Federal Counstitutional Rights that forbidden
him from challenge such indictment duration of confinement[?].


[B.] <u>**The United States District Court(s) erroneous, misleading,**</u>
<u>**or "rail-road" petitioner's legal icon or idol principles of**</u>
<u>**judiciary proceeding.**</u>


       On April 17, 2002, Petitioner lodged a motion for

interest agreement on detainer act, pleading, praying, and/or challenging the INS's agency or Judicial Court[s] to determine whether the "detaining, hold, warrant, or indictment" was proper justify or authorities under the "Immigration and Nationality Act ('INA'), also see, 8 U.S.C.S. § 1101-1252, et seq, cf, "IIRIRA preclude exercise of Article III, jurisdiction in habeas proceedings...," which allow the United States Supreme Court or judicial court[s] to determining validity outcome. On July 31, 2002, the Northern District Court "ordered" a transfer of the aforementioned docket No.: [CV-02-01980 JF (PR)], also, cf, EXHIBITS [B.]. (Citing: Civil Local Rule ("Civ.L.R."), Rule 3-14, 5-4, et seq., quote, 28 U.S.C. § 1404(a).) The Northern District Court leave request to proceed "In Forma Pauperis."

On March 17, 2003, Petitioner filed an entitled motion requesting for final judgment (also, cf, EXHIBITS [C.]), which the Eastern District Court have clearly stated: "Accordingly, IT IS ORDERED that petitioner notify this court within 20 days whether he intends his 'motion requesting for final judgment,' filed on March 19, 2003, to be filed in this action, another action, or a new action." On February 03, 2004, Petitioner respond the Eastern District Court's ordered (also see, EXHIBITS [D.] - [E.], et seq.) On December 11, 2004, Petitioner filed a "writ of mandate" to Eastern District Court to render authority of the aforementioned case No.: [CV-02-01980 JF (PR)], also see, EXHIBITS [E.], e.g., also, cf, EXHIBITS [F.].

The Northern District Court have clearly demonstrated bias, due process, or delibertately different [cf, **U.S.C.A. Const. Amend. 14, et seq.**, "<u>with prejudice practice that undermined or underlying the principles of judicial system or idol purpose</u>"], that violated petitioner's constitutionality right(s) to challenge his hold, warrant, detainer, or indictment that has lodged against him. Petitioner has sought through proper panel of judiciary and constitutionality for relief of his allegations --- which the Northern District Court have clearly demonstrated or act-in-a-manner of "**<u>foul-play/miscarriage of justice</u>**" that continuously abuse legal authorities of the judicial's principals. Petitioner have provide sufficient evidence, exhibit[s], or material[s] that <u>burden of proof</u> the district court had undermining legal proceedings and deliberately violated petitioner's **Sixth & Fourteenth Amendments** rights.

The Court of **Giarratano v. Murray**, 668 F.Supp. at 514, held that: "Prisoner[s] have a **<u>due process</u>** right to '[m]eaningful access' to the courts which includes the requirement that States which do not make legal services attorneys available to indigent prisoner[s] adequate.... [<u>emphasis added from original</u>]." (<u>Also</u>, **cf**, Federal Habeas Corpus Act of 1867, "federal courts have had the authority and responsibility to 'hear and determine the facts, and dispose of the matter as law and justice require.'" (**Act of February 5, 1867, ch. 28, § 1, 14 Stat. 385-386, <u>currently codified</u>, 28 U.S.C. § 2243** (1994).)

The United States Constitution, **Article VI,**
**cl. 2,** have clearly stated: "This Constitution, and the Laws if
the United States, which shall be made in Pursuance thereof;
and all Treaties made, or which shall be made, under the Authority
of the United States shall be the supreme Law of the [several
States, and of their Citizens and inhabitants] Land; and Judges
[in the several] every State[s] shall be bound thereby in their
[Decision], any Thing in the Constitutions or Laws of [the
several] any State[s] to the Contrary notwithstanding........"
In turn, federal judge's power is checked (1) by their obligation
to decide the whole case and nothing but the case, and reasons,
not **will,** as dictated by the whole supreme law (although a **check,**
federal judge's obligation to follow the law in deciding the whole
case, no matter where legal reason leads and notwithstanding
where **else** political will might lead, also confers a kind of
**power** --- **i.e.,** the neutrality and integrity needed to command
the respect and the acquiscnece of states and federal branches
disadvantaged by the judge's decisions.


Petitioner clearly stated his allegation[s]
within district court --- and which the district court ignore
petitioner demand and the limitation that are frame within the
content of the **pro se** motion. Petitioner's **pro se** motion [April
17, 2002], was challenge the INS's agency to brought cause before
Judicial Court[s] why the hold, warrant, detaining, or indictment
was filed against him duration of his confinement --- which
broadly with the define of **Cal.Penal Code** § 1389 statute.

The district court have clearly demonstrated
bias, due process, and/or deprived liberty [of the
constitutionality] right(s) when the court(s) **"sweep-the-case-
under-a-rug"** without the constitutionality have a **"fair day(s)
in court."**

[C.] <u>Respondent has shown violation the "STATUTE OF [TIME]
LIMITATION" period to responded Petitioner's allegation[s]</u>.

The **pro se** motion was lodged on April 17, 2002,
and within the content of that motion has clearly stated: ".....
Whenever a person has entered upon **a** term of imprisonment in
a penal of <u>correctional institution</u> of a party [state, federal,
or United States Government], and whenever during the
continueances of the of imprisonment there <u>is pending in any
other party</u> [states, federal, or United States Government] any
<u>untried indictment</u>, information or complaint on the basis of
which a <u>detainer</u> has been lodged against the prisoner, he **shall**
be <u>brought to trial within one-hundred-eighty (180) days</u> after he
shall have caused to be delivered to the <u>prosecuting officer</u> and
the <u>appropriate court</u> of the prosecuting officer's jurisdiction
written notice of the place of his imprisonment and his request
for <u>final disposition</u> to be made of the indictment, information,
or complaint (<u>emphasis added and/or omitted from the original
text of</u> **Cal.Penal Code §** 1389, **art.** III(a), <u>also</u>, cf, Federal
Rule of Civil Procedure, **Rule 6,** ("allow **30** days for the party(s)

(12.)

to response"), <u>also see</u>, 83 F.Supp.2d 651, **e.g.**).

        Pursuant to 28 U.S.C. § 1331 have held that:
"The district court[s] shall have original jurisdiction of all
civil actions arising under the <u>Constitution, Laws, or Treaties
of the United States, (Quote/Citing governing case(s)</u>: **Collyard
v. Washington,** (1979, DC Minn.) 477 F.Supp. 1247; **Diaz v. Haig,**
(1981, DC Wyo.) 549 F.Supp. 3; **Yang v. Reno,** 852 F.Supp. 316
(1994, MD Pa.) ("Controversies involving custody and detention
of aliens by officials of Immigration and Naturalization Service
are reviewable by Federal District Court..."); **Robinson v.
Anderson,** (1887) 121 U.S. 522 [30 L.ed. 1021, 7 S.Ct. 1011]
(If averments making case arising under the <u>Constitution, Laws,
or Treaties</u> of the United States appear to be immaterial,
especially if they were evidently made for purpose of creating
case cognizable by circuit court..).) Also the **Cal.Penal Code**
§ 1389 statute allowing petitioner seeking Federal and/or United
States Government to answer any unfaithful warrant, hold,
detaining, or indictment that have lodged against petitioner ---
and which he could deem the Judicial Court[s] penal for an answer
or facing default of the said allegations, and the Respondent
has failed to show[s] any <u>good cause</u> and/or <u>reasonable cause
[of faith of the factual of law(s)]</u> why such the allegation(s)
should not be heard by the Judicial Court(s)["?"].

        Therefore, petitioner challenge and/or request
for default within district court --- and deem the Respondent

to answer petitioner's allegation(s), and which the Respondent
have clearly demonstrated, deliberately delay, or stall his
aformentioned docket No.: [04-76772]. [N]o party(s) shall
deliberately delay or stall criminal/civil action without
reasonable cause to show such delay[?] --- and such delay or
stalling shall be clarification within the manner under the
validity of constitutionality, liberty, or statutory of federal/
state statutory law(s), and also value the allegation[s] with
proper care. The matter has been process through two different
district court(s) jurisdiction and still pending, if, petitioner
does not remove jurisdiction [or authority(s)] within this Court
of Appeals. The district court(s) have withheld petitioner's
case for almost over 3 years since he have lodged the original
**pro se** motion of Interstate Agreement Act (**Cal.Penal Code** § 1389,
statute).


## P E T I T I O N E R'S   P R A Y I N G   F O R   R E L I E F
### [v.]


Petitioner could pray, sought, or seeking any
manner of relief from this Court of Appeals, but he does request
this Court obligation under the validity of of the "constitution"
to determine that Respondent have deliberately violated his,
**U.S.C.A. Const. Amends. 6 & 14, et seq.,** right(s). Let the
**"exhibit[s]"** speak for itself --- and it'll show it's true color
to determine the different and/or the action that Respondent took

(14.)

in this case. Petitioner also requesting this Court of Appeals
to analysis the define of **Cal.Penal Code § 1389** statute that
could qualify and/or allow petitioner deeming the INS's
authorities to face the "warrant, hold, detainer, or indictment"
that had lodged against him[?]. Therefore, this Court of Appeals
have proper [duty] authority(s) to injunction the Respondent to
drop and/or dismiss any "warrant, holde, detainer, or indictment"
that lodged against him [under the validity of constitutionality]
---- which could bring the indictment to trial, but also facing
the limitation violation within the content of **Cal.Penal Code
§ 1389** statute.

## C O N C L U S I O N
### [VI.]

     **Petitioner have showing GOOD CAUSE** for the above
reason(s) --- which are reasonable cause that judicial court[s]
should perform their duty under the validity of constitutionality
and act beyond the statutory law[s]. This matter are the first
time arise in this manner of **Cal.Penal Code § 1389** statutory.

**DATED: April 04, 2005**

/S/ _____

Respectfully Submitted

NAME : QUOC XUONG LUU
CDC #: (P-22522)
Dorm#: (19-226L)
California State Prison (C.S.P.)-Solano
P.O. Box 4000
Vacaville, California 95696-400

(15.)

# EXHIBIT M

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

February 14, 2006

Quoc Xuong Luu
#P-22522, (Dorm F 19-226L)
California State Prison (CSP) Solano
P.O. Box 4000
Vacaville, CA 95696-4000

RE: Quoc Xuong Luu v. INS, et al.

Dear Mr. Luu:

The notice of appeal received February 14, 2006 is herewith returned.

You may seek review of a decision only by filing a timely petition for a writ of
certiorari. The filing of a notice of appeal is not a prerequisite for filing a petition
for writ of certiorari and does not preserve the time for filing a petition for writ of
certiorari. You must submit a petition for writ of certiorari within the 90 day time
limit pursuant to Rule 13. A copy of the Rules of this Court and a sample petition
are enclosed.

Sincerely,
William K. Suter, Clerk
By:

Gail Johnson
(202) 479-3038

Enclosures

# APPENDIX A

FILED

07 MAY 22 PM 1:44

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NER. DIST. OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E-fil **(PR)**

**ORIGINAL**

| | |
|---|---|
| In re: Quoc Xuong Luu, | **C 07    2704** |
| Quoc Xuong Luu, | )<br>) |
| Plaintiff/Petitioner, | ) |
| | ) **CASE NUMBER:** |
| vs. | )<br>) |
| | ) |
| IMMIGRATION & NATURALIZATION SERVICES,<br>(I.N.S.), et al.,<br>UNITED STATES ATTORNEY GENERAL, et al.,<br>ATTORNEY GENERAL FOR THE STATE OF<br>CALIFORNIA, et al., | )<br>)<br>)<br>)<br>) |
| Defendant(s)/Respondent(s), | ) |
| | ) |
| UNITED STATES OF AMERICA,<br>STATE OF CALIFORNIA, | )<br>) |
| Real Party in Interest. | ) |

C I V I L   R I G H T (S)   C O M P L A I N T

P U R S U A N T   T O   4 2   U.S.C.   §§ 1983-1985,   et   seq.

NAME : QUOC XUONG LUU
CDC #: (P-22522)
Dorm#: (06-224L)
California State Prison (C.S.P.)-Solano
P.O. Box 4000
Vacaville, California 95696-4000

## T A B L E   O F   C O N T E N T S

Page[s]

INTRODUCTION .........................................  1

QUESTION(S) PRESENTED ...............................  4

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED ......  5

JURISDICTION ........................................  6

APPEAL HISTORICAL ...................................  7

ARGUMENT[S] .........................................  11

       [A.] Plaintiff assure "NATURAL LAWS" ...  · 11
           of the "SIXTH AMENDMENT"
           privilege that govern modern
           day Constitution[s]:

        [i.] Under  Private and/or Public .....  13
           Laws of the SIXTH AMENDMENT:

        [ii.] The jurisprudence of "Natural ...  17
           Laws" of the SIXTH AMENDMENT:

        [iii.] Conclusion: ...................  20

PRAYING FOR RELIEF ..................................  22

CONCLUSION ..........................................  24

### INDEX TO APPENDICES, EXHIBITS, OR EVIDENCES

**EXHIBITS [A.]:** Motion for "Interstate Agreement on Detainers
Act (IAD), pursuant to **Cal.Penal Code** § 1389" which dated
April 17, 2002.

**EXHIBITS [B.]:** United States District Court for the Northern
District of California entered an "order of transfer" (Doc#3),
for aforementioned docket No.: C 02-01980 JF (PR), to the Eastern
District Court of California jurisdiction.  The ordered was
entered on July 31, 2002.

**EXHIBITS [C.]:** Plaintiff's motion "requesting for final judgment"
for aforementioned docket No.: C 02-01980 JF (PR), which the
Eastern District Court alleged that didn't acknowledged such
transfer, and entered an order on April 15, 2003.

(i.)

## T A B L E   O F   C O N T E N T S,   (continues)

### INDEX TO APPENDICES, EXHIBITS, OR EVIDENCES

EXHIBITS [D]: Plaintiff filed a motion entitled: "Sought to Address the Judicial Court System Situation on Motion Requesting for Final Judgment" --- which dated April 25, 2003.

EXHIBITS [E.]: Eastern District Court entered an <u>ordered</u> that: "The Court does not have <u>any</u> acknowledged allegation that Plaintiff's sought within the court's jurisdiction for aforementioned docket No.: C 2-01980 JF (PR), from the original Northern District Court's jurisdiction."

EXHIBITS [F.]: On July 18, 2004, Plaintiff filed an entitled motion "for <u>clarification</u>" to Chief Justice[s] of the Northern District Court.

EXHIBITS [G.]: "Petition for Mandate [&] En Banc Statutory" to the Ninth Circuit Court of Appeals, on December 24, 2004.

APPENDIX [A.]: The Court of Appeals entered Plaintiff's <u>petition for mandate</u>, on January 20, 2005, for aforementioned docket No.: 04-76772. The Court of Appeals also entered an order of denial Plaintiff's allegation or claim[s]. On January 28, 2005, Plaintiff sought Court of Appeals for "extension of time" -- which were granted on February 04, 2005.

APPENDIX [B.]: Plaintiff then filed a motion for "reconsideration" the Court of Appeals had imposed. The Court of Appeals enter an <u>ordered denied</u> Plaintiff's motion.

APPENDIX [C.]: On April 04, 2005, Plaintiff then submitted "Petition for Rehearing En Banc" to the Court of Appeals.

APPENDIX [D.]: The Court of Appeals refused relief jurisdiction venue to allow Plaintiff seeking higher judicial remedies to exhaust his claim, after two previous [letters] attempt that the Court of Appeals <u>mockery judicial robe</u>. (<u>Quote/Citing</u>, 9th Cir. R. 35, et seq.)

APPENDIX [E.]: Plaintiff then submitted a "petition" to the United States Supreme Court pursuant to 28 U.S.C. §§ 1291-1292, & 1651, claim[s] of avenue. Which the United States Supreme Court, <u>cited</u>, **Rule 13**, upon Plaintiff's claims. From further Plaintiff prosecution his claim[s] which he resubmitted substantial [different] petition(s) to the United States Supreme Court. The Court rejected Plaintiff's claim(s) due to jurisdiction [avenue] relief from Court of Appeals.

## T A B L E   O F   A U T H O R I T I E S

**United States & Federal Case[s]:**                                    Page[s]

United States v. Sayward, 160 U.S. 493 [40 L.Ed. 508,        2
16 S.Ct. 371]

Barapind v. Reno, (E.D. Cal. 1999) 72 F.Supp.2d 1131          6

INS v. St. Cyr., 121 S.Ct. 2271, 2282-2283 (2001)            6

Bauman v. United States Dist. Court, (9th Cir. 1977)         8
557 F.2d 650

Garcia v. Taylor, (1994 CA9 Cal.) 40 F.3d 299                10

Giarrantano v. Murray, 668 F.Supp. at p. 514                 15

State v.. Almeida, 509 P.2d 549, 551 [54 Haw. 443]           15


**United States & Federal Statutory Citation[s]:**

Title 42, of United States Code ["U.S.C."], § 1983-1985      1,22

Sixth Constitution Amendment, of the United States Code      2,4,5
Annotated ["U.S.C.A."]                                       6,11,12
                                                             13,15,16
                                                             17,19,20
                                                             21,22,23
                                                             24

Fourteenth Constitution Amendment, of the United States      2,4,5
Code Annotated ["U.S.C.A."]                                  15

Title 28, of United States Code ["U.S.C."], § 1331           2,4,6
                                                             23

Title 28, of United States Code ["U.S.C."], § 1291           2,9
Title 28, of United States Code ["U.S.C."], § 1292           2,9
Title 8, of United States Code Annotated ["U.S.C.A."],       6,12,14
§ 1101                                                       15,19,20
                                                             23

Ninth Circuit Rule of Court ["9th Cir. R."], Rule 27-10      8
Ninth Circuit Rule of Court ["9th Cir. R."], Rule 17-1.2     8
Ninth Circuit Rule of Court ["9th Cir. R."], Rule 17-1.3     8
Ninth Circuit Rule of Court ["9th Cir. R."], Rule 35         9

Federal Rule of Civil Procedure ["Fed.R.Civ.P."], Rule       9
60

## T A B L E   O F   A U T H O R I T I E S,  (continues)

**United States & Federal Statutory Citation[s]:**          Page[s]

Federal Rule of Civil Procedure ["Fed.R.Civ.P."], Rule      9
59(b)

Title 28, of United States Code Supplemental ["U.S.C.S."],10
§ 1361
Title 28, of United States Code ["U.S.C."], § 1651          10
Title 8, of United States Code Annotated ["U.S.C.A"], et   11,20,21
seq.
Title 8, of United States Code Annotated ["U.S.C.A."],      13
§ 1101(a)(15)
Title 28, of United States Code ["U.S.C."], § 2243          16

United States Constitution ["U.S.CONST."], Article          16
VI, cl. 2


**State Statutory Citation[s]:**

California Penal Code ["Cal.Penal Code"], § 1389             7
California West's Annotated Penal Code ["West's Ann.         7
Cal.Penal Code"], § 1389, Article I
California West's Annotated Penal Code ["West's Ann.         8
Cal.Penal Code"], § 1389, Article III(a)
California West's Annotated Penal Code ["West's Ann.         8
Cal.Penal Code"], § 1389, Article IV
California West's Annotated Penal Code ["West's Ann.         9
Cal.Penal Code"], § 1389, Article IV(c)


**Other Statutory Citation[s]:**

1980 Acts. House Report No. 96-1461                          2
1980 United States Code Congress & Adm.News, p. 5063        2

Public Law ["Pub. L."], 104-208, 110 Stat. 3009-3546        6
(1996)

Illegal Immigration Reform and Immigration Responsibility  6,14,20
Act ["IIRIA"], of 1996                                      21,23

United Nation Resolution Act of 1950                        11,21

Black Law Dictionary 6th Edition                            13,14,15

Immigration & Nationality Act ["INA"]                       13

(iv.)

T A B L E   O F   A U T H O R I T I E S,   (conti**nues**)

**Other Statutory Citation[s]:**                                    Page[s]

Act of February 4, 1867, ch. 28, § 1, 14 Stat. 385-386    16

Layman's Parallel New Testament                           17

Layman's Parallel New Testament, **Mathew** 26:57 through    17,18,21
26:68, Revised Standard version                           22
Layman's Parallel New Testament, **Mark** 15:2 through 5,    18,21,22
of Revised Standard version
Laymen's Parallel New Testament, **Luke** 22:66 through 71,  18,21,22
of Revised Standard version
Laymen's Parallel New Testament, **John** 18:28 through 31,  18,21,22
of Revised Standard version

/////
////
///
//
/

(v.)

Name:
CDC #: (P-22522)
Dorm#: (06-224L)
California State Prison (C.S.P.) - Solano
P.O. Box 4000
Vacaville, California 95696-4000

IN PRO. PER.


## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF·CALIFORNIA


| | |
|---|---|
| In re: Quoc ·Xuong Luu, | |
| | ) CASE NUMBER: |
| Quoc Xuong Luu, | ) |
| Plaintiff/Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| IMMIGRATION & NATURALIZATION SERVICES, | ) CIVIL RIGHT(S) |
| (I.N.S.), et al., | ) COMPLAINT PETITION |
| UNITED STATES ATTORNEY GENERAL, et al., | ) PURSUANT TO 42 U.S.C. |
| ATTORNEY GENERAL FOR ·THE STATE OF | ) 1983-1985, et seq. |
| CALIFORNIA, et al., | ) |
| Defendant(s)/Respondent(s), | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| STATE OF CALIFORNIA, | ) |
| Real Party in Interest. | ) |


### I N T R O D U C T I O N

Plaintiff/Petitioner, **Quoc Xuong Luu**, of the above
party hereby remove or appeal his civil right(s) or liberty
were deprived or violated under 42 U.S.C. § 1983-1985, et seq.,

statute that require 28 U.S.C. § 1331[1]/ of this judiciary's
jurisdiction to confine the integrity of United States & Federal
Constitution is interest(s).

Plaintiff has previous challenged judiciary
fundamental constitutional (of U.S.C.A. Const. Amends. 6 & 14,
et seq.), liberty --- which were rejected with prejudicial
relief of judgment.  Plaintiff sought the United States Supreme
Court pursuant to 28 U.S.C. § 1291-1292, et seq., status, and
the Court referred him to relief his claim or petition from
the 9th Circuit Court of Appeals is jurisdiction.  The Court
of Appeals refused to relief it's jurisdiction under en banc
proceeding (also see, "APPEAL HISTORICAL").

Plaintiff are challenging jurisprudence court(s)
under **nature law**[2]/ constitute guarantee his right to have proper
"access to the court(s) system & fairness prosecution" that

_____

[1]/ "The district courts shall have original jurisdiction
of all civil actions arising under the Constitution, laws,
or treaties of the United States." (See, United States v. Sayward,
160 U.S. 493 [40 L.Ed. 508, 16 S.Ct. 371]; 1980 Acts. House
Report No. 96-1461, see 1980 U.S.Code Cong. and Adm.News, p.
5063.)

[2]/ The Founding Father believed that: "it was self-evident
that the God of Nature is the sovereign of the universe and
everything in it (as well as mankind) and the He has endowed
all mankind with 'certain unalienable rights' making them self-
directing sovereigns, which means that any government instituted
among men deprive their just power (only) from the consent of
the governed, who are the source of earthly power and authority."
//
/

(02.)

governing by **private law.** [3/]   Whether the United States Government
constitutional guarantee nature law that govern [prior] public
law of 1863 amendment by the Founding Father of this nation.
The remaining question that jurisprudence court(s) have to
answer were non-citizen(s) of this nation have natural laws
constitutions guarantee of fair prosecution.

---

[3/]  **Private Laws:** "...is a law that comes into being when
people(s) enter into agreements creating the rules and terms
by which they agree to be bound together.  State(s) and Federal(s)
constitutions are examples of private law.  [¶]....under the
heading of contract law because [they] are contracts that
establish governments and are designed to protect the People(s)
from the government. [Emphasis added.]"

        Therefore, this quotation establish that the
States of America [nation] bureaucrat government regulate or
acknowledge validity of nature laws were base and root by the
birth of admiralty law(s) which modern bureaucrat (judiciary
or government) to utilize as "Constitutions of [instead 'for']
United States of America."

## Q U E S T I O N (S)  P R E S E N T E D

(1.) Whether <u>nature laws</u> guarantee Plaintiff's liberty of fair prosecution --- and <u>confront his accuser</u> under <u>private laws</u> of **Sixth Amendment** principle;

(2.) Could the <u>private laws</u>'s language constitute Plaintiff his right to face his <u>indictment, hold, detainer, or warrant</u> that lodged against him **(cf, U.S.C.A. Const. Amend. 14, et seq);**

(3.) 28 U.S.C. § 1331, statutory; and

(4.) Under which statutory or constitutionality of [or <u>for</u>] United States or Federalism could disbarment a person is liberty from challenging his/her's hold, detainer, warrant, or indictment duration of their confinement.

////
///
//
/

(04.)

## CONSTITUTIONAL    AND    STATUTORY    PROVISIONS    INVOLVED

(1.) Sixth Amendment (U.S.C.A. Const. Amend. 6, et seq.) of <u>natural laws</u>;

(2.) Fourteenth Amendment (U.S.C.A Const. Amend. 14, et seq.) of <u>private laws</u>; and

(3.) Sixth Amendment (U.S.C.A. Const. Amend. 6, et seq.) of <u>private laws</u>.

/////
////
///
//
/

## J U R I S D I C T I O N

(1.) The complaint or petition are presentation within is dealt with immigration statutory (see, Barapind v. Reno, (E.D. Cal. 1999) 72 F.Supp.2d 1131);

(2.) Treaties tied and foreign territory [Vietnam country] statutory provision that only cognizable by the highest judiciary court(s) of this nation;

(3.) 28 U.S.C. § 1331, statute; and

(4.) The issue(s) raising anewly prospective question(s) that controversy integrity of the United States of America's policy, statutory, and regulations [of constitutional] of immigration laws. (Also see, INS v. St. Cyr., (2001) 121 S.Ct. 2271, 2282-2283; compare, Pub. L. 104-208, 110 Stat. 3009-3546 (1996), ("Congress' enacted of the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ('IIRIA').)

Therefore, jurisdiction have been establish under 8 U.S.C.A. § 1101 statute that State Court(s) could not toll boundary the complaint. Under the IIRIA act of 1996 allow Plaintiff leverage seeking judicial panel for review the complaint or petition --- which could govern or constitute by "natural laws of the Sixth Amendment standard[].

(06.)

## A P P E A L   H I S T O R I C A L

On April 17, 2002, Plaintiff lodged an alleged
(also see, Cal.Penal Code § 1389, et seq; "motion")$\underline{4/}$ allegation
challenged the Immigration & Naturalization Service (I.N.S.),
to determined whether the "hold, detaining, warrant, or indictment"
that was filed against him. (See, EXHIBITS [A.].)  The United
States District Court for the Northern District of California
logged the aforementioned docket no.: CV-02-01980 JF (PR), which
district court entered an order a transferred the docket (also
see, EXHIBITS [B.], e.g.), to the Eastern District Court upon
July 31, 2002.  On March 19, 2003, Plaintiff sought the Eastern
District Court for "requesting for final judgment" the petition.
(See, EXHIBITS [C.].)  The district court did not responded
or relief Plaintiff's requesting for final judgment motion -
-- then he sought "judicial court system" to acknowledged his
previous motion (see, EXHIBITS [D.] through [G.], et seq).

---

$\underline{4/}$  Pursuant to Cal.Penal Code § 1389 statutory clearly
stated:

> "It is purpose of this agreement to
> encourage the [expedition] and
> [orderly] disposition of such charge[s]
> determined of the proper statutes
> of any all detainers based on untried
> indictment, hold, or warrants. (West's
> Ann.Cal.Penal Code § 1389, art. I.;
> emphasis added.)

> [¶]....whenever during the continuance
> of the term of imprisonment there is pending
> in any other party [state] any untried
> indictment, or complaint on the basis of
> which detainer has been lodged against
> prisoner, he shall be brought to trial

On December 11, 2003, Plaintiff filed a "writ of mandate" to relief jurisdiction from the Eastern District Court --- which the court claim the CV-02-01980 JF (PR) petition did not existed (see, EXHIBITS [F.]). The District Judge of the Eastern District Court advised Plaintiff to clarification the complaint with the Northern District Court of the transferred petition.

On December 24, 2004, Plaintiff filed a "petition for mandate" to the Court of Appeals for the Ninth Circuit. The Court of Appeals then entered an ordered (citing, Bauman v. United States Dist. Court, (9th Cir. 1977) 557 F.2d 650; also see, APPENDIX [A.], e.g., et seq), which were denied. The Plaintiff sought the Court of Appeals for "extension of time" to prepared his motion for "objection or consideration" the Court's decision. The motion for "reconsideration" were filed and denied by the Court of Appeals (see, APPENDIX [B.]; quoting/citing, 9th Cir. R. 27-10; also see, APPENDIX [C.]).

---

within one-hundred-eighty (180) days after and the appropriate court of the prosecuting officer's jurisdiction... (West's Ann.Cal.Penal § 1389, art. III(a); emphasis added; also compare, 9th Cir. R. 17-1.2 through 17-1.3, for governing opinion.)

[¶]....in the event that an action on the indictment or information and/ or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court

On April 04, 2005, Plaintiff then filed a
"petition for rehearing en banc" for aforementioned docket no.:
04-76772, which the Court of Appeals refused relief any judgment
or jurisdiction to allow him to proceed further within judiciary
system. (Also see, APPENDIX [υ.], e.g.)  Plaintiff also sought
the Court of Appeals on two previous (letters) occasion challenged
the Court's uniform regulations pursuant to 9th Cir. R. 35,
et seq, statutory --- which the Court of Appeals deliberately
refused to reply Plaintiff's letter(s) of prejudicial [mockery]
performance by the Court's statutory provision.  Plaintiff then
deem the Court of Appeals to relief jurisdiction under Fed.R.Civ.
P. 60, et seq[5/] statute.

---

> of the jurisdiction where the
> indictment, information, or complaint
> has been pending shall enter an order
> dismissing the same with prejudice,
> and any detainer based thereon shall
> cease to be of any force or effect.
> (West's Ann.Cal.Penal Code § 1389,
> art. IV(c), emphasis added.)"

[5/] Pursuant to Fed.R.Civ.P. 60, had demonstrated: "..(1)
mistakes, inadvertence, surprise, or excusable neglect; (2)
newly discovered evidence which by due diligence could not have
been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic),
misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void; (5) the judgment has been satisfied,
released, or discharged, or a prior judgment upon which it is
based had been reversed or otherwise vacated, or it is no longer
equitable that the judgment should have prospective application;
or (6) any other reason justifying relief from the operation
of the judgment. (Ibid, Subdivision (b) of Fed.R.Civ.P. 60.)

Clerical mistake in judgment, order or other
parts of the record and errors therein arising from oversight
or omission may be corrected by the court at any time of its
own initiative or on the motion of any party and after such
notice, if any, as the orders. (Emphasis added.)"

Plaintiff then sought the United States Supreme
Court to relief Court of Appeals's jurisdiction pursuant to
28 U.S.C. §§ 1291-1292 & 1651, et seq, status. (Quote/Citation
in part, Garcia v. Taylor, (1994 CA9 Cal.) 40 F.3d 299,
("Prisoner aliens have standing to seek mandamus to force INS
to start deportation proceeding"); also see, 28 U.S.C.S. §
1361, et seq, ("Action to compel an officer of the United States
to perform his duty"); emphasis add in part.)  On February
14, 2006, the United States Supreme Court reject and claim(s)
that Plaintiff's petition did not reach U.S. Supreme Court's
Rule of Court, Rule 13 requirement. (Also refer, APPENDIX [E.],
e.g.)  Therefore, the United States Supreme Court denied without
prejudice to heard Plaintiff's claim(s) of action within the
petition.

/////
////
///
//
/

## A R G U M E N T [S]

### [A.] Plaintiff assure "NATURAL LAWS" of the "SIXTH AMENDMENT" privilege that govern modern day Constitution[s]:

Through historical event validity constitution principles that govern ideology modern day civilization citizen to utilized and practice indifference between demoncracy and communism regime[6]/ countries. In theory calculation of the United States of American has built or frame under democracy that govern by bureaucrat government that constitute guarantee natural laws of God's constitutionality principles --- which will not strip their guarantee natural laws. The world society historical time-line [event] has changed civilization [citizens] cultural and physical method of thinking the basic Founding Father's frame work of democracy bureaucrat environment that sovereign individual of natural law guardian.

---

[6]/ Pursuant to Title 8, of United States Code Annotated ("U.S.C.A."), booklet have codefined the language and text that separate which countries were treaties or alliance with United States under "1950 Resolution" proposal --- which also authored by the United Nation. Some of the countries did not agreed to pledge their alliance with 1950 Resolution agreement. The Vietnamese did not accepted alliance [treaties] agreement that allow ties with democracy countries. Until modern day error that Vietnam still depression under communist regime. The war between two [United States & Vietnamese] nation  has reflected controversy diplomatic diplomacy agreement between countries tied.

Plaintiff will demonstrate the different [core] of the constitutional's validity that underlying it's principal of practice upon non-citizenship society. Whether such liberty existence upon non-citizen society, when the constitution[] guarantee every sovereign civilization right[s] to doctrine it's liberty interest? Plaintiff also quarrel the fundamental indifference of the Sixth Amendment's historical that play or enacted to current bureaucrat government.

Does the modern day Sixth Amendment right give an "alien, immigration, or refugee" status person[s] it's constitution and liberty guarantee (quote/citing in part, 8 U.S.C.A. § 1101, et seq)? Under Title 8, of the United States Code of Annotated, Subdivision 1101, did not transcript the content or language that govern alien, immigration, or refugee status person[] the right to "front his/her accuser --- and have a fair day in court" without loop of judiciary prejudice. Why a person[s] have "hold, detain, indicted, or waranted" by the INS's authority, that should wait after his/her State [imprisonment] were completed before a "fair day in court" could be utilize --- and under which govern statutory provision [either by Congress or President of the United States of America] authorities to disbarment the liberty of the Sixth Amendment's principal? Can sovereign of "natural law" could not be strip or deprive by "public law"[?] --- is a question[s] of equation that this petition will show beyond a reasonable doubt it's indifference.

(12.)

[i.] **Under  Private and/or Public Laws of the
SIXTH AMENDMENT:**

Under modern day [Sixth Amendment] Constitution
of [instead _for_] United States has defined language which content
within the boundary of _military tribunal_ system, that separate
judicial court(s) of States and Federalism jurisdiction tribunal.
As the modern day Sixth Amendment defined that:

> "In all [criminal] prosecution, the
> accused shall enjoy the right to a
> speedy and public trial, by an
> impartial jury of the State and
> district wherein the crime shall
> have been committed, which district
> shall have been previously ascertained
> by law, and to be informed of the
> nature and cause of the accusational
> to be _confronted with the witnesses_
> _against him_; _to have compulsory process_
> _for obtaining witnesses in his favor_,
> and to have the Assistance of Counsel
> for his defense." (_Emphasis_ added.)

Whether does the [modern day] Sixth Amendment have guarantee
a person without citizenship of this country [the United States
of American], and does the Sixth Amendment guardian a person
under alien or immigration[7/] status.

---

[7/] "An alien in a country except, in United States, one
within a specified class within the Immigration and Nationality
Act ('INA'). (Cf, 8 U.S.C.A. § 1101(a)(15), et seq.) One who
leaves a country to permanently settle in another." (_Quote_,
**Black Law Dictionary 6th ed.**)

"Such Service is responsible for administering
the _immigration and naturalization laws_ relating to the admission,
exclusion, deportation, and naturalization of aliens..." (_Citing_,

In current event of judiciary have boundary
of barricade from rebellion [writ of habeas corpus act] form
of sovereign inflation the system(s).  The post-mark of 1933
article enactment by the United States of America President(s)
and Congress to determined [duration] of war time that .every
people(s) or citizens within this nation considered as:  "an
enemy of the State."  The 1933 article scale power of authorities
back to government to secure sovereign inflation, that limit
any authorities] rights protect citizen() and strip them from
their sovereign status.  Therefore, the current Sixth Amendment
statutory does not volume any weight it's sovereign status
that guarantee non-citizenship or aliens of this nation.  Under
the "Declaration of Independent" that the Founding Father has
provided government and judiciary regime limited power .of
authorities to view civilization's theory of "freedom of
democracy nation."

            The truth is that Plaintiff were not United
States citizen whom the "private laws" statutory of
constitutionality could not protect or secure his liberty
interest under "colorable of authority" because under 8 U.S.C.A.
§ 1101 status and Illegal Immigration Reform and Immigration
Responsibility Act ("IIRIA"), of 1996.  The INS agency then

---

Black Law Dictionary 6th ed.)

            Under INS agency has label Plaintiff as alien
& immigration entry into this country, but accordingly to
Department of Justice had determined Plaintiff as "refugee"
status of entry.

lodged an "hold, warrant, detainer, or indictment" against

Plaintiff and accused[8/] him violated immigration law[s] without

reasonable [or probable] of cause for such indictment (also

see, EXHIBITS [A.]).  The indictment, warrant, or hold did not

sepulated it's reason of probable cause under statutory provision

of 8 U.S.C. § 1101, of INS's law --- and the language context

does not warrant relief the hold. (Referred, EXHIBITS [A.],

et seq.)


As the "public law [of the Sixth Amendment]"

have doctrine as: "[¶]....confront with the witnesses against

him; to have compulsory process for obtaining witnesses in his

favor." --- but the context of Sixth Amendment's language also

speculate that: "a person[] have a right to confront his/her

accuser."  The Sixth & Fourteenth Amendments right language

are parallel as the Court in Giarrantano v. Murray, 668 F.Supp.

at p. 514, held:

> "Prisoner[s] have a due process right
> to '[m]eaningful access' to the courts
> which includes the requirement that
> States which do not make legal
> services attorney available to
> indigent prisoner[s] adequate....
> [emphasis added from original]."

_____

8/ Accuse: "To bring a formal charge against a person,
to the effect that is guilty of a crime or punishable offense,
before a court or magistrate having jurisdiction to inquire
into the alleged crime." (Also see, State v. Almeida, 54 Haw.
443, 509 P.2d 549, 551; opinion in part, Black Law Dictionary
6th ed.)
//
/

(15.)

> (*Also compare*, Federal Habeas Corpus
> Act of 1867, "federal courts have
> has authority and responsibility
> to 'hear and determine the facts, and
> dispose of the matter as law and
> justice require.'" (Act of **February**
> 4, 1867, ch. 28, § 1, 14 Stat. 385-
> 386, <u>currently codified</u>, 28 U.S.C. §
> 2243, (1994, ed.).))

Therefore, "public law" already establish fundamental frame-
work that allow a citizen or non-citizen society a liberty
interest of <u>due process or right to confront the accuser</u> of
his/her's peer of the allege[d] indictment.

    In current matter, the Defendant(s) failed to
value the fundamental Sixth Amendment right and denied Plaintiff
legal jurisprudence of "meaningful access of the court" because
his status were <u>alien or immigration</u> resident of this nation.
However, under the United States Constitution, **Article VI**, cl.
2, has established remedy to justify the integrity of Sixth
Amendment --- which stated:

> "This Constitution, and the Laws if
> the United States, which shall be
> made in Pursuance thereof; and all
> Treaties made, or which shall be
> made, under the Authority of the
> United States shall be the supreme
> Law of the [several States, and of
> their Citizens and inhabitants]
> <u>Land</u>; and Judges [in the several]
> <u>every</u> State[s] shall be bound
> thereby in their [Decision], any
> <u>Thing in the Constitutions or Laws</u>
> of [the several] <u>any</u> State[s] to
> the Contrary notwithstanding....."

(16.)

But, the language or context of the Sixth Amendment did not discriminate [or prejudicial] against "ethical, races, gender, or religious" a person[]' background.

### [ii.] The jurisprudence of "Natural Laws" of the SIXTH AMENDMENT:

The Founding Father have established the Sixth Amendment principal under the doctrine of Jesus Christ's trial. Therefore, Plaintiff will demonstrate or showing judicial regime the play of Jesus Christ's trial that parallel to "public law" of the Sixth Amendment. And, allow the sovereign trial of Jesus landmark in history did not strip, deprived, or prejudice once sovereign status. Under the "Layman's Parallel New Testament" bible have stated:

> "[¶] Then the mob led Him to the home
> of Caiaphas the high priest, where
> the scribes and the elders had gathered.
> But Peter followed him as a distance,
> as far as the courtyard of the high
> priest, and going inside he sat with
> the guards to see the end. Now the
> chief priests and the whole council
> sought false testimony against
> Jesus that they might put him to
> death, but they found none, though
> many false witnesses came forward
> and said, 'This fellow said, 'I am
> able to destroy the temple of God,
> and to build it in three days.'' And
> the high priest stood up and said,
> 'Have you no answer to make? What is
> it that these men testify against
> you?' But Jesus was silent. And
> the high priest said to him, 'I adjure

you by the living God, tell us if
you are the Christ, the Son of God.'
[¶] Then the high priest tore his
robes, and said, 'He has uttered
blasphemy. Why do we still need
witnesses? You have now heard his
blasphemy. What is your judgment?'
(**Mathew** 26:57 through 68, of **Revised
Standard** description.)

[¶] And Pilate asked him, 'Are
you the King of the Jews?' And he
answered him, 'You have said so.'
And the chief priests accused him of
many things. And Pilate again asked
him, 'Have you no answer to make? See
how many charges they bring against
you.' But Jesus made no further answer,
so that Pilate wondered. (**Mark** at 15:2
through 5, et seq, of **Revised Standard**
version.)

[¶] When day came, the assembly of
the elders of the people gathered together,
both chief priests and scribe; and they
led him away to their council, and they
said, 'If you are the Christ, tell us.'
But he said to them, 'If I tell you, you
will not believe; and if I ask you, you
will not answer. But from now on Son of
man shall be seated at the right hand of
the power of God.' And they all said,
'Are you the Son of God, then?' And he
said to them, 'You say that I am.' And
they said, 'What further testimony do we
need? We have heard it ourselves from his
own lips.' (**Luke** at 22:66 through 71
et seq, of **Revised Standard** version.)

[¶] Then they led Jesus from the
house of Caiaphas to the praetorium.
It was early. They themselves did not
enter the praetorium, so that they
might not be defiled, but might eat the
passover. So Pilate went out to them
and said, 'What accusation do you
bring against this man?' They answered
him, 'If this man were not an evildoer,
we would not have handed him over.'
Pilate said to them, 'Take him
yourselves and judge him by your own
law.' The Jews said to him, 'It is
not lawful for us to put any man

(18.)

right whether he are citizen or not of this nation. Defendant(s) regulation or laws could not govern natural laws of Plaintiff's right to confront his accuser and indictment . . . . when Defendant(s) laws did not outline the boundary [or scope] of sovereign status person[]. The sovereign statutory could not be strip or deprive whether citizen or not of any governmental official's laws.

### [iii.] Conclusion:

Plaintiff are not a citizen of United States of America's country and was label illegally pursuant to 8 U.S.C.A., et seq, statutory provision and IIRIA act of 1996 by Congress. Defendant(s) put an "hold, warrant, indictment, or detained" upon Plaintiff and accused him violated 8 U.S.C.A. § 1101, status --- which Plaintiff could not confront such allegation after his confinement [imposed] by Superior Court. (Quote, 8 U.S.C.A., et seq, & IIRIA act of 1996.) Defendant(s) also alleged that Plaintiff does not have any constitutional right(s) [of the United States of America's statutory provision] to confront his indictment. (Citing/Quote, Sixth Amendment right.)

Plaintiff challenge Defendant(s) that under natural laws of Sixth Amendment sovereignty guarantee him a statute to confront his accuser of any wrong doing or indictment.

(20.)

Under natural laws Plaintiff have a right to confront his accuser
and any charges brought against him before jurisprudence panel.
Could Defendant(s) have a right to strip Plaintiff's sovereign
status that guarantee him under **Mark, Mathew, Luke, or John's**
scripture testimony of Jesus trial[?].  Therefore, under natural
laws guarantee Plaintiff a right to confront his accuser or
indictment without govern of 8 U.S.C.A., et seq, statutory or
IIRIA act of 1996 by Congress provision of regulations.  The
public laws of Sixth Amendment script language also defined
the content: "fair trial, confront witness[es], & confront
accuser or indictment."

          Also, Plaintiff entered into this country under
"refugee" status that disbarment Defendant(s) from deportation
him back to his native country.  Plus both [United States of
America and Vietnam] country does not treaty alliance each other
in economic under United Nation's Resolution of 1950.  Currently
Vietnamese country are communist regime, therefore, deportation
Plaintiff are violated United Nation Resolution of 1950 of,
"humanity" statute.

////
///
//
/

(21.)

## P R A Y I N G   F O R   R E L I E F

Plaintiff have demonstrate or showing reasonable [or probable] cause allowing jurisprudence regime to determine beyond a reasonable doubt that 42 U.S.C.A § 1983-1985, petition should be granted. The evidence[s] and material[s] provide within this petition have show judicial bias or deprived it's constitution liberty enacted by the Founding Father of this nation's government. Plaintiff also praying this jurisprudence scope or review the argument within the petition carefully under the liberty of this nation constitution principle. This judicial system should consider Plaintiff's question[s] with care thought of the following reason[s]:

(1.) Whether Plaintiff have a right to confront his accuser or indictment pursuant to the Sixth Amendment right of public laws?

(2.) Could Defendant(s) strip Plaintiff's sovereignty constitutional statutory under Mark, Mathew, Luke, & John sripture of testimony of Jesus trial? Plaintiff's sovereignty status were doctrine by natural laws by human birth, therefore, could not be deprive or strip from any government regime.

(3.) Defendant(s) regulations or laws could disbarred Plaintiff from challenge his "warrant, hold, detained, or indictment?" Defendant(s) does not have constitutional remedies that govern Plaintiff from "confront his accuser" before proper jurisprudence system.

(22.)

Therefore, 8 U.S.C.A. § 1101 & IIRIA act of
1996 could not defined or codefined any language that disbarment
Plaintiff from challenge his indictment . . . or demand
Defendant(s) to bring him before judicial and trial him under
the mercy of United States Constitutional principle.   Whether
Plaintiff under sovereignty statutory could demand Defendant(s)
bring him confront his indictment before judicial regime, and
could natural laws guarantee Plaintiff a right to face his
accuser pursuant to the [modern] Sixth Amendment principle
standard.   Sovereignty statutory of [Sixth Amendment] natural
laws could not strip or deprived by Defendant(s) and it's regime.


This petition have provide reasonable cause
that Defendant(s) negligent 28 U.S.C. § 1331, et seq, validity
of constitutional's integrity question[] of Sixth Amendment
liberty.   The sound of mind judgment of this petition should
or consider be granted in the interest of justice --- and the
idolize the sovereignty indifferent between "natural & public
laws" of the Sixth Amendment principle.

/////
////
///
//
/

(23.)

# C O N C L U S I O N

The factual of reasonable [or probable] cause have establish without that "every person[] have sovereign [of Sixth Amendment] guarantee to confront his/her's accuser and have a fair day in trial." That statutory of natural laws could not strip or deprive once liberty by birth. Therefore, Plaintiff seeking Defendant(s) a fair day in court under the doctrine of the fundamental Sixth Amendment principle, and praying judicial regime to grant asylum plea of this petition.

DATED: *May 16, 2007*

/S/

Respectfully Submitted

NAME : QUOC XUONG LUU
CDC #: (P-22522)
Dorm#: (06-224L)
California State Prison (C.S.P.) - Solano
P.O. Box 4000
Vacaville, California 95696-4000

////
///
//
/

(24.)

# APPENDIX B



ORIGINAL
FILED

OCT 1 5 ; ..

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8   QUOC XUONG LUU,                    )   No. C 07-2704 JSW (PR)
                                       )
9          Plaintiff,                  )   **ORDER OF DISMISSAL WITH**
                                       )   **LEAVE TO AMEND AND**
10   vs.                               )   **INSTRUCTIONS TO THE CLERK**
                                       )
11   I.N.S., et al,                    )   **(Docket No. 4)**
                                       )
12          Defendant.                 )
                                       )
13

14
15                          **INTRODUCTION**

16         Plaintiff, a prisoner of the State of California incarcerated at California State

17   Prison-Solano in Vacaville, California, filed a civil rights action pursuant to 42 U.S.C.

18   § 1983. The complaint is largely incomprehensible, however, it appears that Plaintiff

19   may be complaining about an immigration detainer hold placed on him. Plaintiff also

20   seeks leave to proceed *in forma pauperis* (docket no. 4). In this order, the Court

21   dismisses the complaint with leave to amend and orders Plaintiff to file an amended

22   complaint within thirty days from the date of this order.

23                       **STATEMENT OF FACTS**

24         Plaintiff's complaint to the Court is largely incomprehensible because it does not

25   clearly state the facts regarding his legal challenge. Instead, Plaintiff uses flowery legal

26   language, such as discussions of "natural law" and makes biblical references. However,

27   Plaintiff has failed to set forth sufficiently clear facts for the Court to discern the nature

28   of his complaint. The complaint fails to state a claim for relief.

1

## STANDARD OF REVIEW

2        Federal courts must engage in a preliminary screening of cases in which prisoners

3  seek redress from a governmental entity or officer or employee of a governmental entity.

4  28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the

5  complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

6  fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

7  defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

8  liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

9  1990).

10      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

11  (1) that a right secured by the Constitution or laws of the United States was violated, and

12  (2) that the alleged violation was committed by a person acting under the color of state

13  law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

14

## ANALYSIS

15      To state a claim arising under federal law, it must be clear from the face of

16  Plaintiff's well-pleaded complaint that there is a federal question. *Easton v. Crossland*

17  *Mortgage Corp.,* 114 F.3d 979, 982 (9th Cir. 1997). While a plaintiff is not required to

18  plead his evidence "or specific factual details not ascertainable in advance of discovery,"

19  *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied,* 479 U.S.

20  1054 (1987), a pleading will not be sufficient to state a claim under § 1983 if the

21  allegations are mere conclusions, *Kennedy v. H & M Landing, Inc.,* 529 F.2d 987, 989

22  (9th Cir. 1976). And a complaint that fails to state the specific acts of the defendant

23  which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the

24  Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5

25  (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to

26  amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122,

27  1126-27 (9th Cir. 2000) (en banc).

28

1         In this case, Plaintiff has failed to clearly state the specifics that entitle him to

2  relief under 42 U.S.C.A. § 1983, specifically how his constitutional rights were violated,

3  and the conduct of each Defendant that he asserts is responsible for a constitutional

4  violation. As such, Plaintiff will be granted leave to amend to allege specifics regarding

5  any claims he has against any named defendant.

6         In his amended complaint, Plaintiff must establish legal liability of each person or

7  entity for the claimed violation of his rights. Liability may be imposed on an individual

8  defendant under section 1983 if the plaintiff can show that the defendant proximately

9  caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628,

10  634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A

11  person deprives another of a constitutional right within the meaning of section 1983 if he

12  does an affirmative act, participates in another's affirmative act or omits to perform an act

13  which he is legally required to do, that causes the deprivation of which the plaintiff

14  complains. *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442

15  (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation

16  may be basis for liability). Sweeping conclusory allegations will not suffice; the plaintiff

17  must instead "set forth specific facts as to each individual defendant's" deprivation of

18  protected rights. *Leer*, 844 F.2d at 634.

19         Plaintiff may be complaining about the existence of an immigration "detainer" or

20  hold. However, Plaintiff does not clearly state what he contends is unlawful about the

21  detainer and why he is entitled to relief. Plaintiff will be provided with thirty days in

22  which to amend to correct the deficiencies in his complaint. Accordingly, the complaint

23  is DISMISSED. However, Plaintiff is provided with LEAVE TO AMEND his complaint

24  within thirty days, as set forth below.

25                      **CONCLUSION**

26  For the foregoing reasons and for good cause shown,

27         1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND, as

28                      3

1   indicated above. Plaintiff shall file an amended complaint within ***thirty days from the***

2   ***date of this order***. The amendment must include the caption and civil case number used

3   in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the

4   first page. Failure to amend within the designated time will result in the dismissal of the

5   complaint without prejudice.

6       2. Plaintiff is advised that an amended complaint supersedes the original

7   complaint. "[A] plaintiff waives all causes of action alleged in the original complaint

8   which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644

9   F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no

10   longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*,

11   506 U.S. 915 (1992).

12       3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the

13   Court informed of any change of address and must comply with the Court's orders in a

14   timely fashion. Failure to do so may result in the dismissal of this action under Federal

15   Rule of Civil Procedure 41(b).

16       IT IS SO ORDERED.

17   DATED:  October 15, 2007

18                                   JEFFREY S. WHITE

19                                   United States District Judge

20

21

22

23

24

25

26

27

28                                           4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

Plaintiff,

v.

INS et al,

Defendant.

Case Number: CV07-02704 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 15, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Quoc Xuong Luu
P-22522
California State Prison-Solano
PO Box 4000
Vacaville, CA 95696-4000

Dated: October 15, 2007

Jennifer Ottolini

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

          Plaintiff,

  v.

INS et al,

          Defendant.

_____/

Case Number: CV07-02704 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 15, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Quoc Xuong Luu
P-22522
California State Prison-Solano
PO Box 4000
Vacaville, CA 95696-4000

Dated: October 15, 2007

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

Quoc Xuong Luu
P-22522
California State Prison-Solano
PO Box 4000
Vacaville, CA 95696-4000

CV07-02704 JSW

1

2

3

4

ORIGINAL
FILED

OCT 1 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

QUOC XUONG LUU,                    )       No. C 07-2704 JSW (PR)
                                   )
        Plaintiff,                 )
                                   )
           v.                      )       **ORDER GRANTING LEAVE**
                                   )       **TO PROCEED IN FORMA**
I.N.S., et al,                     )       **PAUPERIS**
                                   )
        Defendants.                )
_____    )       **(Docket no. 4)**

14

15

16

17

18

19

20

        Plaintiff's application for leave to proceed in forma pauperis under 28 U.S.C.

§ 1915 is GRANTED. The total filing fee due is $ 350.00. In light of Plaintiff's balance

and deposits over the last six months, an initial partial filing fee in the amount of $12.21

is due at this time. *See* 28 U.S.C. § 1915(b)(1). A copy of this order and the attached

instructions will be sent to the Plaintiff, the prison trust account office, and the Court's

financial office.

        IT IS SO ORDERED.

21

        DATED: October 15, 2007

22

23

24

JEFFREY S. WHITE
United States District Judge

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

Plaintiff,

v.

INS et al,

Defendant.

/

Case Number: CV07-02704 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 15, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Quoc Xuong Luu
P-22522
California State Prison-Solano
PO Box 4000
Vacaville, CA 95696-4000

Dated: October 15, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

# APPENDIX C

COPY

1    COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2

3    Name ___Luu___      ___Quoc___      ___Xuong___

4       (Last)           (First)        (Initial)

5    Prisoner Number ___P-22522___

6    Institutional Address _California State Prison (C.S.P.) - Solano, P.O.Box_

7    _4000, Vacaville, California 95696-4000_

8    ================================================

9                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

10   _Quoc Xuong Luu,_
     (Enter the full name of plaintiff in this action.)

11

12                   vs.                    Case No. _C 07-2784 JSW (PR)_
                                            (To be provided by the clerk of court)
13   _Immigration and Naturalization_
                                            COURT ORDERED
14   _Services (I.N.S.) et al.,_
                                            AMENDED
15   _Respondent / Defendant,_
                                            COMPLAINT
16   _United States of America_
     (Enter the full name of the defendant(s) in this action.)
17   _Real Party in Interest._

18   *[All questions on this complaint form must be answered in order for your action to proceed..]*

19   I.    Exhaustion of Administrative Remedies

20         [**Note:** You must exhaust your administrative remedies before your claim can go

21         forward. The court will dismiss any unexhausted claims.]

22         A.    Place of present confinement _C.S.P. - Solano, P.O.Box 4000, Vacaville,_
                                              _California 95696-4000_
23         B.    Is there a grievance procedure in this institution?

24               YES (✓)    NO ( )

25         C.    Did you present the facts in your complaint for review through the grievance

26               procedure?

27               YES( )    NO (✓)

28         D.    If your answer is YES, list the appeal number and the date and result of the appeal at

     COMPLAINT                        - 1 -

# INTRODUCTION

Plaintiff/Petitioner, Quoc Xuong Luu, is currently incarceration at the California State Prison (C.S.P.)-Solano, P.O. Box 4000, Vacaville, California 95696-4000, and confinement in the administrative segregation unit. Plaintiff of the above party are requesting the "Court Ordered Amended Complaint" for aforementioned case No.: C 07-2704 JSW (PR), which were imposed on October 15, 2007, by the Court's docket no.4. The Court also "order granting leave to proceed in forma pauperis" of plaintiff's application.

Plaintiff praying the honorable Jeffrey S. White, of the United States District Judge for relief to just amended "Argument [s] and Praying for Relief" from the original complaint. Plaintiff seeking everything in the original complaint should stay the same with permission from the Court's leave. Plaintiff also pleading the Court's leave for not amended his "Exhibit, Appendix, or Evidence" from it's original complaint, and any "exhibit, appendix, or evidence" in this amended complaint are preferring to the original.

Plaintiff hope the amended complaint will demonstrate Defendant's rules, regulations, or policies does not govern individual right(s) under the Sixth

(2.)

Amendment principle. Under the Title 8, of the United Code Supplemental, it say, does not guideline a treaty of immigration detainee[] the Sixth Amendment guarantee structure to "confront their accusser" of Defendant's "hold, warrant, detain, or indictment" allegation.

Whether Defendant(s) have obligation duty to allow any detainee[] with "hold, warrant, or detain" leverage to have "access to the court(s)" without land-mine of entrapment, because immigration's statutory forbidden detainee[] from enjoy privilege of Fourteenth Amendment right. Does the Fourteenth Amendment of "equal protection, fairness, or treatment" of statutory provision under supremacy laws that doctrine by Sixth Amendment structure against non-citizen()? Those were the point-of-facts that plaintiff wish to express in his original and amended complaint.

Plaintiff hope the amended complaint will demonstrative the reflection of court's ordered requirement standard, therefore, the amended complaint are the threshold for other immigration detainee[] judicial gateway direct the court(s). Any immigration detainee[] have the liberty to exercise their constitution right to challenge any "hold, warrant, detain, or indictment" lodged against them by Defendant's authorities — and duration of confinement under the succession of this amended complaint.

( 3. )

## PROCEDURAL BACKGROUND

On May 16, 2007, Plaintiff submitted the "Civil Right Complaint pursuant to 42 U.S.C. §§ 1983 - 1985, et seq," to the United States District Court for the Northern District of California for allegation that the Immigration and Naturalization Services ("I.N.S."), United States Attorney General, et al., and Attorney General for the State of California, et al., for violated his Sixth and Fourteenth Amendments claim. Plaintiff also submitted an "In Forma Pauperis" application in few weeks apart from the complaint.

On May 22, 2007, the Northern District Court filed plaintiff's 42 U.S.C. §§ 1983 - 1985, et seq, complaint for aforementioned case No.: C 07-2704 JSW (PR). On October 15, 2007, the honorable Jeffrey S. White, of the United States District Judge imposed an "order of dismissal with leave to amend and instructions to the Clerk," and under docket no. 4 of the court's record. The honorable judge also render an "order granting leave to proceed in forma pauperis."

However, any documents or records relate to this amend complaint and it's past shall referred to original complaint at "Appeal Historical," will reflect any necessary confussion of this complaint's background.

( 4 )

## STATEMENT OF FACTS

On May 16, 2007, Plaintiff submitted the "Civil Right Complaint pursuant to 42 U.S.C. § 1983-1985, et seq," to the United States District Court for the Northern District of California for allegation that Defendants-1, 2, and 3 violated the fundamental of Sixth and Fourteenth Amendments right. But, Plaintiff fail to sufficient his claim that require under Federal Rule of Civil Procedure's scope of principle.

Prior to May 16, 2007, complaint that Plaintiff exhaust every remedies which could allow him an authorities of performance. (Cf., original complaint's part II, of "exhibit, appendix, or evidence"; and also see, "Appeal Historical," e.g.) Defendants-2 and 3 refused acknowledge plaintiff's alleged allegation — and the claim disappear from judicial court(s) record. Between the "grey-line" have establish within the "exhibit, appendix, or evidence" of original complaint that plaintiff's claim were "sweep under the rug" without equal treatment of statutory laws. (Citing, U.S.C.A. Const. Amend. 14, et seq.) Judicial court(s) and defendants prolong event of judgment relief plaintiff's claim — and the procedure went [until] before United States Supreme Court reject the claim lack of jurisdiction venue. Plaintiff's claim were unnotice by judicial court(s) and defendants.

(5)

On October 15, 2007, the Court rendered a statement that held: "Plaintiff's complaint to the Court is largely incomprehensible because it does not clearly state the facts regarding his legal challenge. Instead, Plaintiff uses flowery legal language, such as discussions of 'natural laws' and makes biblical references. However, Plaintiff has failed to set forth sufficiently clear facts for the Court to discern the nature of his complaint. The complaint fails to state a claim for relief." (*Emphasis added.*) The Court's statement were true on pretext when plaintiff self review the complaint. Plaintiff's original complaint "failed to set forth sufficient clear facts and claim for relief", which he hope to provide the Court's requirement.

Plaintiff's original complaint was focus upon previous memory of Defendants-1, 2, and 3's action(s) that prolong the matter since April 17, 2002, and he lose focus the idol principle of 42 U.S.C. § 1983 complaint statute. On original complaint that Plaintiff were focus on Defendant-1's rules, regulations, and policies that allow detainer the Sixth Amendment right <u>confront</u> their "<u>hold, warrant, or detain</u>" duration serve State's [conviction] sentence. Plaintiff also submitted numerous "exhibits, appendix, and evidences" within original complaint to support the claim, which could reflect the Court to understand that other different avenue were try to relief similar complaint.

(6.)

The outcome of those avenue were rejected or ignored for relief the claim.

It's not justify plaintiff's mistake in the original complaint, and hope this amend complaint hold water upon the last one. This amend complaint should shine enlightment upon the Court's relief ordered.

Plaintiff do admitted when submit the original complaint were without hope the court would respond with courtesy manner. Therefore, the threshold of this amend complaint should cover the court's requirement of ordered judgment.

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal _____

_____

_____

2. First formal level_____

_____

_____

3. Second formal level_____

_____

_____

4. Third formal level _____

_____

_____

E.  Is the last level to which you appealed the highest level of appeal available to you?

　　　　YES ( )　　　NO (✓)

F.  If you did not present your claim for review through the grievance procedure, explain
why. The claim within this amend complaint are deaft with
I.N.S.'s rules, regulations, or policies that does not concern
no other jurisdiction remedies but federal avenue.

II.  Parties

A.  Write your name and your present address. Do the same for additional plaintiffs, if any.
Quoc Xuong Luu, Plaintiff, at the C.S.P.-Solano, P.O. Box
4000, Vacaville, California 95696-4000.

_____

B.  Write the full name of each defendant, his or her official position, and his or her place of
employment.
Immigration and Naturalization Services, (I.N.S.) et
al., Defendant, with unknown whom authorities to serve

COMPLAINT

(8.)

1   amend complaint — and location of agency whom to
2   serve.
3
4   III.    Statement of Claim
5       State here as briefly as possible the facts of your case. Be sure to describe how each
6   defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any
7   cases or statutes. If you have more than one claim, each claim should be set forth in a separate
8   numbered paragraph.
9
10
11      See Attach, " Argument Is."
12
13
14
15
16
17
18
19
20
21
22   IV.    Relief
23       Your complaint cannot go forward unless you request specific relief. State briefly exactly what
24   you want the court to do for you. Make no legal arguments; cite no cases or statutes.
25
26      See Attach, " Praying for Relief and Conclusion "
27
28

COMPLAINT

( 9. )

# ARGUMENTIES[1]

The Sixth Amendment right guarantee liberty to "confront their accuser" duration of any jurisdiction confinement, without bias[1] their historical origin.

Plaintiff born in Siagon City of South Vietnam during occupation of 1979, by the Vietcong communist party. Plaintiff and his family (-a mother and older brother-) flee the country from communist party, and came over to the United States country under refugee with sponsor status of late 1986. To modern day that lead plaintiff into incarceration under supervision of the California Department of Corrections. Plaintiff were convicted by enter a plead nolo contest of Cal. Pen. Codes §§ 211, 212, 213, 245, and 12022(A) offenses. Then the Superior Court of Santa Clara County imposed sentence of 12 years in state prison, and with a released [original] date of March 23, 2008.

On February 01, 1999, Defendant put an

---

[1]/ Citing, U.S.C.A. Const. Amend. 14, et seq.

/ 10. |

"holds, warrants, or detainers" document against plaintiff
during his entered into state prison system, and for
unspecific violation according to Title 8, of the United
States Code Supplemental ("U.S.C.S"), statutory. (Also see,
Exhibit [A.], of original complaint at p. 6 and 7, cf.)
Defendant document claim that: "Immigration has been
initialized to determine whether this person is subject
to removal from the United States." Defendant also deem
plaintiff from any authorities to challenge the "hold,
warrant, or detainer" lodged against him - and without
any remedies to grievance his voice under constitution
(-from "natural or public laws"-) right(s).


            On April 17, 2002, Plaintiff lodged an
alleged motion for "Inter-state Agreement on Detainer Act
pursuant to Cal. Pen. Code § 1389" statutory against
Defendant's detainer document allegation. The motion's
authorities to brought plaintiff before judicial system
to stand trial of Defendant's hold, warrant, or detain
document. (Cf., U.S.C.A. Const. Amend. 6, et seq.) The
motion were originally filed within this court's
jurisdiction venue for aforementioned case number:
C 02-01980 JF (PR), which the United States District,
Jeremy Fogal, Judge entered "order transferring case"
to the Estern District Court of California. (See, original
complaint's Exhibits [B.]-[C.], et seq, e.g.) When
plaintiff sought to address the Eastern District
Court [did not] it's acknowledged to "order trasferring

                    (11.)

Case" imposed by honorable Jeremy Fogal, of the United States District Judge, which the Eastern District Court denied any _transferring_ between Northern District Court for aforementioned case no.: C 02-01980 JF (PR). ((f, original complaint's Exhibits [B.] through [E.], e.g.)

Plaintiff's motion did not had a chanced to be heard by judicial court(s) or answer by Defendant's statutory laws. From plaintiff's exhibits, appendix, or evidences from original complaint has reflected that the motion disappear from either Northern or Eastern District Court(s) records. But, either judicial court(s) or Defendant have answer plaintiff's motion provide mens rea of constitution violation and undermined liberty of this country's integrity principle ideology.

Plaintiff claim that Defendant deprive his Sixth (either "natural or public laws") Amendment right to "_confront_ the hold, warrant, detain, or indictment" lodge against him. Accordingly to the Sixth Amendment's achievement has established:

> [Section 1.]"..., by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and have the assistance of counsel for his defense." (Emphasis added)

( 12. )

which govern "criminal prosecution(s)" arena. The Sixth Amendment language interpretation does not frame ideology for "civil procedure" and non-citizen of this country. (Citing, U.S.C.A. Const. Amend. 6, "Proposed September 25, 1789; ratified December 15, 1791.")

Defendant's hold, warrant, detain, or indictment document were under "civil litigate" remedies, and upheld civil prosecution upon any immigration [alien] detainee[]. Defendant's accustomed of prosecution any detainee[] of violate 8 U.S.C.S.'s statutory laws after State's confinement were completed. This practice have been known through decades, and there prima facie case(s) outline such practice. When the time for Defendant's prosecution which before the United States District Court's jurisdiction, and allow detainee [] a liberty to protect Sixth Amendment principle. By the Sixth Amendment right have guarantee a detainee[] to have counsel represent it's interest from Defendant's prosecution procedure.

The instant case, Plaintiff have try to validity the Sixth Amendment's language that allow him to "confront his accuser" duration of his confinement by State's jurisdiction. Does plaintiff have such right deem Defendant to bring him before judicial court(s)? Whether the Sixth Amendment right leverage plaintiff confront Defendant's accused?

(13.)

Query the Defendant's rules, regulations, or policies under 8 U.S.C.S.'s statutory that accustomed for prosecution any detainee [.]. What different does it made when plaintiff wish to confront Defendant, or wait it later after his state confinement were completed? Does the Sixth Amendment's language barricade jurisdiction venue or authorities from challenged accused hold, warrant, detain, or indictment?

Defendant claim within the hold, warrant, or detain document that: "Immigration has been initialized to determined whether this person [plaintiff] is subject to removal from [any] the United States." (Emphasis added; also see, original complaint's Exhibit [A.], e.g.! Those investigation were initialized by Defendant on February 01, 1999. When Plaintiff lodged the Cal. Pen. Code § 1389 motion challenged Defendant to answer the violation that plaintiff had violated pursuant to 8 U.S.C.S.'s statute. Plaintiff's motion were lodged on April 17, 2002, and three (3) years is enough time for investigation been complete by Defendant's accusation. Plaintiff's original complaint of exhibits reflected that Defendant fail to answer his motion were subjected mens rea of the Sixth Amendment.

Plaintiff's motion clearly demand Defendant to brought him to trial within 180 days from the motion were lodged. (Citing, Cal. Pen. Code § 1389, art. III (a); see, U.S.C.A. Const. Amend. 6, et seq.) If detainer (plaintiff)

( 14. )

brought the complaint before prosecutor (Defendant), and fail to bring detainer the appropriate court within 180 days thereon order dismissing [the same] with prejudice. ( _Quote_, Cal. Pen. Code § 1389, art. V(c), e.g.)

Digest the interpretation language of Cal. Pen. Code § 1389 statutory have carry same weight as Sixth Amendment principle. The statute of any and all [detainers] based on untried indictments, informations, or complaints. (_See_, Cal. Pen. Code § 1389, art. IX; _emphasis added._) The statute also demand 180 days to brought before judicial court(s) for trial of untried hold, warrant, or detain. application. (_Citing_, Cal. Pen. Code § 1389, art. III and V, et seq.) Therefore, the Cal. Pen. Code § 1389 statute does weight similar language that interpretation from the Sixth Amendment's structure. The Cal. Pen. Code § 1389 statutory "to be informed of the nature and cause of the accusational to be confronted". (Quote, U.S.C.A. Const. Amend. 6, et seq.)

Accordingly, the Cal. Pen. Code § 1389 statutory allow leverage for plaintiff challenged Defendant's hold, warrant, or detain that doctrine by the Sixth Amendment right. Plaintiff proof that Defendant failed to answer his "confront the accuser" with untried hold, warrant, or detain lodged against him. (Cf., original complaint's Exhibit [A.], e.g.) That also provide reasonable (or probable) cause which Defendant deliberately or ignore plaintiff's

( 15. )

Cal. Pen. Code § 1389's motion could foresee the Sixth Amendment violation.

Furthermore, whether plaintiff should upheld Defendant's accustomed prosecution? Under the Sixth Amendment right guarantee plaintiff a privilege to "confront his accuser," which Defendant accused plaintiff violated 8 U.S.C.S.'s statutory without specific the violation code or section. (Cf, original complaint's Exhibit [A.], at p. 6 and 7.) Plaintiff does not have to wait for his State's conviction complete before facing Defendant's prosecution arena. Thus, the Sixth Amendment does not barricade plaintiff the right from challenged Defendant's untried hold, warrant, or detain duration of his State confinement.

Unless the United States Constitution(s) right does not govern non-citizen(s) the privilege that guarantee all citizen of this country. On the contrary that nature laws does imprint constitution right(s) without public laws provision of deprived or violated. The core pictures of this—is whether non-citizen(s) have constitution liberty interest, which is a formal natural laws that root into public laws and the non-citizen(s) does have constitution interest.

The factual of Plaintiff's original complaint's exhibit, appendix, or evidence have demonstrate proof

( 16. )

that Defendant refuse, ignore, or reject his allegation to challenged Defendant's untried hold, warrant, and detain information have showing Sixth Amendment violation. Under the 8 U.S.C.S.'s statutory does not give judicial authorities to Defendant the "arena of prosecution." But, the arena of prosecution should lie upon the Sixth Amendment's language interpretation, and defined that: "confront his/her's accusation" is leverage for Defendant relief jurisdiction of prosecution.

De novo those point(s) that Plaintiff provide above cause to determine whether the Sixth Amendment were violated or deprived by Defendant's action. Prospective in 8 U.S.C.S.'s statutory language could not barricade plaintiff from challenge his immigration's hold, warrant, or detain during his state confinement, and the formula were secure by the Sixth Amendment principle. It also not take jurisprudence minds to investigate an offense(s) that took a decade to solve — which is not murder statute prosecution we were speaking.

Plaintiff provide reasonable (or probable) causes that Defendant violated his Sixth Amendment right for not allow him "confront his accusation" of hold, warrant, or detain by Defendant's agency. Plaintiff demonstrate de novo between Cal. Pen. Code § 1389's statute were similar with Sixth Amendment's language interpretation. But, the core question that this Court have to solve is: "whether

(12.)

non-citizen(s) enjoyment of this country's constitution right(s) that interest individual liberty." The solution to the question are lie upon _natural laws_.

The Sixth Amendment's structure from plaintiff suffer Defendant's _accustomed prosecution_, and enjoy fairness [authorities] facing Defendant's hold, warrant, detain, or indictment without violated the integrity of U.S.C.A. Const. Amend. 6, et seq, statutory guidelines. _Not_ either 8 U.S.C.S.'s statutory and _Illegal_ Immigration Reform and Immigration Responsibility Act ("IIRIA"), of 1996 by Congress of this country could ~~not~~ barricade detainee[] from Sixth Amendment right. Whom statutory authorities does Defendant relied to deem plaintiff to utilize his Sixth Amendment right of "confront his accusation?"

Plaintiff relief this "argument" by showing beyond reasonable doubt that Defendant violate the Sixth Amendment's structure, which guarantee individual liberty to "confront his/her's accusation" before judicial panel. Plaintiff have had tried numerous times to _confront_ Defendant's _accusation_ hold, warrant, detain, or indictment without validity judgment from true statutory of judicial's relief, and plaintiff's original complaint's exhibit, appendix, or evidence does not show shadow doubt of Defendant's from violated fundamental Sixth Amendment principle.

( 18. )

# PRAYING FOR RELIEF

Plaintiff remove the above mention court for praying for relief of this "Court Ordered Amended Complaint" of 42 U.S.C. § 1983 statute. Plaintiff have showing reasonable (or probable) causes that Defendant deprived and violated his Sixth Amendment right by denied "confront his accusation." Plaintiff's praying for relief from this Court's following:

(1.) Every detainee [ ] or inmate [ ] have the Sixth Amendment right to confront Defendant's accusation duration of their any jurisdiction confinement;

(2.) Injunction Defendant's rules, regulations, or policies allow detainee [ ] or inmate [ ] currently incarceration the enjoyment of Sixth Amendment's structure to confront Defendant's accusation;

(3.) Injunction Defendant to establish statutory guideline of remedies to allow detainee [ ] or inmate [ ] the Sixth Amendment's liberty to confront their accusation;

(4.) Injunction Defendant to establish grievance remedies to allow detainee [ ] or inmate [ ] enjoyment of Sixth Amendment's structure of Defendant's accusation;

(5.) Injunction Defendant to specific any statutory of codes or laws where detainee [ ] or inmate [ ] were violated within Defendant's hold, warrant, or detain document which was issued by Defendant's

( 19. )

agency;

(6.) <u>Injunction</u> Defendant to establish time-line to answer any grievances from detainee[] or inmate[] which were lodged – and fail to uphold such time-frame consider dismissal the hold, warrant, detain, or indictment without prejudice;

(7.) Defendant's rules, regulations, or policies should allow detainee[] or inmate[] judicial gateway to the court(s) system of Defendant's untried hold, warrant, detain, or indictment document;

(8.) <u>Dismiss</u> Plaintiff's hold, warrant, detain, or indictment were issued by Defendant on February 01, 1999; because under Sixth Amendment violation;

(9.) Bring Plaintiff before proper judicial's jurisdiction venue and trial Defendant's untried hold, warrant, detain, or indictment document pursuant to Cal. Pen. Code § 1389 statutory guideline; and

(10.) This Court's ruling, ordering, or judgment should rectroactive upon every detainee[] or inmate[] are similar situation or status as plaintiff.

Plaintiff's praying for relief does not seek for <u>monetary damage</u> from Defendant's action of wrong doing, but statutory landmark allow any detainee[] or inmate[] the Sixth Amendment right to "confront his/her's accusation." Plaintiff and other detainee[] or inmate[] want to utilize the Sixth Amendment's language as proposed on September 25, 1789, by the <u>Founding</u>

(20.)

<u>Father</u> of this "freedom nation."

    Plaintiff just sound his voice that every detainee[] or inmate[] wish to show their constitution statutory whether under natural or public laws. Plaintiff just demonstrate the Sixth Amendment's structure were been violated by Defendant's action of authorities above <u>supremacy laws</u>. By Defendant's action forbidden or denied plaintiff from confront his accused hold, warrant, detain, or indictment should provide relief of the Sixth Amendment violation.

/ / / / / / /
/ / / / / / /
/ / / / / /
/ / / / /
/ / /
/ /
/

(21.)

# CONCLUSION

Plaintiff have demonstrate and show reasonable (or probable) causes of above facts and original complaint's exhibit, appendix, or evidence the burden the Court to _grant_ his 42 U.S.C. § 1983 complaint. This "Court Ordered Amended Complaint" have relief the demand, and provide cause that Defendant violated plaintiff's Sixth Amendment right. For above reason(s) that the Court should _grant_ this "Court Ordered Amended Complaint" with proper judgment upon Defendant.

Dated: November 12, 2007

/s/ _____
Respectfully Submitted

Name: Quoc Xuong Luu
CDC#: (P-22522)
Bld.#: (10-2452)
California State Prison C.S.P.)- Solano
P.O. Box 4000
Vacaville, California 95696-4000

/ / / / /
/ / / /
/ / /
/ /
/

( 22. )

1

2

3

4   I declare under penalty of perjury that the foregoing is true and correct.

5

6   Signed this _____ day of _____ , 20____

7

8   _____

9                    (Plaintiff's signature)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

( 23. )

# APPENDIX D



NAME : QUOC XUONG LUU
CDC #: (P-22522)
Bld.#: (01-250U)
1 | California State Prison - Solano
P.O. Box 4000
2 | Vacaville, California 95696-4000

3

4 | In Properia Persona

5

6

7 |                IN THE UNITED STATES DISTRICT COURT

8 |             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11 | _____
In re: QUOC XUONG LUU,                )
12 | _____          )    Case No.:
Quoc Xuong Luu,                       )    C-07-2704-JSW (PR)
13 |                                    )
         Plaintiff/Petitioner,        )    File No.:
14 |                                    )    A#-027-
                                      )
15 | vs.                               )    Warrant No.: 58    FB6
                                      )
16 |                                    )
IMMIGRATION AND NATURALIZATION SERVICES, )  **MOTION FOR SUMMARY**
17 | (I.N.S.), et al.,                 )    **JUDGMENT OF AMENDED**
                                      )    **COMPLAINT'S**
18 |      Respondent(s)/Defendant(s),  )    **CONSTITUTIONAL CLAIM,**
                                      )    **RESPONDENT DEMURRED**
19 | UNITED STATES OF AMERICA,          )    **FOR FAILURE TO**
STATE OF CALIFORNIA,                  )    **RESPONSES THE**
20 | DEPARTMENT OF HOMELAND SECURITY,   )    **ALLEGATIONS.**
                                      )
21 | ___Real Party in Interest.____    )

22

23

24 |                      INTRODUCTION

25

26 |          Plaintiff, QUOC XUONG LUU, had filed an pro se

27 | amended complaint under 42 U.S.C. § 1983, civil suit alleged

28 | that his Sixth Amendment constitutional right pursuant to Federal

                              (1.)

1  and United States statutory provision were violated or deprived

2  by Respondent's authority of practice.

4          Plaintiff remove above entitle court for entertain

5  the "motion for summary judgment of amended complaint's

6  constitutional claim, Respondent demurred for failure to responses

7  the allegations" within the 42 U.S.C. § 1983 amended complaint.

8  Plaintiff will demonstrate that time elapsed for Respondent's

9  inadequate performance to answer the amended complaint's allegation

10 -- and miscarriage of justice [scheme] like aforementioned case

11 no.: C-02-01980-JF-(PR), e.g., proceeding that had been practiced.

12 (Also see, EXHIBIT and APPENDIX of original 42 U.S.C. § 1983

13 complaint.)  Plaintiff also show that his Sixth Amendment claim

14 govern Respondent's authorities under the Title 8, of the United

15 States Code Supplemental ("U.S.C.S."), statutory scheme, which

16 would not justify the amended complaint's claim.

18          Therefore, motion for summary judgment are proper

19 justification for Respondent to relief statutory malpractice,

20 authority, and constitutional [violation] of the Sixth Amendment

21 claim.  Within the motion for summary judgment that plaintiff

22 seeking Respondent to render relief his amended complaint under

23 "validity claim and constitutional violation." (Citing, 28 U.S.C.

24 § 1331, et seq.)

26                    PROCEDURAL BACKGROUND

28          On May 16, 2007, Plaintiff filed an pro se civil

(2.)

1   rights action pursuant to 42 U.S.C. § 1983 statute and also

2   submitted an application to proceed in forma pauperis. (Citing,

3   28 U.S.C. § 1915, et seq.)  On October 15, 2007, the Court imposed

4   an order to "dismisses the complaint with leave to amend and

5   orders Plaintiff to file an amended complaint within thirty

6   days from the date of this order."  The Court also order "granting

7   leave to proceed in forma pauperis" application. (Also referred,

8   to the court's record of docket no. 4's orders; see, EXHIBIT

9   [A.], e.g.)

10

11          On November 12, 2007, Plaintiff submitted an

12  "Court Ordered Amended Complaint" that were imposed by the Court's

13  order of October 15, 2007.  Plaintiff amended complaint's argument

14  upheld the requirement of the court's ordered.  However, Plaintiff

15  pleading the Court's leave for not amend his "EXHIBIT, APPENDIX,

16  or EVIDENCE" from it's original complaint, and any exhibit,

17  appendix, or evidence in content within amended complaint are

18  preferring to the original complaint. (See, EXHIBIT [B.], cf.)

19

20          On February 06, 2008, Plaintiff than submitted

21  an "motion for consolidate the cases under similarly status

22  & litigation of prosecution," with his mother's indictment from

23  the Immigration Court tribunal and for aforementioned case no.:

24  SFR-0708001141. (Also see, EXHIBIT [C.], e.g.)

25

26          On March 11, 2008, Plaintiff submitted a "letter"

27  requesting the Court for summary status of above entitle action.

28  However, the Court did not responded to Plaintiff's pleading
    of

(3.)

1    of <u>motion for consolidate</u> and <u>letter for summary status</u>.  The

2    above entitle court were moot the action's claim before judicial

3    entertainment. (<u>See</u>, EXHIBIT [D.], cf.)

4

5                        STATEMENT OF FACTS

6

7                   Plaintiff born in Siagon City of South Vietnam

8    Country during the occupation of 1979 by the Vietcong communist

9    party --- and after the "Fall of Siagon" in 1975.  Plaintiff

10   and his family members (mother and older brother) arrived to

11   the United States Country under <u>refugee</u> status on November of

12   1986.

13

14                   On December 11, 1998, Plaintiff were convicted

15   under the Superior Court of the State of California by entered

16   a plead of "<u>nolo contest</u>" to Cal.Pen. Code §§ 211, 212, 213,

17   245, and 12022(a) statutory violations.  The Superior Court

18   of Santa Clara County than imposed twelve (12) years sentence

19   to the California Department of Corrections institution ---

20   and with a calculation release date of March 27, 2008.$^{1/}$

21

22                   On February 01, 1999, Respondent's agency put

23   an "hold, warrant, or detainer" document upon Plaintiff for

24   "unspecific [statutory] violation(s)" that supporting by the

25   Title 8, of the United States Code Supplemental statutory

26   _____

27        $^{1/}$ <u>Citing</u>, Cal.Pen. Code § 667, § 1192, and §§ 2900-2932,
     et seq, statutory interpretation that supporting State court(s)
28   for determining <u>sentencing guideline</u> (1998 ed. verision).

                              (4.)

1   language.  Respondent's hold, warrant, or detainer document

2   have stated: "Immigration has been initialized to determine

3   whether this person is subject to removal from the United States."

4

5           On April 17, 2002, Plaintiff lodged an alleged

6   "motion for Interstate Agreement on Detainer Act pursuant to

7   Cal.Pen. Code § 1389" against Respondent's hold, warrant, or

8   detainer document --- and for aforementioned case no.: C-02-

9   01980-JF-(PR).  However, the aforementioned case no.: C-02-01980-

10  JF-(PR)'s allegation did not survive judicial tribunal of

11  litigation.

12

13          Plaintiff then filed an pro se 42 U.S.C. § 1983

14  civil rights complaint alleged Respondent violated his Sixth

15  Amendment right to "confront his accuser."  However, the Court

16  dismissed plaintiff's first complaint and deem him to file an

17  amended complaint.  The Court claim that: "Plaintiff has failed

18  to set forth sufficiently clear facts for the Court to discern

19  the nature of his complaint.  The complaint fails to state a

20  claim for relief." (See, EXHIBIT [A.], e.g.)  Plaintiff then

21  amended complaint alleged that Respondent accused [--by the

22  holds, warrants, and detainers document--] him violated, citing,

23  8 U.S.C. §§ 1101, 1227-1228, et seq, statutory language under

24  natural or public laws of the SIxth Amendment statutes -- and

25  allow plaintiff to confront Respondent's accusation hold, warrant,

26  or detainer.

27

28          Plaintiff also filed motion(s) or letter that

(5.)

1   relate to the above entitle action.  Currently plaintiff did

2   not received, heard, or responded from the Court's ruling, order,

3   or responses from his motion and letter.  Since plaintiff's

4   amended complaint were filed that the Court did not render any

5   further ruling or order of aforementioned case no.: C-07-2704-

6   JSW-(PR).

7

8                    MEMORANDUM AND POINTS OF AUTHORITIES

9

10             On Plaintiff's amended complaint under 42 U.S.C.

11  § 1983 statute have demonstrated that I.N.S. agency deprived

12  and violated his Sixth Amendment right to "confront his accuser."

13  (Citing, U.S.C.A. Const. Amend. 6, et seq.)  Within the amended

14  complaint's content have provided that:

15                   "[Section 1.] ..., by an impartial
                     jury of the state and district
16                   wherein the crime shall have been
                     committed, which district shall
17                   have been previously ascertained
                     by law, and to be informed of the
18                   nature and cause of the accusation:
                     to be confronted with the witnesses
19                   against him; to have compulsory
                     process for obtaining witnesses in
20                   his favor, and have the assistance
                     of counsel for his defense."
21                   (Emphasis added; amended complaint
                     at p. 12; U.S.C.A. Const. Amend.
22                   6, et seq.)

23

24  Plaintiff also alleged that under Sixth Amendment right of "natural

25  or public laws" that guarantee him the privilege of liberty

26  to "confront his accuser."  Plaintiff also define Defendant's

27  statutory authorities to bar him from utilized Sixth Amendment

28  right to confront his accuse hold, warrant, or detainer that

                            ( 6 )

1  authorized or issued by Defendant's agency. (See, EXHIBIT [E.],
2  e.g.)

3

4          Plaintiff remove entitle court for summary judgment
5  under Fed.Rules of Civil Procedure, Rule 56 ("Summary Judgment"),
6  statute.  Under statutory of Fed.R.Civ.Pro. Rule 56(d) have
7  define that: "...the whole case or for all the relief asked
8  and a trial is necessary, the court at the hearing of the motion,
9  by examining the pleading and the evidence before it and by
10  interrogating counsel, shall if practicable ascertain what material
11  facts exist without substantial controversy and what material
12  facts actually and in good faith controverted."  The statute
13  also allow a party to move the action for summary judgment when
14  the (1) genuine issue(s) and (2) material fact support or de
15  facto the issues.

16

17          Whether the court render summary judgment in
18  Plaintiff's favor or not, however, the Fed.R.Civ.Pro. Rule 56
19  statute have define that a party could move the court for pre-
20  trial and trial proceeding.  Plaintiff have establish genuine
21  issue(s) and material facts support his amended complaints claim
22  that Defendant clear and convince evidences beyond reasonable
23  doubt that his Sixth Amendment right were deprived or violated.
24  Defendant also failed to establish statutory interpretation
25  or facts that Plaintiff's Sixth Amendment were not violated
26  and been deprived by Defendant's authorities.

27

28          Therefore, motion for summary judgment have provide

(7.)

1   statutory burden under Fed.R.Civ.Pro. Rule 56's guideline for
2   relief of its statute interpretation.  Defendant failed or denied
3   Plaintiff's Sixth Amendment right in two occasion of litigation
4   before judicial tribunal.  Plaintiff have establish genuine
5   issue and material facts of his amended complaint claim that
6   Defendant violated his Sixth Amendment right --- and Defendant
7   could not rebuttal his amended complaint's allegation without
8   reasonable doubt.

9

10                      PRAYING FOR RELIEF

11

12              For above reason(s) for relief the motion for
13  summary judgment.  Defendant could not establish statutory
14  interpretation or languages to rebuttal Plaintiff's amended
15  complaint's claim of Sixth Amendment violation --- and could
16  not denied genuine issue and material facts to supporting the
17  Sixth Amendment claim.  Plaintiff praying for relief of the
18  following[s]:

19

20              (1.) Grant the motion for summary judgment,
21              (2.) Injunction Defendant to bring Plaintiff
22  before Immigration Court to face his accuser whom authorized
23  the hold, warrant, detainer document (see, EXHIBIT [E.], e..g),
24              (3.) Dismiss Defendant's hold, warrant, and
25  detainer document that shadow validity of Sixth Amendment --
26  - and all document from every government or local States agency
27  from Defendant's hold, warrant, or detainer claim,

28

                            (8.)

1      (4.) Deem Defendant to bring Plaintiff to
2  confront his accuser of hold, warrant, or detainer document,
3      (5.) Remove the Court for pre-trial and trial
4  proceeding of above entitle action, and
5      (6.) Injunction Defendant to answer Plaintiff's
6  42 U.S.C. § 1983 (amended) complaint or face statutory punishment
7  for failure to denied validity of Sixth Amendment claim.
8
9      Therefore, the motion for summary judgment have
10 establish reasonable [or probable] of cause for relief upon
11 Defendant to answer the allegation within amended complaint.
12 Defendant failure and intently prolong Plaintiff's prosecution
13 the case have undermine or abuse authorities that guarantee
14 under the United States Constitutional principles.
15
16                          CONCLUSION
17
18      For above reasons support relief of motion for
19 summary judgment.  The motion for summary judgment have establish
20 relief under Fed.R.Civ.Pro. Rule 56 statute interpretation and
21 deem Defendant to render judgment to answer Plaintiff's allegation.
22 It's proper for the Court to grant the motion for summary judgment
23 and request Defendant to render rebuttal of Sixth Amendment
24 claim.
25
26 DATED: April 10, 2008
27                          /S/ _____
                            Respectfully Submitted
28
            NAME : QUOC XUONG LUU (In Pro. Per.)
            CDC #: (P-22522); Bld.#: (Q1-250U)
            California State Prison - Solano, P.O.
            Box 4000, Vacaville, California 95696-
                                              4000

# APPENDIX E

1 | JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
2 | JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
3 | Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
4 | Assistant United States Attorney

5 | 450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
6 | Telephone: (415) 436-7124
FAX: (415) 436-7169
7 |
Attorneys for Defendants
8 |

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN FRANCISCO DIVISION

12 | QUOC XUONG LUU,
) No. C 07-2704 JSW
13 | Plaintiff, )
)
14 | v. ) **NOTICE OF APPEARANCE**
)
15 | IMMIGRATION AND NATURALIZATION )
SERVICE (I.N.S.); UNITED STATES OF )
16 | AMERICA; STATE OF CALIFORNIA; )
DEPARTMENT OF HOMELAND SECURITY; )
17 | )
Defendants. )
18 | _____ )

19 | PLEASE TAKE NOTICE that representation of Defendants in the above-entitled proceeding

20 | will be by Ila C. Deiss, Assistant United States Attorney.

21 |

22 | Dated: May 19, 2008                          Respectfully submitted,

23 |                                             JOSEPH P. RUSSONIELLO
                                             United States Attorney
24 |

25 |                                             /s/
                                             ILA C. DEISS
26 |                                             Assistant United States Attorney

27 |

28 |
Notice of Appearance
C07-2704 JSW

## CERTIFICATE OF SERVICE

### Quoc Xuong Luu v. INS, et al.
#### C 07-2704 JSW

The undersigned hereby certifies that she is an employee of the Office of the United States

Attorney for the Northern District of California and is a person of such age and discretion to be

competent to serve papers. The undersigned further certifies that she is causing a copy of the

following document(s):

### NOTICE OF APPEARANCE

to be served this date upon the party(ies) as follows:

✓ **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

 **PERSONAL SERVICE (BY MESSENGER)** I caused such envelope to be delivered by hand to the person or offices of each addressee below.

 **FACSIMILE (FAX)** Telephone No.: _____ I caused each such document to be sent by facsimile to the person or offices of each addressee below.

 **FEDERAL EXPRESS**

 **CERTIFIED MAIL**

 **BY E-MAIL** I caused each such document to be sent by e-mail to the person or offices of each addressee below.

to the party(ies) addressed as follows:

Quoc Xuong Luu, Pro Se
P-22522
California State Prison-Solano
PO Box 4000
Vacaville, CA 95696-4000

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on May 21, 2008 at San Francisco, California.

_____/s/_____
CAROL E. WEXELBAUM
Legal Assistant



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,                    )    No. C 07-2704 JSW (PR)
                                   )
            Plaintiff,             )    **ORDER OF DISMISSAL;**
                                   )    **DENYING PENDING MOTIONS**
      vs.                          )
                                   )
I.N.S., et al,                     )
                                   )    **(Docket Nos. 8, 10)**
            Defendant.             )
                                   )

Plaintiff, a prisoner of the State of California incarcerated at California State

Prison-Solano in Vacaville, California, filed a civil rights action pursuant to 42 U.S.C.

§ 1983. After reviewing the complaint, the Court found that it appeared to be

complaining about an immigration detainer hold placed on him by the Immigration and

Customs Enforcement ("ICE"). Because the complaint was "largely incomprehensible,"

however, it was dismissed with leave to amend to allege how his constitutional rights

were violated, and the conduct of each Defendant that he asserts is responsible for a

constitutional violation. Plaintiff has filed an amended complaint in which he challenges

the constitutionality of an order by the ICE to detain Plaintiff following his release from

state prison, pending deportation proceedings.

"Federal law opens two main avenues to relief on complaints related to

imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the

Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges

to the lawfulness of confinement or to particulars affecting its duration are the province

of habeas corpus.'" *Hill v. McDonough*, 126 S. Ct. 2096, 2101 (2006) (quoting

1 *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). The Supreme Court has consistently

2 held that any claim by a prisoner attacking the fact or duration of his confinement must

3 be brought under the habeas sections of Title 28 of the United States Code. *See*

4 *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648

5 (1997); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a claim that would

6 necessarily imply the invalidity of a prisoner's conviction or continuing confinement

7 must be brought in a habeas petition).

8     As Plaintiff challenges the fact and duration of his custody pursuant to a detainer

9 by the I.C.E., it must be brought in a habeas action pursuant to 28 U.S.C. § 2241, not in a

10 civil rights complaint under 42 U.S.C. § 1983. Accordingly, the instant matter is hereby

11 DISMISSED without prejudice to refiling as a habeas petition.[1]

12     In light of the dismissal of this action, Plaintiff's motion for summary judgment is

13 DENIED. The motion to consolidate this case with another case not filed in this court is

14 also DENIED.

15     The Clerk shall close the file and enter judgment in favor of Defendants. This

16 order terminates Docket Nos. 8 & 10.

17     IT IS SO ORDERED.

18 DATED: June 9, 2008

19                                    *Jeffrey S. White*

20                                    JEFFREY S. WHITE
                                      United States District Judge

21

22

23

24

25

26

27     [1]The Court notes that it appears from Plaintiff's recent filings that he may be currently
be pursuing his claims before a judge of the Immigration and Naturalization Services.

28                                         2

1      UNITED STATES DISTRICT COURT

2      FOR THE

3      NORTHERN DISTRICT OF CALIFORNIA

4

5

6    QUOC XUONG LUU,                            Case Number: CV07-02704 JSW

7              Plaintiff,                        **CERTIFICATE OF SERVICE**

8        v.

9    INS et al,

10             Defendant.
                                         /

11

12    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
      Court, Northern District of California.

13    That on June 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
      copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing

14    said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
      receptacle located in the Clerk's office.

15

16

17    Quoc Xuong Luu
      P-22522

18    California State Prison-Solano
      PO Box 4000

19    Vacaville, CA 95696-4000

20    Dated: June 9, 2008
                                         *Jennifer Ottolini*

21                                       Richard W. Wieking, Clerk
                                         By: Jennifer Ottolini, Deputy Clerk

22

23

24

25

26

27

28

**ORIGINAL
FILED**

1

JUN 0 9 2008

2

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

3

4

5

IN THE UNITED STATES DISTRICT COURT

6

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    QUOC XUONG LUU,                    )    No. C 07-2704 JSW (PR)

9                    Plaintiff,          )    **JUDGMENT**

10          vs.                          )

11   I.N.S., et al,                      )

12                    Defendant.         )

13

14          The Court has dismissed this action without prejudice. A judgment of dismissal

15   without prejudice is entered. The Clerk shall close the file.

16          IT IS SO ORDERED.

17   DATED: June 9, 2008

18                                        Jeffrey S White

19                                        JEFFREY S. WHITE
                                          United States District Judge

20

21

22

23

24

25

26

27

28

1                        UNITED STATES DISTRICT COURT

2                                    FOR THE

3                        NORTHERN DISTRICT OF CALIFORNIA

4

5

6    QUOC XUONG LUU,                         Case Number: CV07-02704 JSW

7               Plaintiff,                   **CERTIFICATE OF SERVICE**

8        v.

9    INS et al,

10              Defendant.
                                    /

11

     I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
12   Court, Northern District of California.

13   That on June 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
14   said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
     receptacle located in the Clerk's office.
15

16   Quoc Xuong Luu
     P-22522
17   California State Prison-Solano
     PO Box 4000
18   Vacaville, CA 95696-4000

19   Dated: June 9, 2008                     *Jennifer Ottolini*

20                                           Richard W. Wieking, Clerk
                                             By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28

# EVIDENCE 1

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
95 Seventh Street
Post Office Box 193939
San Francisco, California 94119-3939

**May 19, 2005**

---

Case Name : **Luu v. Immigration & Naturalizing Service (I.N.S.), el al., United States District Court for the Northern District of California,**
Respondent/Defendant,

**United States of America,**
Real Party in Interest.

United States Court of Appeals Docket Number : **[04-76772]**
United States District Court Docket Number : **[C-02-01980 JF (PR)]**

---

**To the Clerk's reside to the [above docket] matter;**

The above entitle Docket No.: **[04-76772]**, Petitioner has filed a informal "En Banc" Proceeding on April 04, 2005, and which was over **30** days since the Court of Appeals does not acknowledged and/or responded his "en banc" petition.

Pursuant to **9th Cir. Rule 35, et seq,** has limitated the Court(s) to response within **21** days of the filing --- whether it's denial or the "full penal of the Court(s)" entertaining such proceeding. Since, April 04, 2005, Petitioner doesn't received any formal responded from the Court stated the acknowledgment of filed such alleged petition.

**(01 of 02)**

Petitioner are currently entrappment with the limitation to filed the petition within the United States Supreme Court --- when the Court of Appeals doesn't [formal] responded the knowledgment of such document(s) that withheld the time frame for petitioner seeking higher court(s) for relief["?"]. Without any record(s) confirm that petitioner [does] seeking this court for "en banc" proceeding --- and, how could petitioner explain the time-frame since the last denial to the United States Supreme Court when this Court does not responded [or acknowledged] the document(s) was declarated on April 04, 2005.

Therefore, Petitioner just seeking the Court of Appeals to response of whether the document(s) was received and filed/docket by this Court. And, can this Court confirm petitioner a copy of the filing document(s) which dated --- that showing the Court of Appeals has acknowledged such document(s) was received and processing[?]. Petitioner also provoking this Court for information of the "current stage and/or proceeding(s)" of his en banc petition. Petitioner would like to take this time appreciating the Court and/or Clerk's time -- -and any help that this Court could provide would be sincerely minded.

**Sincerely;**

NAME : QUOC XUONG LUU
CDC #: (P-22522)
Dorm#: (19-226L)
California State Prison **(C.S.P.)** - Solano
P.O. Box 4000
Vacaville, California 95696-4000.

# EVIDENCE 2

Office of the Clerk
**United State Court of Appeals for the Ninth Circuit**
95 Seventh Street
Post Office Box 193939
San Francisco, California 94119-3939


October 13, 2005


Case Name : Luu v. Immigration & Naturalizing Service (I.N.S.),
            et al., United States District Court for the
            Northern District of California,
                    Respondent/Defendant(s),

            United States of America,
                    Real Party in Interest.

United States Court of Appeals Docket Number: [04-76772]
United States District Court Docket Number  : [C-02-01980 JF (PR)]


**To the Clerk's whom it may reside on above docket;**

The above entitle docket No.: [04-76772], has filed
a informal "En Banc" proceedings on April 04, 2005, and which
the Court of Appeals did not responded and/or answer such allegation
within the petition.  The Court of Appeals has acknowledged that
petitioner has sent the petition, [but], refused to answer such
allegation[s].

On May 19, 2005, Petitioner had wrote this Court
of Appeals to confirm the time-frame to answer the petition pursuant
to **9th Cir. Rule 35, et seq.**, which limited the Court within 21
days to response "en banc" proceeding when its' were filed.
Petitioner also seeking clarification relief of judgment of "en
banc" proceeding before sought United States Supreme Court intervene
the complication and/or controversy validity of judicial panel.
[W]hich the Court refused to answer any acknowledgment of the
"en banc" petition and also the letter.

(01 of 02)

The issue[s] within the petition have raised controversy principle of United States & Federal Constitutional and/or Liberty right(s). Whether the integrity of the United States & Federalism Constitutional were undermined and does this nation democracy have conflict the interest and/or validity of it's statutory standards that judiciary regime underlying such principals.

Petitioner filed an "en banc" petition to this Court on April 04, 2005, and a letter of confirmed which dated May 19, 2005. From those dates the Court of Appeals did not responded and/or answered Petitioner's praying for relief of judgment. Whether the Court of Appeals deliberately refused, failed, and/or inadequately performance under validity of constitutionality and statutory standards to undermined the soul purpose of the allegation[s].

Therefore, Petitioner seeking relief of judgment to proceed into higher judicial remedies --- and that is praying the United States Supreme Court intervene such controversy decision that this Court and U.S. District Court refused to entertained. Pursuant to **9th Cir. Rule 35**, the Court of Appeals have the obligation to responded and/or answer of whether acknowledgment within 21 days of filed. Accordingly, Petitioner praying this Court of Appeals to relief jurisdiction and allow him to proceed to United States Supreme Court -- because this Court deliberately stalling the proceeding[s].

**Sincerely;**

**QUOC XUONG LUU**
CDC #: (P-22522)
Dorm#: (19-226L)
California State Prison **(C.S.P.)** - Solano
P.O. Box 4000
Vacaville, California 95696-4000

# EVIDENCE 3

NAME : QUOC XUONG L
CDC #: (P-22522)
Bld.#: (01-250U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

NAME : HANH M. NGUYEN
477 South 3rd. Street, Apt.#: A
San Jose, California 95112

COPY

IN PROPERIA PERSONA


## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT COURT OF CALIFORNIA

## IMMIGRATION COURT


| | |
|---|---|
| IMMIGRATION AND NATURALIZATION SERVICES, (I.N.S.), et al.,<br>            Plaintiff/Respondent, | Case No.:<br>SFR0708001141 |
| | File No.:<br>A#-027-838-994 |
| vs. | |
| | Court Dated:<br>March 05, 2008<br>at 8:30 a.m. |
| HANH M. NGUYEN,<br>            Defendant/Appellant, | Dept.#: 17 |
| In re: Quoc Xuong Luu,<br>            Plaintiff/Petitioner, | Case No.:<br>C-07-2704-JSW (PR) |
| vs. | File No.:<br>A#-027-838-996 |
| IMMIGRATION AND NATURALIZATION SERVICES, (I.N.S.), et al.,<br>            Defendant(s)/Respondent(s), | Warrant No.:<br>581212FB6 |
| UNITED STATES OF AMERICA,<br>STATE OF CALIFORNIA,<br>DEPARTMENT OF HOMELAND SECURITY,<br>            Real Party in Interest. | **MOTION FOR CONSOLIDATE THE CASES UNDER SIMILARLY STATUS & LITIGATION OF PROSECUTION.** |

(1.)

## I N T R O D U C T I O N

Ms. Hanh M. Nguyen (Defendant), of aforementioned case no.: SFRO708001141 had been alleged by Respondent of violated immigration statutory provision, and to be determined for removal pursuant to Immigration and Nationality Act ("INA"), § 212(a)(2)(A)(i)(I).  Respondent claimed that Defendant had violated 28 U.S.C.S. §§ 1101 and 1227-1228, et seq, statutes on September 19, 2007, while re-entry into the United States of America on a vacation to Vietnam country.  Defendant were been detained by Respondent without Fifth Amendment (citing, **Miranda v. Arizona,** 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1062 (1966)]}, and been interrogated for seven hours without any attorney or counsel protection. (Quote, U.S.C.A. Const. Amend. 6, et seq, "right to have counsel presented;" also see, **Edwards v. Arizona,** 451 U.S. 477 [68 L.Ed.2d 378, 101 S.Ct. 1880 (1981)], ("..require counsel to be presented during any interrogation or questions by  lawenforcement and any formal government agency..").)

Mr. Quoc Xuong Luu (Plaintiff), of aforementioned case no.: C-07-2704-JSW PR, is Ms. Hanh M. Nguyen's son whom case status are similarly with her.  Plaintiff entered into the United States America with his mother (Ms. Hanh M. Nguyen) on November 11, 1986.  However, Plaintiff currently under the custody of the California Department of Corrections system and been served his criminal conviction had imposed by the Santa Clara County Superior Court.  Plaintiff's criminal sentenced

are almost completed, and face the I.N.S.'s accused allegation
crime violated Title 8, of the United States Code Supplement,
et seq, statutory provision under immigration laws.  Then
Plaintiff alleged that the I.N.S.'s agency violated his Sixth
Amendment right to "confront his accuser" before judicial panel
system.

Plaintiff (Mr. Quoc Xuong Luu) and Defendant
(Ms. Hanh M. Nguyen) are mother and son relationship whom entered
into this country (United States of America) legally on November
11, 1986, under refugee status of entry.  If, the I.N.S. agency
tribunal Ms. Nguyen before immigration court then Mr. Luu have
that right to confront his accuser beside his mother --- because
the tribunal could scale unconstitutional or kangaroo practice.
Both persons have similarly status from I.N.S.'s allegation
of indictment offenses and tribunal both cases could constitution
contradiction each other uniform court or judges.

Defendant does not understand or speak English
below 6th grade average standard person(s), and cannot secure
fundamental constitutional principles guarantee each person(s)
the liberty to exercise.  Defendant's defense and statements
are similarly with Plaintiff tribunal.  Plaintiff could explain
and advise Defendant adjudicated procedure and tribunal in native
language.

Therefore, Defendant and Plaintiff remove above

(3.)

entitle court for <u>motion for consolidate the cases under similarly</u>
<u>status & litigation of prosecution</u> both cases.  Both have been
charges for <u>illegally entry</u> into the United States of America
and facing for <u>deportation removal</u> pursuant to 8 U.S.C.S. §
1101 and § 1227-1228, et seq, violations.  Its the judicial
interest to consolidate the cases to protect the interest of
constitutional liberty of <u>natural laws</u>, because tribunal the
cases separately could contradict the prosecution strategy.


## S T A T E M E N T   O F   F A C T [S]


Mr. Luu were born in Siagon City of South Vietnam
country during the occupation of 1979 by the Vietcong ("VC")
communist party.  Mr. Luu and his family members (--his mother
and brother--) fleet the country by migrate through lands of
Cambodia to Philippines refugee camp.  Mr. Luu and Ms. Nguyen
left the communist party about 1985 and arrived to Philippines
of early 1986, then permitted into the United States of America
on November 11, 1986, at the San Francisco port of entry.


During the course of our traveling to the United
States of America that the family members endurance physical
and mental hardship from the Cambodia's militant.  Mr. Luu and
his family witness execution and rape[] of migrate refugee
people[s].  Such memory have psychology implant Mr. Luu and
his family lives.


(4.)

His family arrived into the United States of
America on November 11, 1986, at the San Francisco airport.
Ms. Nguyen and Mr. Luu relative family members financially
support to document(s) under "Lawful Permanent Resident" of
<u>refugee</u> status from 8 U.S.C.S. § 1101(a)((42)(A)÷(B) and § 1157,
et seq, statutory provision.

[A.] <u>Mr. Hanh M. Nguyen (mother) historical fact[s]:</u>*/

Ms. Hanh M. Nguyen arise and educated in democracy
of Vietnam country before communist party (VC) took control
the country from the fall of "Siagon" of 1975.  Ms. Nguyen then
married to Mr. Luu's father and has two boys in 1979.  The family
believe and function under democracy principle before VC took
control of the country.  Then Ms. Nguyen's husband tried to
reach United States by migrate through maritime route with other
thousand peoples aboard the ships.  The ship were sink on the
open sea that routed to United States of America, which Mr.
Luu were four (4) years old.

The communist party took all assess and land
that were own by Ms. Hanh and her husband.  The communist also
executed some of the family [relative] members because their
believe and bind to communist regime.  Ms. Nguyen took her two

---

*/ <u>Please notice</u> that this fact[s] of Ms. Nguyen's historical
background are base upon Mr. Luu's memory and the events he
had witnesses from his childhood and story from her life itself.

boys and flee the country from communist regime, and her family
lives well-being that could be executed by the VC's party.

Ms. Nguyen arrived into the United States of
America on November 11, 1986, under refugee status and were
permitted refuge of the country. On May 12, 1992, Ms. Nguyen
were convicted for "petty theft" pursuant to **Cal.Penal Code
§ 484/488**, et seq, violation. She had completed her sentenced
of judgment were imposed, and since then she did not committed
or violated any state[] or federal statutory crimes or criminal
act. That is the only crime she had committed during her resident
in the United States of America country.

During her twenty-one (21) years of resident
in the United States of America that she give birth to Vicky
Diem Nguyen and Tommy Nguyen. Both child are from the range
of 12 to 16 years old and the United States citizenship. Ms.
Nguyen cannot work due to her disability and hardship of taking
care the child.

On September 19, 2007, the I.N.S. agency detained
Ms. Nguyen at San Francisco airport after she re-entry into
the United States of America from her visit Vietnam. The I.N.S.
agency alleged Ms. Nguyen [May 12,] 1992 conviction that violate
8 U.S.C.S. § 1101(a)(43)(G), statutory and seeking for removal
procedure under 8 U.S.C.S. §§ 1227-1228, et seq, status. The
I.N.S. agency also took her lawful permanent resident dcoument(s)

(6.)

and deem her before tribunal of immigration court.

During the course of her detain by the I.N.S.
agency for seven (7) hours of interrogation without Fifth and
Sixth Amendments constitution protection, that affect her mentally
impair.  She could not speak or write in English language which
solely could she comprehend the badger unconstitutional
interrogation practice by the I.N.S. agency.  She did not
committed any national or international statutory laws that
been treat and badger like a terrorise suspect[].

Ms. Nguyen received document[] from the I.N.S
agency that deem her to be appeared before immigration [tribunal]
judge on March 05, 2008, at approximately 8:30 a.m., and at
Immigration Court, 120 Montgomery Street, 9th Floor, Courtroom
#17, San Francisco, California 94104.  On such date of proceeding
that the I.N.S. agency seeking for "removal" Ms. Nguyen back
to her native country. (Also see, EXHIBIT A., e.g., cf.)

[B.] Mr. Quoc Xuong Luu (son) historical fact[s]:

Mr. Quoc Xuong Luu were birth by Ms. Hanh M.
Nguyen in Vietnam of 1979 communist party.  Mr. Luu and his
mother with an older brother (Mr. Xuong Luu) flee from Vietcong
communist party regime and came to the United States of America
in November 11, 1986.  Mr. Luu raise and educated in the United
States of America for over 21 years of resident.

(7.)

On May 16, 2007, Mr. Luu submitted an civil right complaint pursuant to 42 U.S.C. § 1983-1985, et seq, petition to the United States District Court for the Northern District of California for alleged that the I.N.S. agency violated his fundamental principle of Sixth Amendment right. (Also see, EXHIBIT [C.], e.g.) On October 15, 2007, the district court rendered a order that: "Plaintiff's complaint to the Court is largely incomprehensible because it does not clearly state the facts: regarding his legal challenge. Instead, Plaintiff uses flowery legal language, such as discussions of 'natural laws' and makes bibical references. However, Plaintiff has failed to set forth sufficiently clear facts for the Court to discern the nature of his complaint. The complaint fails to state a claim for relief." (Emphasis added; also see, EXHIBIT [C.], e.g.)

On November 12, 2007, Mr. Luu filed an "amend complaint" to the Court. Mr. Luu still wait for the Court to imposed an order or rule upon his amend complaint, and for aforementioned docket no.: C-07-2704-JSW (PR). The case are still pending before judicial court of united states district court.

## S T A T U T O R Y   R E L I E F

Ms. Hanh M. Nguyen (mother) and Mr. Quoc X. Luu (son) were had came into the United States of America the same

(9.)

time of entry. The cases resemblance are identical from status of prosecution or statutory violation. The statement of facts, supra, have showing reflection or relationship of both cases.

Its upon this court determination to analysis both cases similarry statutory violation or prosecution that could relief judicial tribunal different venue of confusion. It also secure jurisdiction relief and indifference tribunal that could contradict the Court[s] one-another decision, order, or judgment from the case[s].

Judiciary consider consolidate both cases for the following reason[s]:

(1)

(1) Economy affection for separate court proceeding and amount legal document or salary for prosecution;

(2) Similarity statutory violation;

(3) Judicial confusion, contradict ruling, and application of statutory provision; and

(4) Jurisdiction venue of judicial tribunal.

Those reason[s] have paint a picture for relief for judicial court consider consolidate the cases are reasonable.


### P R A Y I N G   F O R   R E L I E F

(10.)

Ms. Nguyen and Mr. Luu praying judicial court for relief <u>granting</u> the motion for consolidate the cases under similarly status & litigation of prosecution.  For above reasons of cause that granting the motion could benefit judicial court unnecessary confusion of document[s] and prosecution venue.


## C O N C L U S I O N

The motion for consolidate the cases under similarly status & litigation of prosecution have relief for judicial court <u>granting</u> judgment.  For above reason of cause that establish relief for granting the motion.

DATED: February 06, 2008


/s/

Respectfully Submitted

NAME : QUOC XUONG LUU (In Properia Persona)
CDC #: (P-22522)
Bld.#: (01-250U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000


/////
////
///
//
/

(11.)

# EXHIBIT

# [A.]

## Notice to Respondent

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

X _____
(Signature of Respondent)

Before: _____ CBPO

(Signature and Title of INS Officer)

Date: _NOVEMBER 13, 2007_

### Certificate of Service

This Notice to Appear was served on the respondent by me on _November 13, 2007_, in the following manner and in
(Date)
compliance with section 239(a)(1)(F) of the Act:

☑ in person    ☐ by certified mail, return receipt requested    ☐ by regular mail

☐ Attached is a credible fear worksheet.

☐ Attached is a list of organizations and attorneys which provide free legal services.

The alien was provided oral notice in the _____ _English_ _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

X _____
(Signature of Respondent if Personally Served)

_____ CBPO
(Signature and Title of Officer)

Form I-862 (Rev. 3/22/99)N

U.S. Department of Justice
Executive Office for Immigration Review
*Immigration Court*

## Alien's Change of Address Form/
## Immigration Court

You are required to notify the Executive Office for Immigration Review (EOIR) of any change of address and any change of telephone number within five (5) days of moving or changing your address or phone number. You will receive notification as to the time, date, and place of hearing or other official correspondence only at the address which you provide.

Failure to appear at any hearing before an Immigration Judge, when notice of that hearing or other official correspondence was served on you or sent to the address you provided, may result in one or more of the following actions:

• If you are not already detained, you may be taken into custody by the DHS and held for further action; and

| If you are in *removal* proceedings: Your hearing may be held in your absence under Section 240 of the Immigration and Nationality Act (INA) and an order of removal may be entered against you. Furthermore, you may become ineligible for the following forms of relief from removal for a period of 10 years after the date of the entry of the final order: 1. Voluntary Departure as provided for in Section 240B of the INA; 2. Cancellation of Removal as provided for in Section 240A of the INA; 3. Adjustment of Status or Change of Status as provided for in Section(s) 245, 248, or 249 of the INA. | If you are in *deportation* proceedings: Your hearing may be held in your absence under Section 242B of the Immigration and Nationality Act (INA) (1995), and an order of deportation may be entered against you. Furthermore, you may become ineligible for the following forms of relief from deportation for a period of 5 years after the date of the entry of the final order: 1. Voluntary Departure as provided for in Section 242(b) of the INA (1995); 2. Suspension of Deportation or Voluntary Departure as provided for in Section 244 of the INA (1995); 3. Adjustment of Status or Change of Status as provided for in Section(s) 245, 248 or 249 of the INA (1995). | If you are in *exclusion* proceedings: Your application for admission to the United States may be considered withdrawn, and your hearing may be held in your absence and an order of exclusion and deportation entered against you. |

Name: _____    Alien Number: A _____

| My **OLD** address was: | My **NEW** address is: |
|---|---|
| _____ | _____ |
| ("In care of" other person, if any) | ("In care of" other person, if any) |
| _____ | _____ |
| (Number, Street, Apartment) | (Number, Street, Apartment) |
| _____ | _____ |
| (City, State and ZIP Code) | (City, State and ZIP Code) |
| _____ | _____ |
| (Country, if other than U.S.) | (Country, if other than U.S.) |
| | _____ |
| | (New Telephone Number) |

✎ **SIGN HERE** ➡    X _____
                                        Signature                    Date

## PROOF OF SERVICE
### (You Must Complete This)

I _____ mailed or delivered a copy of this Change of Address Form on _____ to the
(Name)                                                                                              (Date)

Assistant Chief Counsel for the DHS (U.S. Immigration and Customs Enforcement-ICE) at _____ .
                                                                                                      (Number and Street, City, State, Zip Code)

✎ **SIGN HERE** ➡    X _____
                                        Signature

Form EOIR - 33/IC

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
120 MONTGOMERY ST., SUITE 800
SAN FRANCISCO, CA 94104


NGUYEN, HANH
477 S 3RD ST APT A
SAN JOSE, CA 95112

          IN THE MATTER OF                    FILE A27-838-994
          NGUYEN, HANH


          I, THE UNDERSIGNED EMPLOYEE OF THE EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW, SAY THAT ON THE DATE INDICATED BELOW I SERVED
THE ATTACHED DOCUMENT/NOTICE(S) UPON THE FOLLOWING PERSON(S):

DISTRICT COUNSEL/THOMAS, SINI S., TA
DEPARTMENT OF HOMELAND SECURITY
San Francisco, CA


NGUYEN, HANH
477 S 3RD ST APT A
SAN JOSE, CA 95112


          I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
TRUE AND CORRECT.
(AUTHORITY:28 U.S.C. 1746.)


DATE OF MAILING: Jan 2, 2008
                                    _____
                                        COURT CLERK              CP

**U.S. Department of Justice**
- Immigration and Naturalization Service

## Order to Appear Deferred Inspection

You, **NGUYEN, Hanh**                                    File Number    **A027 838 994**

have not established conclusively that you are admissible to the United States; therefore, *YOU ARE ORDERED TO APPEAR IN PERSON AT THE BELOW INDICATED ADDRESS ON THE DATE AND TIME INDICATED. A* final determination will be made then concerning whether and under what conditions you will be admitted to this country. *FAILURE TO APPEAR AS ABOVE ORDERED MAY RESULT IN YOUR BEING TAKEN INTO CUSTODY.*

☐ Your passport has been retained. It will be returned to you in person when you report to the address indicated below.

Reporting Address:

U.S. DEPARTMENT OF HOMELAND SECURITY

SAN FRANCISCO, CA, DEFER INSP
U.S. CUSTOMS AND BORDER PROTECTION
630 SANSOME ST.
ROOM 931
SAN FRANCISCO CALIFORNIA

Reporting Date and Time:

September 19, 2007 8:00 AM  — *12·c fr m (noon)*
415 - 844 - 5225.

Attach photograph here

| Name (Family, Given, Middle) NGUYEN, Hanh | | |
|---|---|---|
| Citizenship VIETNAM | Country of birth VIETNAM | Date of birth 12/15/1951 |
| Complete foreign address (Mailing address) | | |
| Complete U.S. address 477 SOUTH 3RD STREET Apt A SAN JOSE CALIFORNIA 95112 | | Phone number (408) 513-7876 |
| Airline/vessel of arrival BR 18 | Port of arrival SAN FRANCISCO, CA | Date of arrival 08/20/2007 1939 |
| Visa number, type | Visa date, place of visa issuance | Social security number |

DETAILS:

Departure Number                          OMB No. 1651-0111

763602080 15

I-94
Departure Record

PAROLED until:
SEPT 19, 2007
Purpose: DE
DEF. INSP.
SFR.
(Port)  (Date)  (Official)
SFR 1723   AUG 2 0 2007

14 Family Name
N G U Y E N.
15 First (Given) Name
H a n h
16 Country of Citizenship
V I e t N a m

16 Birth Date (Day/Mo/Yr)
1 5 1 2 5 1

CBP Form I-94 (10/04)

Staple duplicate copy of I-94 here

WEI LI,                                        08/20/2007          FRANCISCO ALDEGUER, INSPECTOR          08/20/2007

(Signature of Recommending Officer)    Date          (Supervisory Officer)                Date

**ALIEN COPY**

Form I-546  (Rev. 04/28/03) Page 2 of 3

| 1. Held for other agency? Yes ☐ No ☐ |
| Name of Agency: |

| 2. Certified Mail No. |

| 3. Investigative Case No. |

| 4. General Order No. |

| 5. Exodus Command Center Notified? |
| ☐ Yes    ☒ No |
| Date:          Time: |

**DEPARTMENT OF HOMELAND SECURITY**
**Bureau of Customs and Border Protection**

## Detention Notice and Custody Receipt for
## Detained Property

Handbook 5200-09

| 6. Port Code | 7. Date of Detention (mm/dd/yyyy) | 8. Time (Use 24 Hours) | 9. Entry Number |
|---|---|---|---|

| 10. Detained from: | 11. Seal or Other ID No. |
|---|---|

| Name: | 12. Misc. Nos. |
|---|---|

| Address: | 13. Remarks: |
|---|---|

| Telephone No. ( ) | 14. FPF No. (For CBP Lab Use Only) ☐☐☐☐☐☐☐☐☐☐☐☐ - ☐☐ |
|---|---|

| 15. Point of Contact Information - Send all correspondence to: | 16. Additional Information/Action Request from Importer/Exporter/Subject |
|---|---|

Telephone No. ( )        Fax No. ( )

**17. Reason for Detention:**

**18. Tests or Inquiries to be Conducted:**

### 19. PROPERTY (By Line Item) Attach CBP-58 if conveyance

| a. Line Item No. | b. Description | c. Packages Number | Type | d. Measurement Qty. | UM | e. Est. Dom. Value | f. Samples Sent to the CBP Lab Yes or No | | Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | $ | Yes☐ No☐ | | / / |
| | | | | | | $ | Yes☐ No☐ | | / / |
| | | | | | | $ | Yes☐ No☐ | | / / |
| | | | | | | $ | Yes☐ No☐ | | / / |

**20. Detaining Officer Name**

| Print | Signature | Date |
|---|---|---|

### 21. ACCEPTANCE/CHAIN OF CUSTODY

| a. Line Item No. | b. Description | c. Print Name/Title/Organization | d. Signature | e. Date |
|---|---|---|---|---|
| 1 | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Shipments may be detained for up to 30 days, unless statutory authority or interagency agreement mandates that a longer period of time is required, or the importer/exporter/subject requests a longer detention period through the Port Director.

# EXHIBIT

# [B.]

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
120 MONTGOMERY ST., SUITE 800
SAN FRANCISCO, CA 94104

DATE: January 2, 2008

RE: **NGUYEN, HANH**
FILE: **A# 27-838-994**

TO: RESPONDENT

Please take notice that the above captioned case has been scheduled for a **MASTER** **INDIVIDUAL**
hearing before the Immigration Court on _____ MNZ cH ____ at _____ at:
120 MONTGOMERY STREET 9th FLOOR, COURTROOM 17
SAN FRANCISCO, CA 94104

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.

Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions: (1) You may be taken into custody by the Department of Homeland Security and held for further action. OR (2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Department of Homeland Security established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT SAN FRANCISCO, CA THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33. ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR. IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS." CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A list of free legal service providers has been given to you. For information regarding the status of your case, call toll free 1-800-898-7180 or 703-305-1662.

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:                    MAIL (M)       PERSONAL SERVICE (P)
TO: ☒ ALIEN    [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP        [ X ] DHS
DATE: JAN 2, 2008 _____ BY: COURT STAFF _____ N3
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] **Biometrics Served** [ ] Other

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: **A027 838 994**
Case No: **SFR0708001141**
PIN #: **1063413487**

In the Matter of:

Respondent: **Hanh NGUYEN** _____ currently residing at:

**477 SOUTH 3RD STREET Apt A
SAN JOSE CALIFORNIA 95112** _____   **(408)288-5541**
(Number, street, city state and ZIP code)                              (Area code and phone number)

☑ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

**See Continuation Page Made a Part Hereof**

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

**See Continuation Page Made a Part Hereof**

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
**To Be Determined**
(Complete Address of Immigration Court, Including Room Number, if any)

On **a date to be set**   at **a time to be set**   to show why you should not be removed from the United States based on the
(Date)                                        (Time)

charge(s) set forth above.

Rohamio Chouie Mututo Oby for CBP
(Signature and Title of Issuing Officer)

Date: **NOVEMBER 13, 2007**   San Francisco, CA 94111
(City and State)

### See reverse for important information

Form I-862 (Rev. 3/22/99)N

| Alien's Name | File Number | Date |
|---|---|---|
| Hanh NGUYEN | Case No: SFR0708001141<br>A027 838 994 | November 13, 2007 |

**The Service alleges that you:**

1) You are a citizen of the United States;

2) You are a native and a citizen of Vietnam;

3) You were, on or about November 11, 1986, granted Lawful Permanent Resident status to the United States of America;

4) You were, on or about January 26, 1987, convicted in the Superior Court of California, County of Santa Clara for the Misdemeanor offense of BURGLARY, in violation of Section 459-460.2 of the California Penal Code;

5) You were also, on or about May 12, 1992, convicted in the Superior Court of California, County of Santa Clara for the Misdemeanor offense of PETTY THEFT, in violation of Section 484/488 of the California Penal Code;

6) You were, on or about September 19, 2007, applying for admission as a returning Lawful Permanent Resident at the San Francisco Airport port-of-entry;

7) You were on or about September 19, 2007, issued a parole by Customs and Border Protection;

8) Your parole is hereby revoked as of November 13, 2007.

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:**

Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, as amended, in that you are an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

| Signature | Title |
|---|---|
| | CBPO |

Form I-831 Continuation Page (Rev. 6/12/92)

# EXHIBIT

# [C.]

28 U.S.C. §1746)

I, _____ Quoc Xuong Luu _____, declare under the penalty of perjury that:

am the Plaintiff _____ in the attached matter; I have read the foregoing document(s) and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this _06_ day of _February_, _2008_, at California State Prison / Solano, Vacaville, California.

(Signature) _____ (In Pro. Per.)
                    Declarant  Quoc Xuong Luu

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DECLARATION OF SERVICE BY MAIL

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, Quoc Xuong Luu _____, declare:    That I am a resident of California State Prison / Solano    State of California;  I am over the age of 18 years;  I am/am not a party to the above entitled action;  My address is P.O. Box 4000 /-2504, Vacaville, CA 95696.  I served the attached document(s) entitled:  "MOTION FOR CONSOLIDATE THE CASES UNDER SIMILARLY STATUS & LITIGATION OF PROSECUTION."

on the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison / Solano, in Vacaville, California, addressed as follows:

Immigration Court
120 Montgomery Street, Suite 800
San Francisco, California 94104

Hanh M. Nguyen
477 South 3rd Street, Apt.#A
San Jose, California 95112

United States District Court
Northern District of California
Office of the Clerk
450 Golden Gate Avenue
San Francisco, California 94102

Attorney General Office
450 Golden Gate Avenue
San Francisco, California 94102

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above. I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this _06_ day of _February_, _2008_ at California State Prison / Solano, in Vacaville, California.

(Signature) _____ (In Pro. Per./)
                    Declarant

# EVIDENCE 4

United States District Court
Northern District of California
Office of the Clerk
450 Golden Gate Avenue
San Francisco, California 94102



March 11, 2008

**In re:** Luu v. Immigration & Naturalization Service (I.N.S.), et al.,
United States of America, Real Party in Interest.

Case No.: C-07-2704-JSW (PR)

NAME : Quoc Xuong Luu
CDC #: (P-22522)
Bld.#: (01-250U)
California State Prison - Solano
P.O. Box 4000
Vacaville, California 95696-4000

**To the Clerk whom assign above entitle case,**

On October 15, 2007, Honorable Jeffrey S. White, of
the United States District Judge imposed an ordered of dismissal
with leave to amend and instructions to the clerk and granting leave
to proceed in forma pauperis. (Referred to the court's record docket
no. 4.) On November 12, 2007, Plaintiff of above entitle case filed
an "court ordered amended complaint" of docket no. 4's ordered.
Then on February 06, 2008, Plaintiff submitted an "motion for
consolidate the cases under similarly status & litigation of prosecution"
to the court.

Plaintiff just wonder where above entitle case remedies
within this court's jurisdiction of prosecution. Its been along
time since Plaintiff heard any responses from the court's ruling
or ordering regarding to his amended complaint or motion which were
filed.

Plaintiff take this time appreciate any assistant that
the court could provide regarding to the matter of interest.

Sincerely,

Quoc Xuong Luu

## DECLARATION AND PROOF OF SERVICE BY MAIL

I,  Quoc Xuong Luu      , declare under the penalty of perjury that I am over the age of 18 years, (    ) and not a party, or (XX ) am a party to this action, and reside in Solano County, at P.O. Box 4000, Cell #   1-250U  ) Vacaville, California. 95696-4000.

That on   March     ,    11 , 200 8 . I submitted to custody officials for inspection, sealing and depositing in the United States Mail, consistent with the "Mailbox  Rule"; Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) at the California State Prison-Solano, Vacaville, California. 95696-4000 a copy of the attached hereof:      "Letter"

in a fully prepaid envelope, addressed to:

    United States District Court
    Northern District of California
    Office of the Clerk
    450 Golden Gate Avenue
    San Francisco, California 94102

I declare under the penalty of perjury that the foregoing is true and correct. This declaration was executed on this   March   ,    11   , 200 8 , at CSP-Solano, Vacaville, California. 95696-4000.



DECLARANT